IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br>    Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO. LTD.,<br>HUAWEI DEVICE (DONGGUAN)<br>CO. LTD., AND HUAWEI DEVICE<br>USA, INC.,<br>    Defendants. | CIV. NO. 2:17-CV-00495-RWS-RSP<br><br>JURY TRIAL DEMANDED |

**HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**INTRODUCTION**

This Court should dismiss this action for a simple but sufficient reason: Plaintiff CyWee Group Ltd., a corporation from the British Virgin Islands, filed its complaint without first registering with the Texas Secretary of State. Registration costs a mere $750 and imposes just a few obligations, including maintaining an agent for service of process in Texas, appointing the Texas Secretary of State as a backup agent, and notifying the Secretary of State of any changes to a registrant's name or registered business or activities. Although it requires only minimal obligations and nominal cost, registration with the Secretary of State is no mere formality, but is required by Texas law *before* commencing a lawsuit. CyWee chose to evade this law, and must

now face the consequences: under both clear Texas law and a prior decision of this Court, CyWee cannot maintain this action and the Court should dismiss it.

## BACKGROUND

A.     **Texas' Registration Requirement for Foreign Corporations**

If Texas were a country, its economy would be the tenth largest in the world. *See* Office of the Governor, Go Big in Texas, https://businessintexas.com/why-texas (last visited Oct. 10, 2017). To access this economy, Texas requires foreign corporations to register with the Secretary of State, and to maintain this registration while continuing to operate in Texas. Tex. Bus. Orgs. Code § 9.001. To register with the Secretary, a foreign corporation must provide some basic information about its structure and ownership (Tex. Bus. Orgs. Code § 9.004(b)(1), (2), (5), (10)); the address of its principal office (§ 9.004(b)(8)); and the name and address of its registered office and registered agent as of registration. § 9.004(b)(9). The foreign corporation must also pay a nominal filing fee, currently set at $750. *See* Texas Secretary of State, Foreign or Out-of-State Entities, https://www.sos.state.tx.us/corp/foreign_outofstate.shtml (last visited Oct. 10, 2017). Although these burdens are not onerous, they are significant: by requiring corporations to provide a registered office and registered agent, Texas makes them amenable to service and therefore to suit. Without the registration statute, foreign corporations could conduct business in Texas—or even file suit in Texas, as CyWee has done—without admitting to jurisdiction over them by this Court or any other court.

B.     **Huawei Properly Registered Its Texas Corporation**

In its Second Amended Complaint (the "Complaint," Docket No. 10), CyWee alleges patent infringement by three defendants: Huawei Device Co., Ltd. and Huawei Device (Dongguan) Co. Ltd., which CyWee admits are organized under Chinese law, and Huawei Device USA, Inc. ("Huawei USA"), a Texas corporation. Complaint ¶ 6. As a Texas

corporation, of course, Huawei USA duly registered with the Texas Secretary of State on October 8, 2010, and has maintained that registration since. Ex. 1.

C. **CyWee Failed to Register, as Required, With the Texas Secretary of State**

By its own admission, "CyWee is a corporation existing under the laws of the British Virgin Islands with a principal place of business at 3F, No. 28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan, 10462." Complaint ¶ 2. CyWee is not now and has never been registered to conduct business in Texas. Ex. 2.

## ARGUMENT

I. **The Court Should Dismiss This Action for Lack of Subject Matter Jurisdiction**

CyWee lacked standing to sue in the United States District Court for the Eastern District of Texas at the time of the filing the complaint, and the Court should dismiss the case for lack of subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(b)(1); (h)(3). "Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363-64 (Fed. Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

As a foreign corporation, CyWee must register with Texas under Chapter Nine of the Texas Business and Organizations Code. Tx. Bus. Orgs. Code § 9.001. Without registration, CyWee cannot bring suit within this state, including in this Court:

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter.

Tx. Bus. Orgs. Code § 9.051. CyWee itself claims that this action "arises out of the transaction of business in this state"—specifically alleging that its "causes of action arise directly from

3

Defendants' business contacts and other activities in the State of Texas and the Eastern District of Texas." Complaint ¶ 10. As a result, CyWee had no standing to bring this action without first registering with the Secretary of State. *See, e.g., Terroco Indus. Ltd. v. Am. Home Assur. Co.*, No. 07 Civ. 437, 2009 WL 901488 at *3 (E.D. Tex. Mar. 30, 2009) (analyzing challenge to subject matter jurisdiction under § 9.051); *Radio WHKW, Inc. v. Yarber*, 838 F.2d 1439, 1443 (5th Cir. 1988) ("[W]here a foreign corporation has established a continuing presence in a state for the purpose of doing business within that state, it is fair that the foreign corporation be required to comply with qualification statutes.") The Court should thus dismiss the Complaint in its entirety.

