**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CYWEE GROUP LTD.,<br><br>    *Plaintiff,*<br><br>HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC.,<br><br>    *Defendants.* | CASE NO. 2:17-cv-00495-RWS-RSP<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CYWEE GROUP LTD.'S SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Defendants' Reply further underscores the fact that the Motion to Dismiss has no merit. From their tortured reasoning as to what constitutes "transacting business" in Texas to their misguided attempt to impose state law restrictions on purely federal claims, Defendants struggle to present a cogent theory for dismissal. No such theory exists. The Motion to Dismiss is a transparently dilatory tactic, and the Court should summarily deny it so that the parties can move forward with this lawsuit. CyWee briefly responds to the arguments contained in Defendants' Reply as follows:

**A. CyWee Does Not Transact Business in Texas.**

As Defendants necessarily acknowledge, the Texas registration statute is clear—the act of "maintaining or defending an action or suit or an administrative or arbitration proceeding . . . ." does not constitute "transacting business" for purposes of the statute. (Dkt 28 at 1); Tex. Bus. Orgs. Code § 9.251(1). Defendants take the myopic view, however, that any activities inherent (and indeed necessary) in maintaining a lawsuit can somehow constitute transacting business in Texas. (Dkt 28 at 1). According to Defendants, any federal

1

litigant within the geographic boundaries of Texas must register to do business in the state if it has the audacity to hire a Texas lawyer to handle its case, or if it retains an expert who resides in Texas. Not surprisingly, Defendants do not cite any law for this absurd proposition, because there is none. Neither CyWee's status as a plaintiff in a federal lawsuit, nor its activities incident thereto, constitute the transaction of business in Texas.[1] Tex. Bus. Orgs. Code § 9.251(1).

**B. The Statute at Issue Does Not Apply to Federal Claims.**

Even if CyWee transacted business in Texas (it does not), the Texas statute does not bar it from maintaining this lawsuit. Defendants argue that *Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co.*, No. 13-894, 2014 WL 1998053 (E.D. Tex. May 15, 2014) holds that the Texas registration statute can bar a plaintiff from asserting purely federal claims in a federal court. (Dkt 28 at 2). That is a misrepresentation of *Rockstar's* holding. As CyWee explained in its Response, the court in *Rockstar* did not ultimately reach a conclusion about the potential application of the Texas statute at issue, due to the particular facts of that case. The court did, however, make its view of the issue abundantly clear—"it is hard to see how a *federal* court adjudicating an action arising out of *federal* law can be considered a Court 'of' the State of Texas." *Id.* at *2 (emphasis in original). Moreover, Defendants incorrectly assert that CyWee claims that *Rockstar* was "overruled" by *In re Funnel Science Internet Marketing, LLC*, 551 F.R. 262 (E.D. Tex. 2016). On the contrary, that case merely reinforced *Rockstar's* reasoning, and

---

[1] Defendants' new "alternative" request to conduct "jurisdictional discovery" regarding CyWee's activities is as confusing as the rest of its Reply. Defendants have not contested jurisdiction. Rather, Defendants have raised a groundless challenge to CyWee's *capacity* to maintain a lawsuit. *Coastal Liquids Trans., L.P. v. Harris Co. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). The Court should not look outside the pleadings in determining whether the Texas statute requires CyWee to register. *Dallas/Fort Worth Int'l Airport Bd. v. Inet Airport Systems, Inc.*, 2014 WL 309206 at *4 (N.D. Tex. 2014).

squarely addressed the issue here, holding that Section 9.051 cannot operate to bar a purely federal claim in federal court. *Id.* at 281.

Aside from its contorted reading of *Rockstar*, Defendants cite no cases that support their position here. This is not surprising, as federal courts around the country have uniformly held that state statutes like the one at issue cannot bar federal claims brought in federal court.[2] Yet Defendants would have this Court cast aside decades of well-settled authority, which holds that when federal jurisdiction rests on a federal right (as opposed to diversity) "the limitations upon the courts of a state do not control a federal court sitting in the state." *Angel v. Bullington*, 330 U.S. 183, 192 (1947); *see also Erie R.R. v. Tomkins*, 304 U.S. 64, 78 (1938). Because this is a patent case, this Court's jurisdiction arises solely from a federal question, and may not be disturbed by a state registration statute. *ABB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1348 (Fed. Cir. 2011).

**C. Mr. Thorp's Affidavit is Irrelevant.**

Defendants spend much of their Reply defending their B.V.I. legal expert from CyWee's objections to his affidavit. (Dkt. 28 at 4-5). The Court should not consider an affidavit in ruling on a motion to dismiss based on the asserted applicability of the Texas registration statute. *See Dallas/Fort Worth Int'l Airport Bd. v. Inet Airport Systems, Inc.*, 2014 WL 309206 at *4 (N.D. Tex. 2014) (declining to consider defendant's declaration as support for dismissal under Section 9.051). Regardless, Mr. Thorp's affidavit does nothing to bolster

---

[2] *See, e.g., Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 307 (10th Cir. 1971) (holding Oklahoma statute could not bar federal claim); *Lyon v. Quality Courts United, Inc.*, 249 F.2d 790, 793-95 (6th Cir. 1957) (holding state statute could not bar Lanham Act claims); *Leo Feist, Inc. v. Young*, 138 F.2d 972, 973-74 (7th Cir. 1943) (holding copyright infringement claim not barred by state law); *J&J Sports Prods. V. Roses's Dream, Inc.*, 818 F. Supp. 2d 1, 3-4 (D.D.C. 2010) (holding that D.C. statute did not bar claims in federal court); *Lisle Mills, Inc. v. Arkay Infants Wear, Inc.*, 90 F. Supp. 676, 677 (E.D.N.Y. 1950) (holding state statute was inapplicable in to claims by a declaratory judgment patent plaintiff).

Defendants' position, and his interpretation of the plain language of the B.V.I. Business Companies Act is irrelevant. As CyWee detailed in its Response, it does not take an expert to decipher the relevant portions of the B.V.I. laws—a corporation organized under those laws has the "full capacity to carry on or undertake … any act" including, but not limited to, any act necessary to "protect the assets of the company." (Dkt 27, Exhibit A at Part II, Division 4, 28(2)(a), (d)). Completely ignoring those cited provisions, Mr. Thorp simply offers the unhelpful observation that the B.V.I. act does not contain the words "sue or be sued." (Dkt. 28 at 5). Tellingly, Mr. Thorp stops short of offering an opinion that corporations organized under B.V.I. law cannot in fact "sue or be sued," which would be a ridiculous proposition. Here, CyWee is engaging in the act of litigation to protect its assets from Defendants' infringing activities, a function that is unquestionably authorized by the broad powers conferred to corporations organized under B.V.I. laws.

## II. CONCLUSION

For the foregoing reasons, as well as those discussed in CyWee's Response (Dkt. 27), the Court should deny Defendants' Motion to Dismiss CyWee's Second Amended Complaint.

Dated: November 10, 2017

Respectfully submitted,

*/s/ Ari B. Rafilson*
Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso G. Chan (Texas 24012408)
achan@shorechan.com
Christopher Evans (Texas 24058901)
cevans@shorechan.com
Ari B. Rafilson (Texas 24060456)
arafilson@shorechan.com
William D. Ellerman (Texas 24007151)
wellerman@shorechan.com
Paul T. Beeler (Texas 24095432)
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

COUNSEL FOR PLAINTIFF
CYWEE GROUP LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document and accompanying exhibits via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 10, 2017.

*/s/ Ari B. Rafilson*
Ari B. Rafilson