**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:17-cv-00495-RWS-RSP |
| | § | |
| v. | § | |
| | § | |
| HUAWEI TECHNOLOGIES CO., INC., | § | |
| HUAWEI DEVICE USA INC, HUAWEI | § | |
| DEVICE (DONGGUAN) CO LTD, | § | |
| HUAWEI DEVICE CO. LTD, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Huawei argues that Cywee lacks standing to sue in Texas because Cywee is not registered to do business in the state, as required by § 9.051 of the Texas Business Organizations Code. Dkt. No. 21 at 3. The Texas statute prevents a "foreign filing entity or the entity's legal representative" from maintaining "an action, suit, or proceeding in a court of this state . . . on a cause of action that arises out of the transaction of business in this state unless the foreign filing entity is registered in accordance with this chapter." Tex. Bus. Orgs. Code Ann. § 9.051. This statute does not preclude Cywee's lawsuit.

The Texas statute does not apply to lawsuits filed in federal court based solely on a federal cause of action, such as a cause of action based on the patent laws. In the early 1900s, the Supreme Court interpreted a New York door-closing statute, similar to the Texas statute, that precluded a foreign entity which had not registered to do business in the state from suing "in the courts of New York." *David Lupton's Sons Co. v. Auto. Club of Am.*, 225 U.S. 489, 499-500 (1912) (quoting New York statute), *overruled in part on other grounds by Angel v. Bullington*, 330 U.S. 183 (1947). The Supreme Court held that "[t]he state could not prescribe the qualifications of suitors in the

1

courts of the United States, and could not deprive of their privileges those who were entitled under the Constitution and laws of the United States to resort to the Federal courts for the enforcement of a valid contract." *Id.* at 500. The Supreme Court later clarified, after *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), that a door-closing statute such as the one in *Lupton's Sons* could preclude a lawsuit in federal court based on a state law cause of action, for which jurisdiction depended solely on diversity of citizenship, because under the circumstances the federal court is "in effect, only another court of the State." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949) (quoting *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 108 (1945)) (citing *Angel v. Bullington*, 330 U.S. 183 (1947)).

Even setting *Lupton's Sons* aside, and interpreting the Texas door-closing statute in the first instance, it is reasonably clear from the text and purpose of the statute that it only affects lawsuits based on state law causes of action. Unlike in diversity cases, in which state substantive law applies, a federal court adjudicating a federal cause of action is not a court "of" the state of Texas. *See Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co.*, No. 2:13-cv-00894-JRG, 2014 WL 1998053, at *2 (E.D. Tex. May 15, 2014) ("[I]t is hard to see how a federal court adjudicating an action arising out of federal law can be considered a Court 'of' the State of Texas.") (quoting § 9.051); *Yosemite Auto (Shanghai) Co. v. JRS Metals, Inc.*, No. 4:15-cv-1641, 2016 WL 4441543, at *3 (S.D. Tex. Aug. 23, 2016) ("However, this bar does not apply where a federal district court's jurisdiction is not based solely on diversity."). Moreover, the statute excludes "transacting business in interstate commerce," implying that the statute is concerned only with intrastate business from which a state law cause of action might arise. *See* Tex. Bus. Orgs. Code Ann. § 9.251(9); *see also Waggener Paint Co. v. Paint Distributors*, 228 F.2d 111, 113 (5th Cir. 1955) ("[W]hile such statutes are valid, it is because and only because they deal with intrastate

transactions and they do not, and will not be construed to, deal with suits on interstate transactions; and that, if they are so construed, they will not be upheld."); *Radio WHKW, Inc. v. Yarber*, 838 F.2d 1439, 1442-43 (5th Cir. 1988) ("Thus, where the business of the foreign corporation is interstate in nature, a state may not burden such business with state qualification requirements unless the business of the corporation includes a distinct and separable intrastate focus . . . .").

The purpose of the statute compels the same conclusion. In analyzing a predecessor to § 9.051, a court in this Circuit explained that the statute was meant to preclude a foreign corporation that is transacting business in Texas without a certificate of authority from obtaining relief in the courts of Texas on a matter arising out of intrastate business. *Kutka v. Temporaries, Inc.*, 568 F. Supp. 1527, 1532 (S.D. Tex. 1983). The court therefore interpreted the statute to affect suits in a federal court "sitting in diversity." *Id.*; *see also Yosemite Auto (Shanghai) Co. v. JRS Metals, Inc.*, No. 4:15-CV-1641, 2016 WL 4441543, at *3 (S.D. Tex. Aug. 23, 2016). Consistent with this purpose, the court has not found a single case interpreting § 9.051 or any other analogous door-closing statute to preclude an unregistered foreign entity from maintaining an action in federal court based solely on a federal cause of action.

Even if the Texas door-closing statute could affect such lawsuits, it would not affect Cywee's. There is no evidence in the record that Cywee is conducting business in the state of Texas. Filing the lawsuit against Huawei, by itself, is not transacting business. The Texas statute specifies that "activities that do not constitute transaction of business in this state include: (1) maintaining or defending an action or suit . . . ." Tex. Bus. Org. Code § 9.251(1). Huawei argues that hiring lawyers and experts for a lawsuit in the state qualifies as transacting business, *see* Dkt. No. 28 at 1-2, but this argument cannot be squared with § 9.251(1). It would be impossible for a corporate entity "maintain" a lawsuit without hiring lawyer. "It has been the law for the better part

of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Hiring an expert for a lawsuit does not change things. Studies have estimated that experts testify in as much as 86% of civil jury trials. *See, e.g.*, Samuel R. Gross, Expert Evidence, 1991 Wis. L. Rev. 1113, 1119 (1991). It would be illogical to interpret § 9.251(1) to apply only to such a small remainder. Huawei's motion to dismiss should therefore be denied.[1]

**SIGNED this 12th day of March, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days from the entry of this Order shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).