## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> Defendants. | Civil Action No. <br> 2:17-CV-00495-RWS-RSP <br><br> **JURY TRIAL DEMANDED** |

## HUAWEI'S MOTION TO DISMISS
## CYWEE'S THIRD AMENDED COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION………………………………………………………………………………...1

BACKGROUND……………………………………………………………………….……………2

      A.      CyWee's First Three Complaints Include Only Boilerplate
            Allegations of Indirect Infringement…………………………………………...2

      B.      The Western District of Washington Dismisses CyWee's Indirect
            Infringement Claims As Insufficient Under *Twombly* and *Iqbal*………………2

      C.      CyWee Amends its Indirect Infringement Allegations Against HTC…………..4

      D.      To Conserve Judicial Resources, Huawei and CyWee Agreed That
            CyWee Should Amend its Complaint to Correct its Deficient Indirect
            Infringement Allegations……………………………………………………….5

ARGUMENT..……………………………………………………………………………………..7

I.      CyWee Makes No Allegations of Indirect Infringement Whatsoever Regarding
      Four Accused Devices, the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and
      Nexus 6P, And the Court Can and Should Dismiss Those Claims of Indirect
      Infringement..……………………………………………………………………………..7

II.     Even for the Three Accused Devices Against Which CyWee Attempts to Make
      Allegations of Indirect Infringement, Its Allegations Fail Under the Law……………….9

      A.      CyWee Fails to Establish Any Pre-Suit Knowledge of the Asserted Patents…….10

      B.      CyWee Fails To Plead Huawei's Specific Intent to Induce Infringement…...…..10

      C.      CyWee Fails to Sufficiently Allege Infringement by Any Third Party…..……..12

      D.      CyWee's Indirect Infringement Allegations Also Fail Under the
            Standard Set Forth in *CyWee v. HTC*..……………………………...………….12

III.    The Court Should Dismiss CyWee's Claims Without Leave to Amend...………………13

CONCLUSION…………………………………………………………………………………..14

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Clear With Computs., LLC v. Bergdorf Goodman, Inc.*,
    No. 09-0481, 2010 WL 3155888 (E.D. Tex. Mar. 29, 2010)..................................10

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. —, 135 S. Ct. 1920 (2015).........................................................................9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 14-751 (E.D. Tex. 2015)...................................................................................11

*CyWee Grp. Ltd. v. HTC Corp. et al.*,
    No. 17-932 (W.D. Wash. 2017).........................................................................*passim*

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006)............................................................................3, 9

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................13

*In re Bill of Lading Transmission*,
    681 F.3d 1323 (Fed. Cir. 2012).......................................................................7, 9, 10

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008)...............................................................................10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)................................................................................................11

*Minn. Mining & Mfg. Co. v. Chemque, Inc.*,
    303 F.3d 1294 (Fed. Cir. 2002)...............................................................................10

*Norman IP Holdings LLC v. TP-Link Techs. Co.*,
    No. 13-384 (E.D. Tex. 2014)...................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

*Cases (Cont'd)*

*Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
  No. 11-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ....................................................... 9

*Realtime Data LLC v. Morgan Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. 2010) .............................................................................. 9, 12

*Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,
  620 F.3d 465 (5th Cir. 2010) ................................................................................................. 13

*Schiller v. Physicians Res. Grp. Inc.*,
  342 F.3d 563 (5th Cir. 2003) ................................................................................................. 13

*Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
  No. 13-38, 2014 WL 894805 (E.D. Tex. Mar. 3, 2014) ....................................................... 11

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
  No. 12-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013) ................................................... 11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ............................................................................................... 3

