**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:17-CV-00495-WCB-RSP |
| HUAWEI DEVICE CO. LTD., | ) | |
| HUAWEI DEVICE (DONGGUAN) | ) | |
| CO. LTD., AND HUAWEI DEVICE | ) | |
| USA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**HUAWEI'S REPLY IN SUPPORT OF ITS**
**MOTION TO DISMISS CYWEE'S THIRD AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………………………... 1

ARGUMENT……………………………………………………………………………………...1

I.      CyWee Admits That It Failed to Allege Indirect Infringement Regarding
Four Accused Devices; This Omission is Fatal, and Dooms Those Claims………………1

II.     CyWee Admits That Huawei Learned of the Patents Only After Litigation,
But Improperly Bases Its Indirect Infringement Claims on Pre-Litigation Facts………....3

III.    CyWee Admits That It Failed to Plead Specific Intent to Induce Infringement,
Insisting Instead That Its Vague References to "Motion Gestures" Are Enough…..……..3

V.     The Court Should Dismiss CyWee's Claims Without Leave to Amend…………...……...5

CONCLUSION…………………………………………………………………………………....5

## TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Alacritech Inc. v. CenturyLink, Inc.*,
 No. 16-693, 2017 WL 4230582 (E.D. Tex. Sept. 4, 2017)....................................................4

*Biosonix, LLC v. Hydrowave, LLC*,
 No. 16-139, 2016 WL 9229848 (E.D. Tex. Aug. 10, 2016)............................................. 2, 4

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
 No. 13-507, 2015 WL 11118110 (E.D. Tex. Mar. 27, 2015)........................................... 2, 4

*Chamberlain Grp., Inc. v. Skylink Techs., Inc.*,
 381 F.3d 1178 (Fed. Cir. 2004).......................................................................................... 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. —, 135 S. Ct. 1920 (2015)...................................................................................1

*Corydoras Techs., LLC v. Apple Inc.*,
 Nos. 16-538, 16-687, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016)..................................4

*Dynamic Hosting Co. LLC v. Google, Inc.*,
 No. 14-1067, 2015 WL 13469639 (E.D. Tex. Aug. 24, 2015)........................................ 2, 4

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
 No. 15-1202, 2016 WL 1643315 (E.D. Tex. Apr. 26, 2016)........................................... 2, 4

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
 No. 16-52, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017)................................................. 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
 681 F.3d 1323 (Fed. Cir. 2012)........................................................................................ 1

*IPYX Patent Holdings, Inc. v. IXC, Inc.*,
 No. 11-594, 2013 WL 12151482 (E.D. Tex. June 25, 2013)...........................................2, 4

*Mobile Telecomm. Techs., LLC v. Amazon.com, Inc.*,
 No. 13-883, 2014 WL 10418271 (E.D. Tex. Aug. 26, 2014)......................................... 2, 4

# TABLE OF AUTHORITIES

**Page(s)**

*Cases (Cont'd)*

*Opticurrent, LLC v. Power Integrations, Inc.*,
　　No. 16-325, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016)...................................................... 4

*PanOptis Patent Mgmt. LLC v. BlackBerry Corp.*,
　　No. 16-59, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017)........................................................ 4

*Personal Audio v. Google, Inc.*,
　　No. 15-350, 2017 WL 4837853 (E.D. Tex. May 15, 2017)....................................................4

*Salazar v. HTC Corp.*,
　　No. 16-1096, 2018 WL 1310007 (E.D. Tex. Feb. 14, 2018).................................................. 4

*Script Sec. Sols. LLC v. Amazon.com, Inc.*,
　　170 F. Supp. 3d 928 (E.D. Tex. 2016).................................................................................4

*Soverain Software LLC v. Oracle Corp.*,
　　No. 12-141, 2014 WL 12619817 (E.D. Tex. Mar. 21, 2014)............................................2, 4

*Takeda Pharms v. West-Ward Pharm.*,
　　785 F. 3d 625 (Fed. Cir. 2015)........................................................................................... 4

*Uniloc USA, Inc. v. Avaya Inc.*,
　　No. 15-1168, 2016 WL 7042236 (E.D. Tex. May 13, 2016)............................................2, 4

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
　　Nos. 16-992, 16-989, 2017 WL 3721064 (E.D. Tex. May 15, 2017)................................. 4

*ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*,
　　No. 14-203, 2015 WL 1456448 (E.D. Tex. Mar. 30, 2015)............................................2, 4

*ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*,
　　No. 14-203, 2015 WL 1456540 (E.D. Tex. Mar. 30, 2015)............................................2, 4

**INTRODUCTION**

As Huawei explained in its motion, the Court need only consider a few facts to conclude that CyWee failed to allege indirect infringement:  CyWee submitted allegations regarding only three of the seven accused devices; alleged no pre-suit knowledge of the patents but relied almost entirely on allegations of pre-suit conduct; and, for all products, including the *one* for which it has alleged post-suit conduct, asserted that Huawei induced infringement by promoting "motion gestures" and "virtual reality," which CyWee admits it has not patented.  Seeking to muddy these clear waters, CyWee submits an overlength opposition brief that admits each of these failings but argues that they do not matter.  In each case, however, CyWee is wrong; the law requires more, and the Court should therefore dismiss CyWee's indirect infringement claims.

