**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CYWEE GROUP LTD., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:17-cv-00495-WCB-RSP |
| | ) | |
| HUAWEI DEVICE CO. LTD., | ) | **JURY TRIAL DEMANDED** |
| HUAWEI DEVICE (DONGGUAN) | ) | |
| CO. LTD., AND HUAWEI DEVICE | ) | |
| USA, INC., | ) | |
| Defendants. | ) | |
| | ) | |

**HUAWEI'S MOTION TO STAY**
**CYWEE'S CLAIMS AGAINST THE GOOGLE NEXUS 6P**

**<u>TABLE OF CONTENTS</u>**

INTRODUCTION…………………………………….…………………………………... 1

BACKGROUND……………………………………………………………………… 2

      A.     Huawei's Proprietary Devices and the Google Nexus 6P…………………....2

      B.     CyWee Files This Action…………………………………………………3

      C.     CyWee Sues Google In Delaware…………………………………………....4

      D.     Google Counterclaims for Non-Infringement of the Nexus 6P………………...5

ARGUMENT……………………………………………………………………...5

I.     The Court Should Stay Claims Regarding the Nexus 6P Pending Resolution of the Google Action Under the Customer-Suit Exception to the First-Filed Rule…………. 5

II.    This Court's Standard Factors Support Staying CyWee's Claims Against the Google Nexus 6P………………………………………………………………… 8

      A.     CyWee Would Suffer No Prejudice, and Indeed Would Benefit, From a Stay of the Google Nexus 6P Claims……………………………………………...8

      B.     The Google Action Will Simplify the Issues Before This Court………………… 9

      C.     This Action is at an Early Stage, and CyWee Has Taken No Discovery Into the Functionality of the Google Nexus 6P ………………………10

III.    CyWee's Argument Against Stay Cannot Survive the *Rockstar* Case………………...10

CONCLUSION………………………………………………………………………...12

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*Colo. River Water Cons. Dist. v. United States*,
424 U.S. 800 (1976).............................................................................................6

*CyWee Grp. Ltd. v. Google LLC*,
No. 18-571 (D. Del. Apr. 16, 2018)...........................................................4, 5, 12

*Google Inc. v. Rockstar Consortium US LP*,
No. 13-5933, 2014 WL 1571807 (N.D. Cal. Apr. 17, 2014)……………………...............7

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014)............................................................*passim*

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014)............................................................... 5, 6

*Kahn v. General Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989).................................................................. 5

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)............................................................... 6, 8

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)...........................................................................6

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)...........................................................................8

*Rmail Ltd. v. Amazon.com, Inc.*,
No. 10-258 (E.D. Tex. Jan. 30, 2014).......................................................8-10

*Soverain Software LLC v. Amazon.com, Inc.*,
356 F. Supp. 2d 660 (E.D. Tex. 2005)........................................................ 8

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*
657 F.3d 1349 (Fed. Cir. 2011)............................................................. 5, 6

## INTRODUCTION

This motion seeks to eliminate a needless duplication of effort that will cause only judicial inefficiency.  Before this Court, CyWee claims infringement of two patents by products including the Google Nexus 6P.  Before the District of Delaware, Google seeks a judgment of non-infringement of the same two patents, again by products including the Google Nexus 6P.  Unless this Court takes action, two courts in two jurisdictions will hear and determine identical claims of infringement of the same patents by the same product—a classic waste of judicial resources.  This Court should take action to avoid this waste, staying CyWee's claims against the Google Nexus 6P pending resolution of the same claims against the same product in CyWee's Delaware action against Google.

Unlike the other devices in this action, the Google Nexus 6P contains software written not by Huawei, but by Google, making Delaware the preferred forum under the long-standing customer-suit rule.  Unlike the other devices in this action, Huawei's software engineers have no testimony to provide regarding the Google Nexus 6P.  Unlike the other devices in this action, the District of Delaware will resolve whether the Nexus 6P infringes CyWee's patents after hearing from engineers at Google who understand the accused functionality.  Staying CyWee's claims here against the Google Nexus 6P not only will follow the law and recent decisions by the Court of Appeals, but also will simplify the trial of this action and allow both parties to present their best case to this Court and its jury.

