# Exhibit 13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> *Defendants.* | CASE NO. 2:17-cv-00495-RWS-RSP <br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S FIRST AMENDED P.R. 3-1 & 3-2 DISCLOSURES

Pursuant to the Court's Order dated April 13, 2018 (Dkt. 54), Plaintiff CyWee Group Ltd. ("CyWee") serves its First Amended Preliminary Infringement Contentions on Defendants (collectively "Huawei") regarding U.S. Patent Nos. 8,441,438 and 8,552,978.

Discovery is ongoing and claim construction has yet to take place in this case. As a result, CyWee reserves the right to amend its contentions after claim construction and discovery has taken place as allowed by the patent local rules.

### I.     P.R. 3-1 DISCLOSURES

**A.     Each claim of each patent in suit that is allegedly infringed by each opposing party.**

Huawei infringes claims 1, 3, 4, 5, 14, 15, 16, 17, 19 of U.S. Patent No. 8,441,438 (the "'438 patent").

Huawei infringes claims 10 and 12 of U.S. Patent No. 8,552,978 (the "'978 patent").

1

**B. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.**

1. The '438 Patent

Each of the following accused products infringes claims 1, 4, 5, 14, 15, 16, 17, and 19 of the '438 patent: the Huawei Nexus 6P, Huawei Mate 9, Huawei MediaPad M2 10.0, Huawei Honor 8, Huawei Mate 10, and Huawei Mate 10 Pro.[1] Additionally, the Huawei MediaPad M2 10.0 also infringes claim 3 of the '438 Patent.

2. The '978 Patent

Each of the following accused products infringes each asserted claim of the '978 patent: the Huawei Nexus 6P, Huawei Mate 9, Huawei MediaPad M2 10.0, Huawei Honor 8, Huawei Mate 10, and Huawei Mate 10 Pro.

**C. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.**

Claim charts are provided as Exhibits 1 through 12. Each claim chart is an exemplar of how all Huawei devices manufactured using the same or similar technology infringe each asserted claim. Nothing in these claim charts is intended to prevent CyWee from presenting additional evidence of infringement at trial.

---

[1] All references to the Huawei Mate 10 Pro include, but are not limited to, the Mate 10 Porsche design, which is functionally equivalent to the Mate 10 Pro. *See* https://www.phonearena.com/news/Huawei-Mate-10-Pro-Mate-10-Porsche-Design-differences_id102298.

**D. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.**

CyWee contends that each asserted claim is literally infringed by Huawei's accused products, as indicated by the claim charts referenced above.

**E. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.**

CyWee alleges that all asserted claims of the '438 patent and claims 10 and 12 of the '978 patent are entitled to a priority date as of January 6, 2010, based on the date of provisional application no. 61/292,558. But CyWee further alleges that those claims are entitled to an earlier priority date based on work related to the JIL Phone prototype. More specifically, CyWee alleges that all asserted claims of the '438 patent are entitled to a priority date of July 29, 2009. CyWee further alleges that claims 10 and 12 of the '978 patent are entitled to a priority date of September 25, 2009.

**F. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.**

CyWee alleges that the JIL Phone prototype practices all asserted claims of the patents-in-suit.

## II.   P.R. 3-2 DISCLOSURES

**A. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C.§ 102.**

Documents that may be responsive to 3-2(a) are located at document numbers CYWEE_HUAWEI000608-626.

3

**B. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier.**

Documents that may be responsive to 3-2(b) are located at document numbers CYWEE_HUAWEI000001-167 and CYWEE_HUAWEI000606-607.

**C. A copy of the file history for each patent in suit.**

Documents that may be responsive to 3-2(b) are located at document numbers CYWEE_HUAWEI000168-605.

DATED: May 11, 2018 /s/ *Ari B. Rafilson*
Michael W. Shore, Texas Bar No. 18294915
Lead Attorney
mshore@shorechan.com
Alfonso Garcia Chan, Texas Bar No. 24012408
achan@shorechan.com
Christopher L. Evans, Texas Bar No.24058901
cevans@shorechan.com
Ari B. Rafilson, Texas Bar No. 24060465
arafilson@shorechan.com
William D. Ellerman, Texas Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler, Texas Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DePUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111

**ATTORNEYS FOR PLAINTIFF
CYWEE GROUP, LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on May 11, 2018, a true and correct copy of the foregoing **Plaintiff's P.R. 3-1 & 3-2 Disclosures** was served upon Defendants' attorneys of record via electronic mail at the following:

J. Mark Mann
G. Blake Thompson
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, TX 75652
mark@themannfirm.com
blake@themannfirm.com

Steven Moore
Benjamin Kleinman-Green
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
smoore@kilpatricktownsend.com
bkleinman-green@kilpatricktownsend.com

Kristopher Reed
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
kreed@kilpatricktownsend.com

Elaine Chow
Matthew Warren
WARREN LEX LLP
2261 Market Street, Suite 606
San Francisco, CA 94114
elaine@warrenlex.com
matt@warrenlex.com

/s/ *Ari B. Rafilson*
Ari B. Rafilson