# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., | CASE NO. 2:17-cv-00495-WCB-RSP |
| *Plaintiff,* | |
| v. | JURY TRIAL DEMANDED |
| HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., | |
| *Defendants.* | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY

/s/ *William D. Ellerman*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
Attorneys for Plaintiff CyWee Group Ltd.

I.     INTRODUCTION

Huawei[1] has wholly failed to carry its heavy burden of demonstrating that a stay is warranted in this case. In this lawsuit, CyWee[2] claims that seven Huawei mobile devices infringe CyWee's patents. The two patents at issue claim a "three-dimensional pointing device" capable of fusing sensor data and compensating for accumulated errors in order to accurately track the device's orientation in 3D space. In order to infringe the patents, the accused products in this case must have either 6-axis or 9-axis motion sensors (which include a combination of accelerometers, gyroscopes, and, in the case of one of the patents, magnetometers). Data from those hardware elements is then fused using a software algorithm in order to output accurate orientation information. Accordingly, software is only one piece of the infringement analysis in this case, and a device cannot infringe the patents through software alone. CyWee's claimed 3D pointing device is *the mobile device itself*, which must contain all of the requisite hardware and software components.

Thus, Huawei's motion to stay rests entirely upon a gross misconception of the patents and CyWee's claims of infringement. In seeking to stay CyWee's claims as to one of the seven accused devices, Huawei misstates CyWee's infringement theories by focusing entirely on one component of infringement—the sensor fusion algorithms and/or software—while ignoring the required hardware elements. Huawei also mischaracterizes the Federal Circuit's decision in *In re Google*, 588 F. App'x 988 (Fed. Cir. 2014) (nonprecedential opinion) and its ramifications. Contrary to Huawei's arguments, the Federal Circuit has not done away with the three factors for applying the customer-suit exception. Because Huawei is a manufacturer (and not simply a

---

[1] "Huawei" refers collectively to Defendants Huawei Device Co. Ltd, Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.
[2] "CyWee" refers to Plaintiff CyWee Group Ltd.

reseller) of the Huawei Nexus 6P, and because Huawei has not agreed to be bound by any decision in CyWee's later-filed action against Google, the customer-suit exception cannot apply here.

The stay Huawei seeks is improper and unwarranted. Citing "judicial efficiency," Huawei asks this Court to indefinitely delay the claims against only one accused product in this case—even though the case has progressed significantly and could be fully tried in less than a year—in order to await the outcome of CyWee's recently filed case against Google in Delaware. Contrary to Huawei's assertions, a stay would unnecessarily protract final adjudication of this case and unreasonably waste judicial resources. Because this case involves six other Huawei products, none of which would be subject to the requested stay, granting Huawei's motion would essentially sever this case into two different lawsuits—one involving just the Huawei Nexus 6P and another involving the other six products. Huawei's motion is meritless and should be denied.

## II.     FACTUAL BACKGROUND

On June 9, 2017, CyWee sued Huawei for infringing U.S. Patent Nos. 8,441,438 ("the '438 patent") and 8,552,978 ("the '978 patent") (collectively, "the Patents-in-Suit"). Huawei designs, manufactures, and sells mobile smartphones and tablets, including the Huawei Nexus 6P. *See* Dkt. 62 ¶¶ 4-5, 26, 162. This case has already progressed significantly: A Docket Control Order ("DCO") has issued, initial disclosures have been served, interrogatories have been served and answered, documents have been produced, motions to dismiss have been filed and denied, and CyWee has already filed its opening claim construction brief.[3] Currently, the parties are

---

[3] The claim construction issues in this case are virtually identical to those presented to this Court in a related case filed by CyWee against Samsung, (Case No. 2-17-cv-00140, E.D. Tex.). On July 9, 2018, the Court issued its Claim Construction Order in that case. Dkt. 117. Because the same claims are presented for construction in this case, the *Markman* proceedings should be simplified because the Court has already decided those issues.

scheduled to complete their meet and confer in preparation for the pretrial conference by May 2, 2019, and a trial on the merits will likely be completed within a year under the current schedule.

