## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD.,<br>   Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE CO. LTD.,<br>HUAWEI DEVICE (DONGGUAN)<br>CO. LTD., AND HUAWEI DEVICE<br>USA, INC.,<br>   Defendants. | Civil Action No.<br>2:17-cv-00495-WCB-RSP<br><br>**JURY TRIAL DEMANDED** |

## HUAWEI'S REPLY IN SUPPORT OF MOTION TO STAY CYWEE'S CLAIMS AGAINST THE GOOGLE NEXUS 6P

**TABLE OF CONTENTS**

INTRODUCTION……………………………...……………………………………… 1

ARGUMENT………………………………………………………………………………... 1

I.      The Federal Circuit Squarely Rejected CyWee's Hardware Argument in *Rockstar*……... 1

II.     Although the Law Does Not Require it, Huawei Voluntarily Agrees to be Bound By the Delaware Court's Findings on Infringement of the Google Nexus 6P…..……….. 3

III.    The Customer-Suit Rule Applies Here, as CyWee's Authorities Confirm…………...…..4

IV.    CyWee Cannot Claim Prejudice, and Has Delayed Its Own Trials Several Times…....…5

CONCLUSION………………………….…..……………………………………….......…..5

## **TABLE OF AUTHORITIES**

**Page(s)**

*Cases*

*CyWee Grp. Ltd v. Google LLC*,
　No. 18-571 (D. Del. Apr. 16, 2018)..................................................................................2, 5

*GeoTag v. Georgio Armani Spa et al.*,
　No. 10-569, 2012 WL 12829997 (E.D. Tex. Aug. 27, 2012).............................................. 3

*In re Google Inc. ("Rockstar")*,
　588 F. App'x 988 (Fed. Cir. 2014)...............................................................................*passim*

*Kahn v. Gen. Motors Corp.*,
　889 F.2d 1078 (Fed. Cir. 1989)............................................................................................ 3

*NFC Tech. LLC v. HTC Am., Inc.*,
　No. 13-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).............................................. 5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
　657 F.3d 1349 (Fed. Cir. 2011)............................................................................................ 3

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*,
　458 F.3d 1335 (Fed. Cir. 2006)............................................................................................ 4

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*,
　No. 13-909, 2015 WL 123593 (E.D. Tex. Jan. 6, 2015)...................................................... 4

## INTRODUCTION

CyWee's opposition is notable for what it does not do.  Huawei's motion showed that:

- The source code for the accused Nexus 6P functionality comes from Google, not Huawei, and Huawei's witnesses cannot testify about how it works;

- CyWee chose to face two trials in two jurisdictions, making the question here whether claims against the Nexus 6P should be tried once (in Delaware) or twice (there and here); and

- A stay will increase judicial efficiency, because witnesses from Google, not Huawei, must testify about the accused functionality of the Nexus 6P.

CyWee does not rebut or even address any of these points.  Instead, CyWee asserts a hardware-centric argument the Federal Circuit previously rejected in the *Rockstar* decision, and which this Court should likewise reject here.  CyWee then argues that this Court cannot issue a stay because Huawei has not agreed to be bound by the Nexus 6P claims in the Delaware action, but Huawei does so below.  Finally, CyWee attempts to assert prejudice based on a possible delay of claims regarding the Google Nexus 6P, which is insufficient under the law and not credible in light of CyWee's dilatory prosecution of claims in serial infringement actions.  For these reasons and those set forth in Huawei's motion, the Court should stay CyWee's claims against the Nexus 6P.

## ARGUMENT

### I. The Federal Circuit Squarely Rejected CyWee's Hardware Argument in *Rockstar*

CyWee first argues that, because its allegations touch hardware as well as software, the customer-suit exception cannot apply and its claims must remain before this Court.  Opp. at 5-6.  But the Federal Circuit rejected the same argument in *In re Google Inc.*, 588 F. App'x 988 (Fed. Cir. 2014) ("*Rockstar*"), on facts more favorable to the patentee.  *See* Mot. at 10-11.  This Court should follow *Rockstar* and stay the Nexus 6P claims.