II. **Under This Court's Ruling in *Rockstar v. Samsung*, CyWee Has No Capacity to Maintain This Action, Which the Court Should Therefore Dismiss**

The Court must also dismiss CyWee under its prior ruling in *Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co.*, No. 13-894, 2014 WL 1998053 (E.D. Tex. May 15, 2014). *Rockstar* addressed the same issues as this motion, with one key difference: the plaintiff at issue, MobileStar, was incorporated in Delaware rather than the British Virgin Islands. Otherwise, like CyWee here, MobileStar, failed to register with the Texas Secretary of State before filing suit against several Samsung defendants, which moved to dismiss on this ground. Judge Gilstrap summarized the defendants' argument:

> Though state law may not restrict federal jurisdiction, federal jurisdiction may nonetheless *depend* on state law. For instance, if state law limits the available recovery in a state cause of action to $50,000, a federal court will not have diversity jurisdiction over a single count of such a claim.

> Seen in the best light, then, Samsung's argument is that Mobilestar must have authority to sue under Texas law *before* the Court even arrives at the question of whether Plaintiffs' cause of action arises under federal law. Though framed as a question of standing, the issue is really Mobilestar's *capacity* to sue—whether it is an entity properly able to suffer an injury and obtain a remedy in federal court.

2014 WL 1998053 at *5 (emphasis in original). The Court then explained that "[a]n entity's capacity to sue in federal court is governed by Federal Rule of Civil Procedure 17(b)," and "[u]nder this Rule, a corporation's capacity to sue or be sued is determined by the law under which the corporation was organized." *Id*. Finally, the Court reviewed the law of Delaware—MobileStar's jurisdiction of incorporation—and found that "[u]nder Delaware law, an LLC may sue and be sued in its own name, regardless of the cause of action." *Id.* at *5-6. Thus, the Court concluded, because Delaware law *itself* authorized MobileStar to "sue and be sued in its own name, regardless of the cause of action," Rule 17(b)(2) imported "the law under which it was organized" into Federal Court and gave MobileStar the ability to sue. *Id.*

Under *Rockstar*, the Court must dismiss CyWee's claims in their entirety—because CyWee's jurisdiction of incorporation, unlike Delaware, does *not* allow CyWee to "sue and be sued in its own name, regardless of the cause of action." 2014 WL 1998053 at *5. To the contrary, as set forth in the accompanying affidavit of Andrew Thorp, a partner at Harney Westwood & Riegels and its head of the British Virgin Islands litigation and insolvency practice group, "CyWee is an entity incorporated according to the laws of the British Virgin Islands and specifically the BVI Business Companies Act 2004 ('The Act')," but "[t]here is no provision within the Act that would affect or seek to govern the capacity of a BVI company in good standing to bring an action either within the BVI or abroad. Therefore, if a BVI company seeks to pursue an action abroad, it may do so subject to local law and procedure." Ex. 3 ¶¶ 7-8. Texas' "local law and procedure," of course, includes Tex. Bus. Orgs. Code § 9.051, which requires CyWee to register with the Texas Secretary of State. Because BVI law does not give

CyWee the ability to "sue and be sued in its own name, regardless of the cause of action" that Delaware law gave MobileStar, under this Court's prior ruling in *Rockstar*, it must still dismiss CyWee's claims in their entirety.

CyWee could have avoided this result, of course, simply by registering with the Texas Secretary of State—but CyWee made a strategic choice to avoid registration, and thus to avoid its benefits and burdens. Having made this choice, CyWee must face its consequences.

## **CONCLUSION**

For all the foregoing reasons, the Court should dismiss CyWee's Second Amended Complaint in its entirety.

Dated: October 16, 2017

Respectfully Submitted,

By:   */s/ J. Mark Mann*
    J. Mark Mann
    Texas Bar No. 12926150
    mark@themannfirm.com
    G. Blake Thompson
    Texas Bar No. 24042033
    blake@themannfirm.com
    MANN TINDEL THOMPSON
    300 West Main
    Henderson, Texas 75652
    Telephone: 903.657.8540
    Facsimile: 903.657.6003

    KILPATRICK TOWNSEND &
    STOCKTON LLP
    STEVEN D. MOORE (Lead Counsel) (CA Bar #290875)
    smoore@kilpatricktownsend.com
    KRISTOPHER L. REED (*pro hac pending*)
    kreed@kilpatricktownsend.com
    BENJAMIN M. KLEINMAN-GREEN (*pro hac pending*)
    bkleinman-green@kilpatricktownsend.com
    Two Embarcadero Center, Suite 1900
    San Francisco, CA 94111
    Telephone: 415 576 0200
    Facsimile: 415 576 0300

    Matthew S. Warren
    California Bar No. 230565
    Elaine Y. Chow
    California Bar No.194063
    WARREN LEX LLP
    2261 Market Street, No. 606
    San Francisco, CA 94114
    Telephone: 415.895.2940
    Facsimile: 415.895.2964
    17-495@cases.warrenlex.com

    **ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 16, 2017.

        */s/ J. Mark Mann*
        **J. Mark Mann**