## INTRODUCTION

CyWee's fourth complaint in this action suffers from a failing common to the first three: insufficiently pled claims of indirect infringement. CyWee made identical, boilerplate allegations of indirect infringement against Huawei in this action and HTC in the Western District of Washington; after the Court in *CyWee v. HTC* struck CyWee's assertions of indirect infringement against HTC, CyWee admitted that its verbatim allegations here could not suffice, and agreed to amend them—but its amendment served only to expose the weakness of CyWee's threadbare claims. Although the law requires CyWee to assert actual facts plausibly showing that Huawei actually intended for actual customers to infringe the patents-in-suit, CyWee submits no facts whatsoever regarding four of the seven accused products, dooming any claim that Huawei intended its customers to use those products to infringe CyWee's patents. For the remaining three accused products, CyWee at least attempts to bring allegations of indirect infringement, but its attempt does not succeed. Instead of providing the required assertions that Huawei induces customers to perform specific infringing acts, CyWee alleges only that Huawei user guides discuss "motion gestures," gestures that CyWee admits that users and devices can perform without infringing the patents-in-suit. These allegations thus cannot show Huawei's intent to cause infringement, and cannot suffice to support claims of indirect infringement. The Court should therefore dismiss CyWee's claims of indirect infringement.

CyWee has failed to make out these claims in its first through fourth complaints, and there is no reason to expect it will fare better on yet another try. The Court should not give CyWee an unprecedented fifth strike, but should instead dismiss its indirect infringement claims in their entirety without leave to amend.

# BACKGROUND

A.     **CyWee's First Three Complaints Include Only Boilerplate Allegations of Indirect Infringement**

On June 9, 2017, CyWee filed this action, accusing Huawei of directly infringing its U.S. Patents Nos. 8,441,438 (the "'438 patent") and 8,552,978 (the "'978 patent") by selling four specific mobile devices. Docket No. 1 ¶¶ 27, 108. CyWee also alleged that Huawei indirectly infringed its patents, using boilerplate language:

> On information and belief, Huawei indirectly infringes the '438 Patent by inducing others to infringe one or more claims of the '438 Patents through sale and/or use of the '438 Accused Products. On information and belief, at least as a result of the filing of this action, Huawei is aware of the '438 Patents; is aware that its actions with regards to distributors, resellers, and/or end users of the '438 Accused Products would induce infringement; and despite such awareness will continue to take active steps—such as, creating and disseminating the '438 Accused Products and product manuals, instructions, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users—encouraging other's infringement of the '438 Patents with the specific intent to induce such infringement.

*Id*. ¶ 29. CyWee leveled identical claims regarding the '978 patent, changing only the patent number throughout the corresponding paragraph. *See id*. ¶ 110.

CyWee twice amended its complaint in this Court, but each time kept verbatim its boilerplate accusations of indirect infringement. *Compare* Docket No. 8 (1st Am. Compl.) ¶ 29 *with* Docket No. 1 ¶ 29; Docket No. 8 ¶ 110 *with* Docket No. 1 ¶ 110; Docket No. 10 (2d Am. Compl.) ¶ 28 *with* Docket No. 1 ¶ 29; Docket No. 10 ¶ 109 *with* Docket No. 1 ¶ 110.

B.     **The Western District of Washington Dismisses CyWee's Indirect Infringement Claims As Insufficient Under *Twombly* and *Iqbal***

On June 16, 2017, CyWee sued HTC Corporation and HTC America, Inc. ("HTC") in the Western District of Washington. *CyWee Grp. Ltd. v. HTC Corp. et al.*, No. 17-932 (W.D. Wash. 2017), Docket No. 1 (Ex. 1). In *CyWee v. HTC*, as here, CyWee alleged that HTC directly

infringed the '438 and '978 patents. *See id.* ¶¶ 26, 124. CyWee also alleged indirect infringement, using the same boilerplate allegations in its original and first amended complaints against HTC as in its first three complaints here, changing only "HTC" and "Huawei." *Compare CyWee v. HTC*, Docket No. 1 (Orig. Compl.) ¶ 28 *with CyWee v. Huawei*, Docket No. 1 ¶ 29; *CyWee v. HTC*, Docket No. 1 ¶ 126 *with CyWee v. Huawei*, Docket No. 1 ¶ 110; *CyWee v. HTC*, Docket No. 20 (1st Am. Compl) ¶ 28 (Ex. 2) *with CyWee v. Huawei*, Docket No. 1 ¶ 29; *CyWee v. HTC*, Docket No. 20 ¶ 126 *with CyWee v. Huawei*, Docket No. 1 ¶ 110.