**ARGUMENT**

**I.     CyWee Admits That It Failed to Allege Indirect Infringement Regarding Four Accused Devices; This Omission is Fatal, and Dooms Those Claims**

As Huawei explained in its motion to dismiss, to survive the pleading stage CyWee's "amended complaints must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [patents-in-suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *see Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. —, 135 S. Ct. 1920, 1926 (2015); Mot. at 7-11.  For four of the seven accused products—the Mate 10, Mate 10 Porsche, MediaPad M2 10.0, and Nexus 6P—CyWee did not even try to show this element of indirect infringement, a failure fatal to its claims against those products.  Mot. at 7-9.

Again, CyWee contests none of this, arguing instead that it need not meet the *Bill of Lading* standard if it "pleads facts sufficient to allow an inference" that it could.  CyWee cites no

Federal Circuit law to support its new concept of inferential indirect infringement, and its citations from this Court provide it no help.[1]  Undeterred, CyWee piles inference on inference, arguing that, "drawing every reasonable inference in CyWee's favor," it has "pled facts supporting a reasonable inference" of induced infringement.  Opp. at 13.  CyWee cites no cases whatsoever to support this theory of double inferential indirect infringement, nor can it.  *Id.*  Even if CyWee's standard were correct, the Court should still dismiss its claims against the four products because, as Huawei noted in its motion, the Court cannot draw a "reasonable inference in CyWee's favor."  Opp. at 7.  The only language CyWee cites to show indirect infringement of the three products *does not appear* in the user guides for the other four accused products, for which CyWee submitted nothing.  *Id*.  CyWee nowhere addresses this point, but argues that it should be excused from alleging specific intent to induce specific infringement as to the four products.  But the law requires these allegations, as the court recognized in the HTC case, and, although CyWee eventually made such allegations against HTC, it again failed to do so here.[2]

---

[1] *Biosonix, LLC v. Hydrowave, LLC*, No. 16-139, 2016 WL 9229848, at *4 (E.D. Tex. Aug. 10, 2016) (accusing a single product of infringing a single patent, thus requiring no inference); *Uniloc USA, Inc. v. Avaya Inc.*, No. 15-1168, 2016 WL 7042236, at *4 (E.D. Tex. May 13, 2016) (providing product-by-product analysis and step-by-step instructions on how to infringe for each product); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 15-1202, 2016 WL 1643315, at *5 (E.D. Tex. Apr. 26, 2016) (same as *Biosonix*); *Dynamic Hosting Co. LLC v. Google, Inc.*, No. 14-1067, 2015 WL 13469639, at *2 (E.D. Tex. Aug. 24, 2015) (alleging infringement by a single accused product); *ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 14-203, 2015 WL 1456540, at *3 (E.D. Tex. Mar. 30, 2015) (addressing sufficiency of allegations based on knowledge of patents); *ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 14-203, 2015 WL 1456448, at *3 (E.D. Tex. Mar. 30, 2015) (same); *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 13-507, 2015 WL 11118110, at *3-4 (E.D. Tex. Mar. 27, 2015) (addressing sufficiency of allegations based on defendants' knowledge of patents through standards-setting organization); *Mobile Telecomm. Techs., LLC v. Amazon.com, Inc.*, No. 13-883, 2014 WL 10418271, at *1-2 (E.D. Tex. Aug. 26, 2014) (citing specific functionality and specific components to support indirect infringement allegations); *Soverain Software LLC v. Oracle Corp.*, No. 12-141, 2014 WL 12619817, at *4 (E.D. Tex. Mar. 21, 2014) (identifying specific components and infringing functionalities on a website-by-website basis in Complaint at Docket No. 40); *IPYX Patent Holdings, Inc. v. IXC, Inc.*, No. 11-594, 2013 WL 12151482, at *3 (E.D. Tex. June 25, 2013) (accusing a single product feature of infringing a single patent).