Although everyone will benefit from a stay, including CyWee, CyWee nonetheless opposes this motion—on grounds expressly dismissed by the Court of Appeals in the recent *Rockstar* matter.  Keeping CyWee's claims against the Google Nexus 6P pending before this

Court will cause only duplication and judicial inefficiency, as two courts and two juries try the same claims.  The Court should therefore grant this motion, and stay CyWee's claims regarding the Google Nexus 6P until resolution of Google's declaratory claims in the District of Delaware.

## BACKGROUND

### A.    Huawei's Proprietary Devices and the Google Nexus 6P

In this action, CyWee asserts U.S. Patents Nos. 8,441,438 ("the '438 Patent") and 8,552,978 ("the '978 Patent") against algorithms that integrate signals from various orientation sensors in those devices, such as gyroscopes, magnetometers, and accelerometers.  *See generally* Docket No. 62 ("3d Am. Compl.") ¶¶ 19-227.  The accused algorithms fall into the category generally known as 'sensor fusion' functionality, as CyWee labels them here.  *See, e.g.*, Ex. 1 at 19; Docket No. 62-3 ¶ 10, 11, 37.  Specifically, CyWee accuses of infringement sensor fusion algorithms within seven devices:  the Huawei Honor 8, Mate 9, MediaPad M2 10.0, Mate 10, Mate 10 Porsche, and Mate 10 Pro, and the Google Nexus 6P.  3d Am. Compl. ¶¶ 26, 162.

As one can infer from its name, the Google Nexus 6P is different from the first six devices, not only generally but also specifically regarding the issues raised by CyWee's allegations of infringement.  Huawei built the other six accused devices—the Honor 8, Mate 9, MediaPad M2 10.0, Mate 10, Mate 10 Porsche and Mate 10 Pro—for itself.  Decl. of Jia Zeng ("Zeng Decl.") ¶¶ 3-4.  For these six devices, Huawei developed and controlled the sensor fusion algorithms, which were not part of the Android Open Source Project and which Huawei did not receive from Google by other means.  *Id.*  Huawei did not and does not share any of these sensor fusion algorithms with anyone at Google.  *Id.* ¶ 5.  In short, these six devices are Huawei devices, running Huawei sensor fusion algorithms written by Huawei engineers.

– 2 –

The Google Nexus 6P is different.  Unlike the other six accused devices, Huawei did not build the Nexus 6P for itself, but served as original design manufacturer, or ODM, for Google. Decl. of Hongyu Li ("Li Decl.") ¶ 2.  As Google's ODM, Huawei did not develop or control the software on the Nexus 6P; instead, Google provided Huawei with the software for the Nexus 6P in binary form, instead of source code.  *Id.*  Because Google provided the Nexus 6P software in binary form, Huawei engineers did not (and do not) know how that software works.  *Id.* ¶¶ 3-4. Instead, Huawei merely loaded the software Google provided without changing it.  *Id.* ¶¶ 2-4. As a result, the Nexus 6P uses sensor fusion algorithms chosen and provided by Google, and no one at Huawei knows how those algorithms operate.  *Id.* ¶¶ 3-4.  In short, the Nexus 6P is a Google device, running Google sensor fusion algorithms written by Google engineers.

**B.     CyWee Files This Action**

On June 9, 2017, CyWee filed this action, alleging that certain Huawei devices and the Google Nexus 6P infringe the '438 Patent and the '978 Patent.  Docket No. 1.  After several intervening complaints, on May 11, 2018, CyWee filed its Third Amended Complaint which, among other things, broadened CyWee's allegations to accuse all seven devices presently at issue.  3d Am. Compl. ¶¶ 26, 162.

CyWee asserts the same infringement theory against all seven devices, relying on source code from the Android Open Source Project, principally a file called 'Fusion.cpp.'  *See* CyWee's Am. Infringement Contentions, Ex. 1 at 10 ('438 v. Huawei Honor 8); *id*. Ex. 7 at 10 ('978 v. Huawei Honor 8).[1]  CyWee's allegations are incorrect, at least regarding the six Huawei

---

[1] Because CyWee's infringement theory is the same for all devices, the remaining exhibits in its infringement contentions refer back to these two exhibits.  *See id.* Ex. 2 at 7 ('438 v. Huawei Mate 9); *id*. Ex. 3 at 7 ('438 v. Huawei MediaPad M2 10.0); *id*. Ex. 4 at 7 ('438 v. Huawei Nexus 6P); *id*. Ex. 5 at 7 ('438 v. Huawei Mate 10); *id*. Ex. 6 at 7 ('438 v. Huawei Mate

devices—the Honor 8, Mate 9, MediaPad M2 10.0, Mate 10, Mate 10 Porsche and Mate 10