On April 16, 2018, CyWee filed suit against Google in Delaware ("the Delaware Action"). *See* Dkt. 77-16. CyWee did not accuse the Huawei Nexus 6P in the Delaware Action, but rather accused only devices sold by Google.[4] On June 11, 2018, Google filed its answer and counterclaims, none of which assert that Huawei is Google's customer or a reseller of the Huawei Nexus 6P. *See generally* Dkt. 77-17. Instead, Google misstates CyWee's infringement theories and only alleges that "Huawei does not develop, maintain, or update the sensor algorithms" used in the Huawei Nexus 6P. *See id.* at 28. However, Google makes no allegations regarding Huawei's development, manufacture, or distribution of the Huawei Nexus 6P itself, nor does Google make any allegations regarding the hardware elements that the Huawei Nexus 6P must also contain in order to infringe the patents. Because the Patents-in-Suit are not narrowly limited to "sensor algorithms," nothing in Google's allegations support a stay of any aspect of this case.

### III. ARGUMENTS & AUTHORITIES

A district court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The proponent of a stay bears the burden of establishing its need." *Id.* at 708. Where "there is even a fair possibility that the stay…will work damage to someone else," the party seeking the stay "must make out a clear

---

[4] In the Delaware Action (Case No. 1-18-cv-00571), no DCO has issued, Google's motion to dismiss CyWee's claims remains pending, no discovery has taken place, and the parties are nowhere near filing claim construction briefs. Further, the parties only recently conducted a scheduling conference and filed a joint status report regarding same on July 12, 2018, which anticipates a trial date in November 2020. *See* Delaware Action, Dkt. 19.

case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Huawei has fallen far short of demonstrating a clear case of hardship to justify a stay in this case.

A. **THE CUSTOMER-SUIT EXCEPTION DOES NOT APPLY.**

"The customer suit exception is an exception to the general rule that favors the forum of the first-filed action," and "the guiding principle[s] in [such] cases are efficiency and judicial economy. *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). "The customer suit exception 'is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse.'" *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (quoting *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989)). Here, CyWee chose to file this suit against the device manufacturer and that decision should not be disturbed. As Huawei insists, Google only makes the sensor fusion software that is used in the Huawei Nexus 6P. *See* Dkt. 77 at 6. But because CyWee's claimed "3D pointing device" is the Huawei Nexus 6P itself, not Google's software, Huawei is the proper Defendant in this case. Therefore, the first-filed action against Huawei should take precedence.

Nonetheless, the customer-suit exception could never apply here because (1) Huawei is not simply a reseller of the Huawei Nexus 6P and (2) Huawei has not agreed to be bound by a decision in favor of CyWee in the Delaware Action. To determine "whether or not it would be more efficient to proceed with the second-filed action before the first-filed action," this Court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *Vantage Point Tech., Inc. v. Amazon.com, Inc.,* 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015) (citing *Tegic Commmc'ns Corp.*, 458 F.3d at 1333. Although this Court

"does not apply the factors in a "mechanical" or "precise" manner and instead adopts a "flexible approach" in order to assess whether judicial resources will be saved," the factors remain relevant. *See Vantage Point Tech., Inc.,* 2015 WL 123593, at *2 (citing *In re Google,* 588 F. App'x 988 and applying the factors).[5]