CyWee's argument depends on its assertion that, because "CyWee does not allege infringement based *solely* on an algorithm or software claim," and its "allegations are not

focused *entirely* on the software," necessarily "the customer-suit exception does not apply here." Opp. at 5-6 (emphasis added). CyWee claims its allegations run against "various physical, mechanical, and software features, all of which, when combined, infringe the patents," implying it has focused heavily or even equally on hardware. *Id*. at 5. This implication cannot survive scrutiny of CyWee's infringement contentions, which gloss over hardware in favor of lengthy discussion of software. To allege infringement of claims requiring a "six-axis motion sensor," CyWee states only that accused devices "include[] an accelerometer and gyroscope" (Mot. Ex. 1 at 6-7, 11-12); similarly, to allege infringement of claims requiring a "nine-axis motion sensor module," CyWee states only that accused devices "include[] a 3-axis gyroscope, a 3-axis accelerometer, and a 3-axis magnetometer." *Id.* Ex. 7 at 13. CyWee does not specify anything further, and any accelerometer, gyroscope or magnetometer will do.[1] *Every other element* in CyWee's infringement contentions accuses *software* from Google's Android Open Source Project.[2] CyWee's allegations do not run equally against "various physical, mechanical, and software features"; they focus almost entirely on software, giving hardware barely a glance.[3]

The Federal Circuit in *Rockstar* confronted and dismissed the same argument, on facts more favorable to the patentee. Plaintiff Rockstar relied in part on "each defendant mobile phone manufacturer's ability to modify and customize the Android platform to its own particular purpose" (*Rockstar,* 588 F. App'x at 990); here, the Nexus 6P is the same in both actions. There, two patents were exclusive to hardware and had no software elements (*id.*); here, both patents

---

[1] *Id*. Ex. 1 at 6-7, 11-12; Ex. 2 at 6-7, 8-9; Ex. 3 at 6-7, 8-9; Ex. 4 at 6-7, 8-9; Ex. 5 at 6-7, 8-9; Ex. 6 at 6-7, 8-9; Ex. 7 at 13; Ex. 8 at 11; Ex. 9 at 11; Ex. 10 at 11; Ex. 11 at 11; Ex. 12 at 11.

[2] *Id*. Ex. 1 at 4, 8-10, 13-15, 17-22, 24-41; Ex. 4 at 4, 7, 9, 11-14, 16-32; Ex. 7 at 4-12, 14-19; Ex. 10 at 4-10, 12, 13.

[3] Unsurprisingly, CyWee takes the same view in its action against Google. Opposing Google's motion to dismiss in Delaware, for example, CyWee characterizes claim 14 of the '438 patent as mapping "directly" onto Figure 14, which does not mention hardware. *CyWee Grp. Ltd v. Google LLC,* No. 18-571, Docket. No. 17 at 5 (D. Del. Apr. 16, 2018), attached as Exhibit 17. CyWee further asserts that claim will apply even if the "gyroscopes" (now plural) are replaced with "other rotation sensors," confirming hardware's irrelevance. *Id.*

focus largely on software. Even on those facts, the *Rockstar* Court found that because plaintiff's infringement contentions "rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google," as a result, "the record strongly suggests there will be substantial similarity involving the infringement and invalidity issues in all the suits." *Id*. To support a stay, a manufacturer action need not resolve all issues in a customer suit; instead, Google's declaratory claims need only concern "substantially the same controversy" and resolve "major premises" of CyWee's claims on the identical patent claims and against the identical device here. *Id.* at 989-991. That is so, and CyWee does not contend otherwise.

II. **Although the Law Does Not Require it, Huawei Voluntarily Agrees to be Bound By the Delaware Court's Findings on Infringement of the Google Nexus 6P**

CyWee argues that the customer-suit exception "could never apply here" because "Huawei has not agreed to be bound by a decision" in Delaware. Opp. at 4. CyWee's cases say no such thing.[4] In any event, CyWee did not raise this issue before Huawei filed its motion; now that CyWee has done so, if this Court stays CyWee's claims regarding the Nexus 6P, Huawei will voluntarily agree to be bound by the outcome of the Delaware action regarding alleged infringement of the Google Nexus 6P. (CyWee and Huawei must continue litigating invalidity of the asserted patents in this action, as Huawei does not seek a stay of all claims before this Court.)

---

[4] In *Kahn v. Gen. Motors Corp.*, the Federal Circuit held that the customer-suit exception did not apply based on a number of factors, including that the plaintiff "would still have to relitigate the question of infringement against General Motors, and perhaps also of validity"; "the measure of General Motors' obligation for damages and Motorola's (if any) involve different parameters"; "injunction against General Motors is not available"; and "[w]hether Motorola's 'technology' is used in the AM stereo receivers manufactured and sold by General Motors is pertinent only if Motorola would be liable, under law, for infringement." 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). None of these factors are present here. And, as the Federal Circuit explained in *Spread Spectrum*, it later expressly clarified and limited *Kahn*: "In a subsequent decision, however, we clarified that the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (further noting that "*Kahn* was primarily concerned with injunctive relief, which is not at issue here."). In *GeoTag v. Georgio Armani Spa et al.*, the District Court likewise considered numerous factors but ultimately concluded that "[b]ased *primarily on considerations of efficiency*, the Court finds it improper to stay the first-filed customer suits in light of the later-filed declaratory action." No. 10-569, 2012 WL 12829997, at *4 (E.D. Tex. Aug. 27, 2012) (emphasis added).