HTC moved to dismiss CyWee's indirect infringement claims, arguing that CyWee's boilerplate language failed under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *CyWee v. HTC*, Docket No. 35 (October 26, 2017) (Ex. 3). The Western District of Washington, which is hearing *CyWee v. HTC*, agreed with HTC and dismissed CyWee's indirect infringement claims with leave to amend. *CyWee v. HTC*, Docket No. 60 (March 1, 2018) ("Order Dismissing CyWee Claims") (Ex. 4). The Court held that, because CyWee failed to plead sufficient facts, its allegations failed under the law:

> A claim of indirect infringement "must contain facts plausibly showing that [the defendant] specifically intended their customers to infringe the [patents]." *Bill of Lading*, 681 F.3d at 1339. This scienter standard is demanding because the law is "reluctan[t] to find liability when a defendant merely sells a commercial product suitable for some lawful use." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc). Specific intent can be shown through circumstantial evidence, but "the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

*Id.* at 7. Applying this standard, the Court concluded that, because CyWee failed to plead "sufficient factual allegations regarding HTC's continued actions after HTC learned of the alleged infringement, the court cannot reasonably infer that HTC specifically intended its distributors, resellers, or end users to infringe the Patents-in-suit." *Id.* at 12-13. The Court

furthermore rejected CyWee's argument that citation to user manuals and instruction videos is sufficient: "Although CyWee asserts that HTC continued to create and disseminate product manuals, instructions, and marketing materials, it offers no specific details about those promotional and instructional materials." *Id*. at 11.

C.  **CyWee Amends its Indirect Infringement Allegations Against HTC**

CyWee filed a second amended complaint against HTC. *CyWee v. HTC*, Docket No. 61 (March 9, 2018) (Ex. 5). There, CyWee inserted factual allegations regarding HTC's promotional and instructional materials, which it alleged support its claims for indirect infringement of the claimed inventions in its asserted patents:

> HTC provides manuals and instructions for the '438 Accused Products and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products **in ways that practice the claimed invention. For instance, HTC provides user guides for each of the Accused Products, and those user guides describe how to use HTC's "Motion Launch" feature, which is a feature that gives users the ability to use motion combined with other gestures to perform various device functions**.

*Id*. ¶ 115 (emphasis added); *see also id*. ¶¶ 116-17 and 172-74. CyWee also added specific factual allegations regarding HTC's instructional videos, again attempting to tie those resources to the claimed inventions at issue, and allegations that HTC disseminated them with knowledge of the asserted patents:

> HTC's online customer support documents also instruct consumers on methods for using the Motion Launch features as well as motion gestures for the Accused Products. The documents describe how Motion Launch enables users to use a device's orientation to wake the device up to the lock screen, to unlock the device, to wake the device to the home widget panel, to wake the device to "HTC BlinkFeed," and to use motion sensing to launch the device camera. The documents describe how to use motion sensing technology to lift the device in order to answer a call, to flip the device over to mute a call, and to raise the device in order to lower ring volume. HTC has also released a tutorial video, linked to its support page, which demonstrates the functionality of the Motion Launch feature. And HTC's online FAQ page provides instructions to users which confirm that certain motion gestures are required in order to utilize the Motion

> Launch functionality. These instructional and support materials, among others, demonstrate that HTC actively induces users to operate their products in ways that practice the claimed invention. Notably, the HTC U11 Life, and its corresponding User Guide and support materials, were not released until November 3, 2017, almost five months *after* the initial filing of this lawsuit.

*Id*. ¶ 117 (citations omitted). For each accused HTC device, CyWee provided citations to the device's user manual pinpointing the sections it asserted supported its claims of indirect infringement. *See id*. ¶¶ 26, 27, 128, 129 (defining the '438 and '978 accused products); *see also id*. ¶¶ 115, 116, 172, 173 (citing to relevant excerpts of user guides for each accused product).

**D.    To Conserve Judicial Resources, Huawei and CyWee Agreed That CyWee Should Amend its Complaint to Correct its Deficient Indirect Infringement Allegations**

Recognizing the importance of the ruling in *CyWee v. HTC*, and seeking to relieve this Court of unnecessary motion practice, in a letter of April 6, 2018, Huawei proposed that CyWee amend its second amended complaint to remedy its insufficient allegations of indirect infringement. Ex. 6. Following discussions between them, CyWee and Huawei agreed that CyWee would "file a third amended complaint in order to include further detail regarding its allegations of indirect infringement," and that Huawei "need not respond to the second amended complaint, and shall respond to the third amended complaint by Friday, June 1, 2018." Docket No. 53. The Court granted the parties' joint motion the following day. Docket No. 54.