[2] Desperate to avoid comparison between its complaints against Huawei and HTC, CyWee asserts that this Court can ignore the HTC case because "[r]egional circuit law applies to motions to dismiss."  Opp. at 14.  But CyWee confuses the overall standard of review with the patent-specific issue of pleading induced infringement, which falls firmly under Federal Circuit law.  *See, e.g., Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1189 (Fed. Cir. 2004) ("Federal Circuit jurisdiction depends on whether the plaintiff's complaint as amended raises

**II.** **CyWee Admits That Huawei Learned of the Patents Only After Litigation, But Improperly Bases Its Indirect Infringement Claims on Pre-Litigation Facts**

CyWee admits that it "has not made any claim for pre-suit induced infringement," Opp. at 11, but nevertheless seeks to support its allegations of *post*-suit inducement with *pre*-suit facts: user guides for the Honor 8 and Mate 9, which Huawei published before CyWee's original complaint, when CyWee admits that Huawei had no knowledge of the patents.  *Id.*  That leaves CyWee with allegations supported by post-suit facts against just one product:  the Mate 10 Pro, which Huawei released after this action, and for which it published a manual.[3]  CyWee contests none of this, instead arguing only that "acts can have an ongoing basis" and that merely "***continuing*** to provide" pre-suit manuals is sufficient to support indirect infringement.  Opp. at 11.  CyWee cites nothing to support this claim, which does not allege the required *specific* intent to induce infringement of *specific* patents.  Mot. at 10-12.  CyWee's unsupported position would have the perverse effect of elevating the import of pre-knowledge materials even where a patentee admits no pre-suit knowledge.  This is not and cannot be the law.

**III.** **CyWee Admits That It Failed to Plead Specific Intent to Induce Infringement, Insisting Instead That Its Vague References to "Motion Gestures" Are Enough**

CyWee's accusations of direct infringement concern specific algorithms CyWee calls "sensor fusion," 3d Am. Compl., Exs. A, B, but its allegations of indirect infringement assert only that Huawei user guides "teach the use of motion gestures."  *Id.* ¶¶ 149, 222.  This

---

patent law issues").  In any event, CyWee fails to show any difference between the Fifth and Ninth Circuits' standards of review governing motions to dismiss.

[3] CyWee also briefly mentions a presentation at a Mate 10 Pro launch event by the CEO of Huawei's Consumer Business Group, Richard Yu, on January 9, 2018, available at https://consumer.huawei.com/content/dam/ huawei-cbg-site/ther/us/mkt/pdp/phones/huawei-mate-10-pro/media/180111_Huawei_LasVegas_PK_V01.mp4. *See* 3d Am. Compl. ¶¶ 150, 223.  The relevant snippet of this presentation was just under five seconds long (1:58 to 2:03), included only the spoken and displayed words "The First VR with Immersive IMAX experience," and fell between an announcement of a partnership with Mont Blanc pens and an endorsement by actress Gal Godot.  This five-second snippet cannot show Huawei's specific intent for customers to do *anything*, let alone infringe a patent.

allegation cannot support specific intent because, as CyWee admits, users can perform motion

gestures in a non-infringing manner—and because CyWee does not even allege that these

"motion gestures" even use the accused "sensor fusion" functionality. Mot. at 11. Once again,

CyWee contests none of this, arguing only that its allegations are sufficient. They are not.

First, CyWee argues that it did not need to allege that Huawei's user guides teach

*anything*, because "this Court has held in a multitude of cases that allegations that a defendant

markets and provides accused devices to customers support an inference of specific intent."

Opp. at 9. But none of the cases CyWee cites support this view; instead, as they must, each case

required assertion of specific intent for customers to infringe specific patents-in-suit.[4] These

cases correctly implement the rule that "there is no indirect infringement when a defendant