Pro—which use sensor fusion software Huawei developed itself, and did not obtain from Google

or the Android Open Source Project.  *See supra* § A; Zeng Decl. ¶¶ 3-4.  As far as Huawei

knows, CyWee's allegations against the Google Nexus 6P may also be entirely mistaken, but that

is just the point:  Huawei *does not know* whether CyWee is right or wrong about the Nexus 6P,

because Huawei receives only binary software for this device, not source code it can produce, let

alone read and understand.  *See supra* § A; Li Decl. ¶ 3.  Huawei accordingly does not know

what sensor fusion software Google used on the Nexus 6P, or whether that software appeared in

the Android Open Source Project.  *See supra* § A; Li Decl. ¶¶ 2-4.

## C.    CyWee Sues Google In Delaware

Ten months after filing this action, CyWee filed suit against Google in the District of

Delaware, alleging that four Google Pixel devices infringe the same claims of the same patents in

the same way it had previously alleged here.  Plaintiff's Original Complaint for Patent

Infringement, *CyWee Grp. Ltd. v. Google LLC*, No. 18-571, Docket No. 1 (D. Del. Apr. 16,

2018), attached as Exhibit 14.  In *CyWee v. Google*—as it does here—CyWee accuses Google

devices of infringement based on source code from the Android Open Source Project, principally

'Fusion.cpp.'  *Compare* Docket No. 1, Ex. D at 4-8, Ex. E at 6-8, 15 *with* Ex. 1 at 25-29, Ex. 7 at

7-9, 15.  Indeed, CyWee levels largely verbatim allegations against the Google Nexus 6P and

---

10 Pro and Mate 10 Porsche); *id*. Ex. 8 at 8 ('978 v. Huawei Mate 9); *id*. Ex. 9 at 8 ('978 v.
Huawei MediaPad M2 10.0); *id*. Ex. 10 at 8 ('978 v. Huawei Nexus 6P); *id*. Ex. 11 at 8 ('978 v.
Huawei Mate 10); *id*. Ex. 12 at 8 ('978 v. Huawei Mate 10 Pro and Mate 10 Porsche).  For
simplicity and ease of reference, the first twelve exhibits comprising CyWee's amended
infringement contentions are the first twelve exhibits to this motion.  The cover pleading to those
contentions is Exhibit 13.

Pixel devices in this matter and the Delaware action.  *Compare* 3d Am. Compl. ¶¶ 39-45 *with*

*CyWee v. Google*, Docket No. 1 ¶¶ 50-56.

**D.    Google Counterclaims for Non-Infringement of the Nexus 6P**

On June 11, 2018, Google filed its answer and counterclaims in the District of Delaware.

*CyWee v. Google,* Docket No. 12, attached as Exhibit 15.  As part of its counterclaims, Google

sought a declaratory judgment of non-infringement of CyWee's asserted patents by its Nexus 6P

device.  *Id.* Counterclaims ¶¶ 28-41.  In these allegations, Google confirmed that "Huawei does

not develop, maintain, or update the sensor algorithms on the Nexus 6P," because these

"algorithms on the Nexus 6P are developed by Google."  *Id.* ¶ 9.

As a result, both Google (in Delaware) and CyWee (here) have pressed claims regarding

infringement of the Nexus 6P.  Two courts will thus hear these identical claims, leading to

judicial inefficiency and potentially conflicting results—unless this Court stays these claims.

<u>**ARGUMENT**</u>

**I.    The Court Should Stay Claims Regarding the Nexus 6P Pending Resolution of the
    Google Action Under the Customer-Suit Exception to the First-Filed Rule**

Although courts generally favor first-filed actions, "[w]hen a patent owner files an

infringement suit against a manufacturer's customer and the manufacturer then files an action of

noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence."

*In re Nintendo of Am., Inc*., 756 F.3d 1363, 1365 (Fed. Cir. 2014).  This doctrine, called the

customer-suit exception, "'is based on the manufacturer's presumed greater interest in defending

its actions against charges of patent infringement; and to guard against possibility of abuse.'"