Here, it is undisputed that Huawei (*not* Google) manufactures the Huawei Nexus 6P. *See* Dkt. 76 at 6. As the manufacturer, Huawei is not a "reseller" of the Huawei Nexus 6P. Attempting to side-step this fact, Huawei focuses on "sensor fusion algorithms" in the accused product and misstates CyWee's infringement theories. CyWee does not allege infringement based solely on an algorithm or software claim. On the contrary, the Patents-in-Suit cover an *entire smartphone* as a 3D pointing device, Dkt. 62, ¶¶ 22-23 & 158-159, and CyWee specifically accused the Huawei Nexus 6P of, *inter alia*, including various physical, mechanical, and software features all of which, when combined, infringe the patents, *id.*, ¶¶ 29-45 & 165-172. *See* the '978 patent ("Fig. 6 is an exploded diagram showing still another embodiment . . . of the present invention such as a smartphone. . ."). Therefore, it is irrelevant whether Huawei played a role in the design or manufacture of the sensor fusion software or received the software

---

[5] Huawei's motion completely ignores these factors and seems to incorrectly suggest that they no longer apply in light of *In re Google*. This Court's opinion in *Vantage Point Tech., Inc.* demonstrates that these factors *do* apply after *Google*. Moreover, *In re Google* is factually distinguishable. There*,* Google was a party to and accused of infringement in both cases and venues—the Northern District of California and the Eastern District of Texas. *See id*. at 989. And, as Huawei also points out, in *In re Google,* the plaintiff's infringement allegations focused on the devices' use of Google's software code. *Id*. Therefore, the Federal Circuit reasoned that proceeding with a single declaratory judgment action was more efficient than trying five separate customer patent cases, especially if there was a chance that the one action could resolve all five separate trials. *Id*. at 990. Here, in contrast, Google is not a party to this action, CyWee's allegations are not focused entirely on the software, and CyWee's suit against Google will not resolve all of the claims in this suit, as Huawei tacitly acknowledges by seeking to stay CyWee's claims only as to a single accused device. Hence, unlike in *In re Google*, efficiency will not be served by the requested stay because two separate proceedings will still be required.

in binary form instead of source code.[6] Because it is undisputed that Huawei manufactures the accused device, the customer-suit exception does not apply here.

Moreover, assuming *arguendo* that Huawei does not manufacture the Huawei Nexus 6P and that Google does (which is demonstrably false), the second factor weighs heavily against a stay because Huawei has not agreed to be bound by any decision in the Delaware Action. *See Spread Spectrum Screening LLC*, 657 F.3d at 1358 (citing *Kahn*, 889 F.2d at 1082-83); *see also GeoTag, Inc. v. Georgio Armani Spa*, 2012 WL 12829997, at *4 (E.D. Tex. Aug. 27, 2012). In *Kahn*, the Federal Circuit determined that a customer's failure to agree to be bound by a determination in an action against the manufacturer is a "controlling distinction[]." *Kahn*, 889 F.2d at 1082 ("These are controlling distinctions, for even if General Motors were a mere customer of Motorola, General Motors has not agreed to be bound by the Illinois decision or any injunction against Motorola."). Without a commitment binding Huawei to the results of the Delaware Action, Huawei's request only "delay[s] the judicial process." *See GeoTag, Inc.*, 2012 WL 12829997, at *4. Huawei's request for a stay is meritless because the customer-suit exception does not apply.

**B. A STAY IS IMPROPER AND UNWARRANTED.**

Huawei's requested stay is improper and unwarranted because a stay as to one accused device will unduly prejudice CyWee and will not substantively simplify the issues in question. In exercising its discretion to rule on a motion to stay, "this Court considers: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is

---

[6] By analogy, it is similarly irrelevant that Huawei does not manufacture the various motion sensing components (i.e., accelerometers, gyroscopes, and magnetometers) that it incorporates into its devices which are required to be present in order to support a finding of infringement.

complete and whether a trial date has been set." *Lodsys, LLC v. Brother Int'l Corp.,* 2013 WL 1338767, at *10 (E.D. Tex. Jan. 14, 2013) (citing *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). An analysis of the three factors shows that the prejudice of a stay would far outweigh any potential benefits.