### III. The Customer-Suit Rule Applies Here, as CyWee's Authorities Confirm

CyWee supports its faulty factual arguments with equally faulty law, arguing that this Court *must* rely on three specific factors to determine whether the customer-suit exception applies: whether Huawei is a "mere reseller"; whether Huawei agrees to be bound; and whether Huawei is the sole source of the accused product. Opp. at 4 (citing *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 13-909, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). But, as CyWee's sole cited authority confirms, CyWee misunderstands the Circuit law governing this inquiry, which expressly rejects such a rigid approach. "The way to avoid wasted resources is not through such a 'mechanical solution' or 'precise rule,'" but "is instead through a flexible approach, including staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *Rockstar*, 588 F. App'x at 991 (holding that the significant overlap in issues "undermines the district court's main premise in rejecting a stay"—namely, that each defendant was not a "mere reseller" because they were able to modify and customize the Android platform). *Vantage Point* itself followed this line of law, finding that parties before it "are not 'mere resellers'" and that their "their agreement to be bound by the technical operation is likewise insufficient," but *nonetheless concluding* that "considerations of judicial efficiency should govern the Court's actions and that greater efficiency can be gained by severing and transferring portions of these cases." *Vantage Point*, 2015 WL 123593, at 5.[5] As Huawei explained in its motion, judicial efficiency supports stay here, so these claims will be tried only once, instead of twice as CyWee evidently prefers. Mot. at 9.

---

[5] As to other defendants, the *Vantage Point* Court denied stay or transfer on judicial efficiency facts not present here: for example, the Court found that for certain defendants, there was "no 'second-filed' case in a different forum. Instead, both the consumer and manufacturer have pending cases in the same forum, and those cases have been consolidated for all pretrial matters," (*id*. at 3), and that "the act of consolidation advances the very same goals that the consumer-suit exception seeks to advance: judicial efficiency" (*id*. (citing *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006))).

– 4 –

### IV. CyWee Cannot Claim Prejudice, and Has Delayed Its Own Trials Several Times

As Huawei explained, a stay of the Nexus 6P claims would benefit, not prejudice, CyWee. *See* Mot. at 8-9. In response, CyWee makes only the anemic assertion of prejudice because "the Delaware Action will undoubtedly take considerably longer to resolve than the instant case." Opp. at 7. But a plaintiff's interest in timely enforcement is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). CyWee makes no other argument for prejudice, dooming that one.

CyWee's own behavior similarly undercuts its prejudice claim. CyWee waited until April 2018 to sue Google in Delaware, necessarily accepting that Court's trial schedule, and should not now claim prejudice because it cannot try the Nexus 6P *twice*. CyWee has sought no discovery from Google in this action, and thus has lost no time learning how the device works. *See* Decl. of Hongyu Li ¶ 2. Finally, CyWee has repeatedly extended trial dates in its various actions on these patents (including this one), showing its view that delay is not prejudice.[6] In short, CyWee has presented no prejudice at all, let alone one that can overcome Huawei's showing for stay.

### CONCLUSION

For the foregoing reasons and those set forth in Huawei's motion, the Court should stay CyWee's claims regarding the Google Nexus 6P until final resolution of *CyWee Grp. Ltd. v. Google LLC*, No. 18-571, in the District of Delaware.

Date: July 24, 2018                         Respectfully submitted,

                                            */s/ J. Mark Mann*
                                            J. Mark Mann (Bar No. 12926150)

---

[6] *See* Docket No. 70 (delaying trial by three months and two weeks); *CyWee Grp. Ltd. v. HTC Corp. et al.*, No. 17-932, Docket No. 97 (W.D. Wash. July 17, 2018) (same by three months), attached as Exhibit 18; *CyWee Grp. Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 17-140, Docket No. 92 (E.D. Tex. May 9, 2018) (same by four months).

mark@themannfirm.com
G. Blake Thompson (Bar No. 24042033)
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main Street
Henderson, Texas, 75652
+ 1 (903) 657-8540
+ 1 (903) 657-6003 facsimile

Steven D. Moore (CA Bar No. 290875)
smoore@kilpatricktownsend.com
Kristopher L. Reed (CA Bar No. 290875)
kreed@kilpatricktownsend.com
Benjamin M. Kleinman-Green
(CA Bar No. 261846)
bkleinman-green@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, California, 94111
+1 (415) 576-0200
+1 (415) 576-0300 facsimile

Matthew S. Warren (CA Bar No. 230565)
Elaine Y. Chow (CA Bar No. 194063)
(admitted pro hac vice)
17-495@cases.warrenlex.com
WARREN LEX LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile

*Attorneys for Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2018, I served the foregoing by notice of electronic filing on counsel of record registered as CM/ECF users.

/s/ J. Mark Mann
J. Mark Mann