On May 11, 2018, CyWee filed its third amended complaint. Docket No. 62 ("3d Am. Compl."). In this current complaint, CyWee levels allegations of infringement against seven accused products: Honor 8, Mate 9, Mate 10, Mate 10 Porsche, Mate 10 Pro, MediaPad M2 10.0, and Nexus 6P. *Id*. ¶¶ 26, 162. For each of the two patents-in-suit, CyWee first repeats the boilerplate allegations of indirect infringement that appeared in its first three complaints. *Id*. ¶¶ 28, 164. It then adds four additional paragraphs for each patent:

> Huawei's actions with regards to distributors, resellers, and/or end users of the '438 Accused Products induce infringement of the patent by others, and Huawei is aware that its actions induce infringement. Despite such awareness, Huawei continues to take active steps—such as creating and disseminating the '438 Accused Products, and product manuals, instructions, support materials, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users—encouraging others to infringe the '438 Patent with the specific intent to induce such infringement.
>
> Huawei provides manuals and instructions for the '438 Accused Products and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention. For instance, Huawei provides user guides for each of the '438 Accused Products, and those user guides describe how to "[u]se simple gestures to control your phone." Exhibit D at 136 (Huawei Honor 8 User Guide). Among other things, the user guides teach the use of motion gestures, which depend upon device orientation, to perform functions such as muting sounds and disabling vibrations for incoming calls, alarms, and timers by flipping the device up and back down, reducing the volume of the ringtone for incoming calls, alarms, and timers by picking up the device, answering incoming calls and/or switching to earpiece mode by raising the device to your ear, moving icons on the screen of the device by tilting the device, and changing the orientation of photographs displayed on the screen of the device by rotating the device. *See, e.g.*, Exhibit D at 136-37; Exhibit E at 54-55 (Huawei Mate 9 User Guide); Exhibit F at 76 (Huawei Mate 10 Pro User Guide).
>
> Additionally, during its keynote presentation of the Huawei Mate 10 Pro at the 2018 International Consumer Electronics Show in Las Vegas, Huawei specifically emphasized and advertised the VR capabilities of the Huawei Mate 10 Pro. Exhibit G (Image for 2018 CES Huawei Keynote). And Huawei continues to induce infringement by end-users by advertising the VR capabilities of the Huawei Mate 10 Pro on its website. See https://consumer.huawei.com/content/dam/huawei-cbg-site/other/us/mkt/pdp/-phones/huawei-mate-10-pro/media/180111_Huawei_LasVegas_PK_V01.mp4 (last visited May 8, 2018).
>
> Huawei has continued to instruct end-users of the '438 Accused Products to operate those products in ways that practice the claimed invention even after being put on actual notice of the infringement of the '438 Patent. CyWee believes that discovery, which is ongoing, will reveal even more facts demonstrating HTC's induced infringement of the '438 Patent.

3d Am. Compl. ¶¶ 148-151. Again, CyWee makes identical claims regarding the '978 patent,

changing only the patent number throughout the corresponding paragraphs. *See id.* ¶¶ 221-224.

Of these four new paragraphs, only two contain new allegations. The first paragraph

restates CyWee's previous boilerplate language using different words. *Compare* 3d Am. Compl.

¶ 28 *with id.* ¶ 148. The last paragraph merely accuses Huawei of continuing infringement—an allegation CyWee made in its first three complaints (*see* Docket No. 1 ¶ 29; Docket No. 8 ¶ 29; Docket No. 10 ¶ 28) and expresses its hope that discovery will reveal "even more facts." *Id.* ¶ 151. In the two middle paragraphs, CyWee provides exhibits and makes allegations regarding only three of the seven accused products, the Honor 8, Mate 9, and Mate 10 Pro. *Id.* ¶¶ 149, 150. CyWee provides neither exhibits nor allegations regarding indirect infringement for the remaining four products, the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and the Nexus 6P.