---

[4] *Salazar v. HTC Corp.*, No. 16-1096, 2018 WL 1310007, at *2 (E.D. Tex. Feb. 14, 2018) (relying on plaintiff's willfulness allegations to support inducement); *Alacritech Inc. v. CenturyLink, Inc.*, No. 16-693, 2017 WL 4230582, at *2 (E.D. Tex. Sept. 4, 2017) (alleging defendant "sets up and/or operates equipment for its customers" to cause them to infringe); *Personal Audio v. Google, Inc.*, No. 15-350, 2017 WL 4837853, at *7-8 (E.D. Tex. May 15, 2017) (alleging a contractual relationship between the defendant and their customer, as well as specific accused functionality and instructions for how to infringe); *Uniloc USA, Inc. v. Motorola Mobility LLC*, Nos. 16-992, 16-989, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017) (alleging defendants provided specific instructions to customers teaching them how to use their products to infringe); *PanOptis Patent Mgmt. LLC v. BlackBerry Corp.*, No. 16-59, 2017 WL 780885, at *5 (E.D. Tex. Feb. 10, 2017) (alleging defendant "installed and configured" infringing products for third parties); *Corydoras Techs., LLC v. Apple Inc.*, Nos. 16-538, 16-687, 2016 WL 9242435 at *2 (E.D. Tex. Nov. 23, 2016) (alleging defendant specifically instructed customers how to infringe); *Opticurrent, LLC v. Power Integrations, Inc.*, No. 16-325, 2016 WL 9275395, at *3 (E.D. Tex. Oct. 19, 2016) (alleging defendant provided "product briefs, specification sheets and/or instructions" explaining how to specifically implement the products in an infringing way); *Biosonix*, *supra*, at *4 (providing instructions to customers for how to infringe the patent and pleading specific pre-suit knowledge of the patent); *Avaya*, *supra*, at *4-5 (identifying "with particularity the instructions, demonstrations, and brochures" that induce customers to infringe); *Erfindergemeinschaft*, *supra*, at *5 (alleging inducement of drug through Food and Drug Administration notices and prescribing information to consumers); *Script Sec. Sols. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937-38 (E.D. Tex. 2016) (identifying specific accused products, features and customers, as well as instructions, software downloaders, subscription services and gift cards to induce customers to infringe); *Dynamic Hosting*, *supra*, at *2 (alleging specific intent based on contractual relationships between defendants and customers); *ZiiLabs*, 2015 WL 1456540, at *3 (alleging defendants provided instructions, technical support, and other instructions to induce infringement, with knowledge of the patents based on licensing discussions); *ZiiLabs*, 2015 WL 1456448, at *3 (same); *Cellular Commc'ns*, *supra*, at *3-4 (alleging infringement by specific devices, including instructing customers on how to infringe); *Mobile Telecomm.*, *supra*, at *1 (alleging defendants provide instructions "to users regarding how to use the allegedly infringing functionality and marketing certain functionality"); *Soverain Software*, *supra*, at *4 (alleging defendants encouraged customers to use their online shopping carts to practice an infringing method); *IPYX*, *supra*, at *3 (alleging that defendant promoted and instructed users on how to use specific allegedly infringing feature).

merely sells a commercial product suitable for some lawful use." *Takeda Pharms. v. West-Ward Pharm.*, 785 F. 3d 625, 630 (Fed. Cir. 2015) (internal quotation marks omitted).

Second, CyWee incorrectly asserts that Huawei seeks to import a requirement of "no substantial non-infringing use" for induced infringement. Opp. at 10. Not so. As Huawei explained in its motion, CyWee failed to draw the necessary connection between Huawei's activities and any *infringing* use of the accused devices; instead, it merely listed gestures that CyWee admits may or may not infringe. Mot. at 11. CyWee failed not by accusing a device with a substantial non-infringing use, but by failing to specify and accuse an infringing use.[5]

## V.      The Court Should Dismiss CyWee's Claims Without Leave to Amend

As Huawei's motion explained, any amendment would be futile. Mot. at 13-15. Despite its overlength, CyWee's brief nowhere explains how it could successfully amend, or even mentions this point. CyWee has conceded that any grant of this motion should be without leave.

## CONCLUSION

For all the foregoing reasons, the Court should dismiss CyWee's allegations of indirect infringement, without leave to amend.

Date:  June 22, 2018                           Respectfully submitted,

                                               */s/ J. Mark Mann*
                                               J. Mark Mann (Bar No. 12926150)
                                               mark@themannfirm.com
                                               G. Blake Thompson (Bar No. 24042033)
                                               blake@themannfirm.com

---

[5] CyWee seeks to manufacture an inconsistency between Huawei's arguments here and the unrelated arguments in a case formerly before this Court. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 16-52, 2017 WL 1129951 (E.D. Tex. Feb. 21, 2017) (Payne, M.J., adopted by Gilstrap, J., Docket No. 178). No such inconsistency exists; indeed, that case concerned an issue not present here. There, Huawei Technologies argued that a plaintiff need not show precisely "how or why" direct infringement occurs, but instead must allege direct infringement and link that direct infringement to the defendant's specific intent. Huawei's Motion to Dismiss T-Mobile's Counterclaims, *Huawei Techs.,* Docket No. 121 at 12-13. Here, in contrast, CyWee fails to allege the required "what" of indirect infringement, as it admits "motion gestures" may or may not infringe. CyWee's allegations here fail for reasons unrelated to plaintiff Huawei Technologies's success there.

MANN TINDEL THOMPSON
300 West Main Street
Henderson, Texas, 75652
+1 (903) 657-8540
+1 (903) 657-6003 facsimile

Steven D. Moore (CA Bar No. 290875)
Kristopher L. Reed (CA Bar No. 235518)
Benjamin M. Kleinman-Green (CA Bar No. 261846)
huaweicywee@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California, 94111
+1 (415) 576-0200
+1 (415) 576-0300 facsimile

Matthew S. Warren (CA Bar No. 230565)
Elaine Y. Chow (CA Bar No. 194063)
(admitted pro hac vice)
WARREN LEX LLP
17-495@cases.warrenlex.com
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on June 22, 2018, I served the foregoing by notice of electronic filing on counsel of record registered as CM/ECF users.

*/s/ J. Mark Mann*
J. Mark Mann