*Spread Spectrum Screening LLC v. Eastman Kodak Co*., 657 F.3d 1349, 1357 (Fed. Cir. 2011)

(quoting *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)).  The rule is

designed "to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute," and to assist in a "just, convenient, efficient, and less expensive determination." *Nintendo*, 756 F.3d at 1365.

In determining whether to apply the customer-suit rule, courts look to whether the litigation against the manufacturer will "resolve the 'major issues' concerning the claims against the customer." *Spread Spectrum Screening*, 657 F.3d at 1358 (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). In making this determination, the Court should not apply "a 'mechanical solution' or 'precise rule,'" but instead should take "a flexible approach, including staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014) ("*Rockstar*") (quoting *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976), *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

This is just such a case. Google is the manufacturer and Huawei is the customer, as Google makes the accused functionality in the Google Nexus 6P. *See supra* § A; Li Decl. ¶¶ 2-4. Google, and not Huawei, has knowledge of the structure and workings of the Nexus devices, including the accused functionality. *Id*. ¶¶ 3-4. Huawei engineers do not—and indeed cannot—make changes to the binary software they receive from Google for the accused Nexus 6P devices. *Id*. ¶ 2. Huawei engineers cannot even provide knowledgeable testimony regarding any sensor fusion software on the Nexus 6P, because Google provides Huawei with the complete Nexus 6P source code in binary form. *Id*. ¶¶ 3-4. Google is thus the "true defendant" against CyWee's claims regarding the Nexus 6P. *Nintendo*, 756 F.3d at 1365.

– 6 –

In the recent *Rockstar* cases, the Federal Circuit mandated a much broader stay on nearly identical facts. In *Rockstar*, as here, the plaintiff filed numerous lawsuits asserting identical patents against various Android smartphone makers. 588 F. App'x at 989. There as here, the plaintiff's infringement allegations focused on the devices' use of Google's software code. *Id*. There as here, Google subsequently filed declaratory judgment claims on the same patents. *Id*. And there as here, "'the determination of the infringement issues [in Google's declaratory action] would likely be dispositive of the other cases.'" *Id*. (quoting *Google Inc. v. Rockstar Consortium US LP*, No. 13-5933, 2014 WL 1571807, at *9 (N.D. Cal. Apr. 17, 2014)). In that strikingly similar situation, the Court of Appeals found that:

> Given these facts, it is clear that there was no need to proceed with the five Texas actions because the one California action may suffice. Such circumstances present a classic case for a stay: The only potential results of adjudicating these cases in parallel fashion would be the Texas and California courts agree on the major issues of the litigation, thus producing wasteful and unnecessary litigation, or the courts disagree, thus producing conflicting decisions.

*Id*. at 990 (citations omitted). Finding no justification for "the obvious waste of resources inherent in allowing both actions to proceed in parallel fashion," the Court of Appeals ordered a stay of the customer "proceedings pending the outcome of the declaratory judgment action" filed by Google. *Id.* at 992.

*Rockstar* controls here. Indeed, *Rockstar* ordered much broader relief—staying five actions against myriad products, rather than part of one action against only one product—and did so even though, in *Rockstar*, the Court of Appeals acknowledged "each defendant mobile phone manufacturer's ability to modify and customize the Android platform to its own particular purpose." 588 F. App'x at 990. Unlike in *Rockstar*, Huawei has no ability to modify Google's software on the Nexus 6P—or even to review it. *See supra* § A. In this action, it is thus even

– 7 –

more "clear that staying proceedings in Texas" will save litigation resources "by mooting or at least advancing the 'major premises' being litigated" before this Court.  588 F. App'x at 991 (citing *Katz*, 909 F.2d at 1464 (Fed. Cir. 1990)).  And the Federal Circuit just this month cited *Rockstar* with approval, stating that "Petitioners could have filed declaratory judgment actions in their chosen districts and asked to enjoin or to stay this proceeding" under the customer-suit rule. *In re Intex Recreation Corp.*, No. 2018-131, 2018 WL 3089215, at *2 (Fed. Cir. June 13, 2018) (citing *Rockstar*, 588 F. App'x at 992).  Following *Rockstar*, this Court should stay CyWee's claims against the Google Nexus 6P.