With regard to the first and third factors, a stay will unduly prejudice CyWee because the Delaware Action will undoubtedly take considerably longer to resolve than the instant case. As the patentee, CyWee has an interest in timely enforcing its patents. *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc*., 2015 WL 11439060, at *5 (E.D. Tex. Jan. 5, 2015). Any unnecessary delays directly prejudice that interest. Contrary to Huawei's assertion, this case is not in its early stages. Rather, it has progressed significantly from its filing date: The DCO has issued, initial disclosures have been served, interrogatories have been responded to and documents have been produced, and CyWee has filed its opening claim construction brief. Further, the parties are scheduled for pretrial conference by May 2, 2019, Dkt. 74 at 2, and to have contemplated jury selection as early as June 4, 2019, Dkt. 70-1 at 1.

On the other hand, the Delaware Action, which was filed only about ***three months ago,*** truly is in its infancy. In the Delaware Action, no DCO has issued, Google has moved to dismiss CyWee's claims, no discovery has taken place, and the parties are nowhere near filing claim construction briefs. The parties in that case only recently conducted a scheduling conference, and they filed a joint status report regarding same on July 12, 2018. Furthermore, the median time to trial in the District of Delaware versus this District disfavors waiting for any aspect of this case to be finally litigated in Delaware. According to the most recent district court statistics, the median time from filing to trial in civil cases was over 27 months in the District of Delaware for the past year. *See* Exhibit A at 2. However, in this District, the median time to trial was only 20.2

months. *Id*. at 3. Whereas trial in this case will likely be completed less than a year from now, the Delaware Action will likely not reach trial until sometime in November 2020. Thus, a stay in favor of the Delaware Action would potentially delay final resolution of this action by a year or more.

Huawei has made no showing that such a delay would simplify this case's issues. Huawei simply claims the Delaware Action will fully resolve the core issue of infringement as to one accused product which, as discussed above, is false. Dkt. 77 at 12. In addition to its claims against the Huawei Nexus 6P, CyWee also accused six other Huawei devices of infringing the Patents-in-Suit: the Honor 8, the Mate 9, the MediaPad M2 10.0, the Mate 10, the Mate 10 Porsche and the Mate 10 Pro. Dkt. 62 ¶¶26, 162. Thus, far from simplifying this case, Huawei's requested stay will actually overly complicate (and with respect to one product, duplicate) the suit, requiring one trial for the other six accused products, and a separate one for the Huawei Nexus 6P at some undetermined time following CyWee's trial against Google in Delaware. This would unquestionably be a waste of judicial resources.

Where "there is even a fair possibility that the stay…will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, there is more than a possibility that the stay will damage CyWee, and Huawei has not made out any case, much less a clear one, that it faces hardship or inequity in the absence of a stay. Huawei has failed to meet its burden, and its request for a stay should be denied.

## IV. CONCLUSION

Although Huawei's motion centers completely on sensor fusion algorithms and/or software, CyWee's infringement action is not based on an algorithm or software claim. The fact remains

that CyWee accused the Huawei Nexus 6P of infringing the Patents-in-Suit, which claim an entire phone as a 3D pointing device. Because Huawei is not a mere reseller of the Huawei Nexus 6P and has not agreed to be bound by a decision in favor of CyWee in the Delaware Action, the customer-suit exception does not apply. Furthermore, the traditional stay factors weigh heavily against a stay because (1) the Delaware Action is in its infancy in comparison to the instant case, (2) the median time to trial in Delaware is significantly longer, and (3) a stay divides this case into two separate lawsuits, one involving six of the accused Huawei devices and another involving just the Huawei Nexus 6P, ultimately wasting judicial resources. Because Huawei has not carried its burden, CyWee respectfully requests this Court to deny Huawei's motion.

Date: July 17, 2018            Respectfully submitted,

           */s/ William D. Ellerman*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

       The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 17, 2018.

           /s/ *William D. Ellerman*
           William D. Ellerman