## ARGUMENT

I. **CyWee Makes No Allegations of Indirect Infringement Whatsoever Regarding Four Accused Devices, the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P, And the Court Can and Should Dismiss Those Claims of Indirect Infringement**

To support a claim of indirect infringement, CyWee's allegations "must contain facts plausibly showing" that Huawei "specifically intended their customers to infringe" the asserted patents. Order Dismissing CyWee Claims at 7 (quoting *In re Bill of Lading Transmission*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). CyWee provides alleged facts regarding only three accused devices—the Honor 8, Mate 9, and Mate 10 Pro—and ignores the other four accused devices, the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P devices. 3d Am. Compl. ¶ 149. CyWee states that "Huawei provides user guides for each of the '438 Accused Products, and those user guides describe how to '[u]se simple gestures to control your phone.'" *Id.* (quoting *id.* Ex. D at 136, Huawei Honor 8 User Guide). In support of this statement, however, CyWee cites only one manual for one accused product. *Id.* Ex. D. CyWee does not anywhere cite Huawei's user guides for the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P devices, and it cannot: this language does not appear in the user guides for those products.

Next, CyWee makes the vague assertion that "the user guides teach the use of motion gestures, which depend upon device orientation, to perform" various functions. 3d Am. Compl. ¶ 149 (citing Exs. D-F). Even if these vague assertions were sufficient under *Twombly* and *Iqbal*—and they are not, *see infra* § II—they would apply only to the Honor 8, Mate 9, and Mate 10 Pro products, as CyWee cites and includes manuals for only those products. *Id.*

Finally, CyWee asserts that "during its keynote presentation of the Huawei Mate 10 Pro at the 2018 International Consumer Electronics Show in Las Vegas, Huawei specifically emphasized and advertised the VR capabilities of the Huawei Mate 10 Pro," and continues to induce infringement by hosting a video of this keynote on its website. 3d Am. Compl. ¶ 150. Again, these assertions are insufficient under *Twombly* and *Iqbal*, *see infra* § II—but at most they apply to *one device*, the Huawei Mate 10 Pro. Indeed, the speech and video describe the Huawei Mate 10 Pro as "The *First* VR with Immersive IMAX Cinema Experience," showcasing *new features*, which by definition were not available on  other, older devices, thus refuting any assertion by CyWee that its allegations regarding the Mate 10 Pro could apply to any other accused devices. *Id.* (citing https://consumer.huawei.com/content/dam/huawei-cbg-site/other/us/mkt/pdp/phones/huawei-mate-10-pro/media/180111_Huawei_LasVegas_PK_V01.mp4).

In sum, for the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P devices, CyWee has failed to provide the required "facts plausibly showing" that Huawei "specifically

intended their customers to infringe" the asserted patents by using these products. Order Dismissing CyWee Claims at 7 (quoting *In re Bill of Lading*, 681 F.3d at 1339); *see also, e.g.*, *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (collecting cases) ("The intent requirement for inducement requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement."). To the contrary, CyWee has failed to provide *any* alleged factual support for its claims of indirect infringement against the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P. The Court should thus dismiss CyWee's allegations of indirect infringement against those products in their entirety.

## II. Even for the Three Accused Devices Against Which CyWee Attempts to Make Allegations of Indirect Infringement, Its Allegations Fail Under the Law

"In contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. —, 135 S. Ct. 1920, 1926 (2015) (internal quotation marks omitted). Under this standard, plaintiffs must "identify a direct infringer and identify which methods or systems indirectly infringe the patent-in-suit" in their complaints. *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539-40 (E.D. Tex. 2010) (dismissing indirect infringement claims accusing "data compression products and/or services"). "[C]ases involving 'more nebulous, less tangible inventions such as computer software methods' may require a higher degree of specificity to provide proper notice to the defendant." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 11-0229, 2012 WL 9864381, at *4 (E.D. Tex. July 27, 2012). This Court has "high expectations of a plaintiff's preparedness before it brings suit," and will dismiss indirect infringement claims that "simply fail[ ] to inform Defendants as to what

they must defend." *Clear With Computs., LLC v. Bergdorf Goodman, Inc.*, No. 09-0481, 2010 WL 3155888, at *4 (E.D. Tex. Mar. 29, 2010). Under this standard, CyWee has failed to plead facts of induced infringement sufficient to survive a motion to dismiss.