## II.     This Court's Standard Factors Support Staying CyWee's Claims Against the Google Nexus 6P

This Court "has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  When deciding whether to exercise this power to grant any stay, not limited to the customer-suit rule, courts examine three factors:  "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Rmail Ltd. v. Amazon.com, Inc.*, No. 10-258, Docket No. 563, slip op. at 10 (E.D. Tex. Jan. 30, 2014) (quoting *Soverain*, 356 F. Supp. 2d at 662.  Each of these factors supports a stay here.

### A.     CyWee Would Suffer No Prejudice, and Indeed Would Benefit, From a Stay of the Google Nexus 6P Claims

A stay of the Nexus 6P claims would not "unduly prejudice or present a clear tactical disadvantage to" CyWee; indeed, a stay would not prejudice CyWee *at all*, but would instead benefit CyWee as well as Huawei, Google, and the Court.  CyWee has already chosen to have

two actions and two trials—one here against Huawei, and one in Delaware against Google—so it can suffer no prejudice from multiplication of proceedings.  CyWee has already chosen Delaware as the forum for its claims against Google—so, again, it cannot claim prejudice from proceeding there.  Staying the Google Nexus 6P claims before this Court will actually benefit CyWee by allowing it to prosecute those claims in a forum where Google is a party, and its witnesses are thus likely to appear.  Huawei's witnesses cannot provide testimony regarding the accused Nexus 6P source code, because they did not design it and do not know how it works.  *See supra* § A; Li Decl. ¶¶ 2-4.  With the Nexus 6P claims before this Court, CyWee must seek discovery not only from the Huawei defendants but also from third-party Google, and likely must rely on deposition testimony from absent Google witnesses at trial.  With the Nexus 6P claims before the District of Delaware, where Google is already a party, CyWee need not seek third-party discovery here, and can seek live testimony from Google witnesses at trial there.

     **B.**     **The Google Action Will Simplify the Issues Before This Court**

     Staying the Nexus 6P claims in favor of the Delaware action will also "simplify the issues in question and trial of the case." *Rmail*, slip op. at 10.  CyWee's case in Delaware will fully resolve the core issue of whether the Google Nexus 6P infringes each asserted claim, thus necessarily simplifying this action.  In addition, staying these claims will further simplify the issues before this court by avoiding the need for non-party discovery and witnesses from Google, *see supra*, and by obviating the need for the jury to consider possible infringement by Google's software on the Nexus 6P, which contains software (developed by Google) different from the other six devices (developed by Huawei), thus reducing the jury's work to the six accused Huawei devices, regarding which Huawei engineers can testify.

**C.     This Action is at an Early Stage, and CyWee Has Taken No Discovery Into the Functionality of the Google Nexus 6P**

The final factor, "whether discovery is complete and whether a trial date has been set," similarly supports a stay.  *Rmail*, slip op. at 10.  This action remains at an early stage, with the pleadings still open subject to Huawei's motion to dismiss CyWee's third amended complaint, and with no trial date on calendar.  Docket No. 65.  CyWee has advanced this case only slowly, and recently moved to continue most deadlines by three months.  Docket No. 74.  CyWee's discovery regarding the Google Nexus 6P is nowhere near "complete"; to the contrary, it has not even begun.  CyWee has invested zero effort in this action in discovering how the Nexus 6P actually works; there is thus no reason any future discovery should occur here, rather than in Delaware.  This factor, too, supports transfer.

**III.   CyWee's Argument Against Stay Cannot Survive the *Rockstar* Case**

During the parties' pre-filing meet-and-confer discussions under L.R. 7(h), CyWee made one argument against the motion—an argument that the Court of Appeals heard, and dismissed, in *Rockstar*:

> CyWee did not file suit against Huawei based on an algorithm or software claim.  The same algorithm or software can be part of an infringing device or devices that do not infringe.  Infringement requires more than just an algorithm or software.
>
> The patent covers an entire mobile phone as a 3D pointing device, so unless Huawei is buying phones from Google, Huawei is not Google's "customer" as to the Accused Devices.  The customer suit exception does not apply to Huawei as a Google software buyer any more than it applies to Huawei as the buyer of the display, display software, battery, LEDs, sensors, phone case case or the CPU's operating the phones.
>
> CyWee opposes.  Its frivolous.