### A. CyWee Fails to Establish Any Pre-Suit Knowledge of the Asserted Patents

At a minimum, "[l]iability under § 271(b) requires knowledge that the induced acts constitute patent infringement." *In re Bill of Lading,* 681 F.3d at 1339. CyWee's third amended complaint alleges that Huawei became aware of the asserted patents "at least as a result of the filing of this action," but does not allege that Huawei knew of the patents-in-suit any earlier than that. 3d Am. Compl. ¶ 28. Despite this omission, CyWee points to Huawei user guides for the Honor 8 and Mate 9, both of which predate the filing of this action. *Id*. ¶ 149. CyWee also accuses Huawei of indirect infringement regarding the Nexus 6P, which was discontinued in autumn 2016, well before CyWee filed this action on June 9, 2017. CyWee thus fails to allege facts sufficient to support any claim of induced infringement prior to the filing of this action, and the Court should dismiss CyWee's indirect infringement claims regarding any pre-suit conduct. *See Norman IP Holdings, LLC v. TP-Link Techs. Co.*, No. 13-384, Docket No. 134, slip op. at 5 (E.D. Tex. Mar. 5, 2014) (Love, M.J., adopted by Davis, J., Docket No. 147) (granting motion to dismiss induced infringement claim as to pre-suit knowledge where complaint failed to allege defendant's knowledge of patents prior to the filing of the complaint).

### B. CyWee Fails To Plead Huawei's Specific Intent to Induce Infringement

To show induced infringement, a patentee must prove "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir.

2002). The "evidence must prove something *more* than the defendant's knowledge that its products may be used for infringement"; without such evidence, "a defendant is not liable for induced infringement." *Tierra Intelectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 13-38, 2014 WL 894805, at *4 (E.D. Tex. Mar. 3, 2014). In other words, a patentee must prove that the defendant affirmatively intended to cause *infringement*, and not just the allegedly induced acts. *Id*.

CyWee's allegations regarding Huawei's instructional materials do not support a reasonable inference that Huawei possessed this required specific intent, a required element of this claim. CyWee alleges that Huawei user guides "teach the use of motion gestures," 3d Am. Compl. ¶ 149, but this allegation cannot establish specific intent because, as CyWee acknowledges, users and devices can perform motion gestures in a non-infringing manner. *Id.* ¶¶ 23, 159 (confirming that each patent-in-suit "is not intended to, and does not, claim every possible means of detecting, measuring, and calculating motion within a spatial reference frame"). The Supreme Court and this Court recognize that "ordinary acts incident to product distribution, such as offering customers technical support or product updates," will not by themselves support liability for inducement. *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005); *see also Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 14-751, Docket No. 60, slip op. at 7 (E.D. Tex. June 3, 2015) (Love, M.J., adopted by Gilstrap, J., Docket No. 81) ("failing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue, or how the instructions direct customers to use those products in an infringing manner, falls short of satisfying Rule 8's notice requirement."); *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 12-366, 2013 WL

8482270, at *4 (E.D. Tex. Mar. 6, 2013) (allegations that a defendant "'supplies' infringing systems and components and provides 'instructions' to its customers who allegedly infringe do not create a reasonable inference of inducement"). Under this standard, CyWee's bare allegation that Huawei user guides "teach the use of motion gestures" cannot establish specific intent as a matter of law, and the Court should dismiss them.

        **C.    CyWee Fails to Sufficiently Allege Infringement by Any Third Party**

Induced infringement requires that alleged acts of inducement lead to actual infringement. *Realtime Data LLC*, 721 F. Supp. 2d at 539-40. Courts evaluating claims for indirect infringement require that plaintiffs "identify which methods or systems indirectly infringe the patent-in-suit." *Id*. CyWee makes no such allegations here.