Ex. 16.  The Federal Circuit firmly rejected this argument in *Rockstar*.  There, plaintiff Rockstar brought infringement claims against Android device makers on seven patents, including one

– 10 –

patent that contained only hardware limitations.  *See Rockstar*, Opposition to Petition for Writ of Mandamus, No. 2014-147, Docket No. 20-1 at 4-5 (Fed. Cir. Aug. 22, 2014).  Rockstar argued that a stay was inappropriate for the same reason CyWee now cites:

> [T]he patents-in-suit involve hardware elements, manufactured by Samsung, with which Google has no involvement.  One patent covers electromagnetic shielding of components, which has no connection to Android whatsoever.  The claims of other patents require hardware elements such as touch screens for displaying data and receiving input, memory for storing/maintaining data, antennas, transmitters and receivers for sending and receiving data, as well as processors for performing various functions—all of which are sourced and manufactured by Samsung.

*Id.* at 2.  The Court of Appeals rejected this argument for two reasons, both of which apply here.

First, the Court noted that the customer-suit exception does not require the manufacturer action to resolve all issues, but just significant ones.  *Rockstar*, 588 F. App'x at 991; *see supra* § I.  Because the two "proceedings involve substantially the same controversy" and Google's action would resolve "major premises" of Rockstar's Texas actions, the Court entered a stay even though Google's action would not necessarily resolve all infringement questions because each Texas defendant could and did "modify and customize the Android platform to its own particular purpose."  *Id.* at 989-91.  The facts here are even stronger for stay:  the Nexus 6P is identical in both actions, and Huawei does not and cannot change Google's software.  *See supra* § A.

Second, the Court of Appeals noted that Rockstar "provided nearly identical infringement contentions to all defendants that rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google," and found that "[t]hus, the record strongly suggests there will be substantial similarity involving the infringement and invalidity issues in all the suits."  588 F. App'x at 990.  Again, the facts here are stronger for stay:  CyWee's infringement contentions are the same across all products, literally incorporating

each other by reference.  *See supra* at 3-4 n.1.  Again, the Nexus 6P is the same product in Texas as in Delaware; the record here does not just "strongly suggest[] there will be substantial similarity involving the infringement and invalidity issues in all the suits," but confirms that there will be *identical* issues at least involving infringement, as the same product and patents are at issue in both actions.  588 F. App'x at 990.  Far from exposing Huawei's motion as "frivolous," CyWee's argument serves only to illustrate its merit.

## CONCLUSION

For the foregoing reasons, the Court should stay CyWee's claims regarding the Google Nexus 6P until final resolution of *CyWee Grp. Ltd. v. Google LLC,* No. 18-571, in the District of Delaware.


Date:   July 2, 2018                          Respectfully submitted,


                                              */s/ J. Mark Mann*
                                              _____
                                              J. Mark Mann (Bar No. 12926150)
                                              mark@themannfirm.com
                                              G. Blake Thompson (Bar No. 24042033)
                                              blake@themannfirm.com
                                              MANN TINDEL THOMPSON
                                              300 West Main Street
                                              Henderson, Texas, 75652
                                              + 1 (903) 657-8540
                                              + 1 (903) 657-6003 facsimile

                                              Steven D. Moore (CA Bar No. 290875)
                                              smoore@kilpatricktownsend.com
                                              Kristopher L. Reed (CA Bar No. 290875)
                                              kreed@kilpatricktownsend.com
                                              Benjamin M. Kleinman-Green
                                              (CA Bar No. 261846)
                                              bkleinman-green@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California, 94111
+1 (415) 576-0200
+1 (415) 576-0300 facsimile

Matthew S. Warren (CA Bar No. 230565)
Elaine Y. Chow (CA Bar No. 194063)
(admitted pro hac vice)
17-495@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendants Huawei Device Co. Ltd.,
Huawei Device (Dongguan) Co. Ltd., and Huawei
Device USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2018, I served the foregoing by notice of electronic filing on

counsel of record registered as CM/ECF users.

*/s/ J. Mark Mann*
J. Mark Mann

– 13 –

## CERTIFICATE OF CONFERENCE

Under Local Rule 7(h), I hereby certify that, on June 15, 2018, I conferred by telephone with Ari Rafilson, counsel for plaintiff CyWee Group Ltd., regarding this motion.  Following that discussion, on June 15, 2018, defendants emailed to invite further meet-and-confer discussions if plaintiff thought they would be appropriate.  Plaintiff responded with an email declining further meet-and-confer discussions and calling the motion "frivolous."  *See supra* at 10.  Plaintiff opposes the motion.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Matthew S. Warren