CyWee fails to identify which (if any) specific "motion gestures" it believes infringe which claims or even which patents, instead pointing to a list of generic motion gestures that users may or may not perform. 3d Am. Compl. ¶ 149. Notably, CyWee's allegations regarding induced infringement of the '438 and '978 patents are *identical*, although, of course, the limitations of the asserted claims of those patents are not. *Id*. Because CyWee does not identify any specific allegedly infringing Huawei features or explain how Huawei's user guides instruct consumers to perform gestures in an infringing manner, its allegations of indirect infringement also fail for this reason.

        **D.    CyWee's Indirect Infringement Allegations Also Fail Under the Standard Set Forth in *CyWee v. HTC***

CyWee knows how to allege required facts when those facts exist, as illustrated by its amended allegations in *CyWee v. HTC*, compared to which CyWee's allegations in this action are thin gruel. In *CyWee v. HTC*, CyWee points to specific facts for each accused product; here,

CyWee provides those facts for only three of the seven products accused. *See supra* § I. In *CyWee v. HTC*, CyWee points to specific functionality it alleges consumers use to infringe, including HTC's "Motion Launch"; here, CyWee makes vague assertions about "motion gestures" and "virtual reality," which CyWee does not—and cannot—purport to have patented. Huawei has not investigated CyWee's claims against HTC and cannot know if they are sufficient, but they do show that CyWee's claims in this action are paltry in comparison. Had CyWee uncovered more or better facts to support its indirect infringement claims against Huawei, it would have included them. It did not—likely because it cannot—and the Court should accordingly dismiss CyWee's indirect infringement allegations for this reason as well.

### III. The Court Should Dismiss CyWee's Claims Without Leave to Amend

"The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). As the Supreme Court has noted, "repeated failure to cure deficiencies by amendments previously allowed" can justify denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, e.g., Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566-67 (5th Cir. 2003) (finding no abuse of discretion where a district court denied leave to amend after dismissing third amended complaint, concluding that "Plaintiffs have stated their best case after four bites at the apple" and "permitting a fifth pleading attempt would be an inefficient use of the parties' and the court's resources, would cause unnecessary and undue delay, and would be futile."). This is just such a case. Like the plaintiffs in *Schiller*, CyWee has already had four bites at the apple, including its most recent Third Amended Complaint, filed specifically to address its indirect infringement

allegations after Huawei specifically informed CyWee of its deficiencies and jointly moved with CyWee to give CyWee leave to amend. Under the Docket Control Order governing this action, Docket No. 57, CyWee was to amend its pleadings no later than last Friday, May 25, 2018. CyWee failed to provide sufficient amendments in time, and its allegations still fall short. CyWee's continued inability to allege a specific theory of indirect infringement—despite having tried four times—demonstrates it has no viable theory against Huawei, making any amendment futile. The Court should dismiss CyWee's indirect infringement claims without leave to amend.

## **CONCLUSION**

For all the foregoing reasons, the Court should dismiss CyWee's allegations of indirect infringement, without leave to amend.

Date: June 1, 2018            Respectfully submitted,

 _/s/ J. Mark Mann_
 J. Mark Mann
 TX Bar No. 12926150
 mark@themannfirm.com
 G. Blake Thompson
 TX Bar No. 24042033
 blake@themannfirm.com
 MANN TINDEL THOMPSON
 300 West Main Street
 Henderson, Texas, 75652
 +1 (903) 657-8540
 +1 (903) 657-6003 facsimile

 Steven D. Moore (CA Bar No. 290875)
 Kristopher L. Reed (CA Bar No. 235518)
 Benjamin M. Kleinman-Green
 (CA Bar No. 261846)
 huaweicywee@kilpatricktownsend.com
 KILPATRICK TOWNSEND & STOCKTON LLP
 Two Embarcadero Center, Suite 1900
 San Francisco, California, 94111

+1 (415) 576-0200
+1 (415) 576-0300 facsimile

Matthew S. Warren (CA Bar No. 230565)
Elaine Y. Chow (CA Bar No.194063)
(admitted pro hac vice)
WARREN LEX LLP
17-495@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.*

## CERTIFICATE OF SERVICE

    I certify that on June 1, 2018, I served the foregoing by notice of electronic filing on counsel of record registered as CM/ECF users.

                                              */s/ J. Mark Mann*
                                              J. Mark Mann