# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> *Defendants.* | CASE NO. 2:17-cv-00495-WCB-RSP <br><br><br> JURY TRIAL DEMANDED |

## **PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO STAY**

Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
Attorneys for Plaintiff CyWee Group Ltd.

## I.  INTRODUCTION

Huawei[1] has not made the necessary showing to justify the extraordinary remedy of a stay of this litigation in deference to the later-filed Google Action.[2] Instead, Huawei continues to mischaracterize CyWee's[3] infringement theories, contentions, and the Federal Circuit's decision in *In re Google*, 588 F. App'x 988 (Fed. Cir. 2014). First, CyWee's infringement contentions neither "gloss over" the hardware elements at issue nor favor software over hardware. Rather, the hardware requirements are succinctly described and demonstrated.

Second, in *In re Google*, the Court never even addressed Rockstar's hardware arguments, much less rejected them. Dkt. 82 ECF at 4. Instead, the Court granted a stay because the proceedings were "so closely related that substantial savings of litigation resources" could be expected. *In re Google*, 588 Fed. App'x at 991 (Fed. Cir. 2014). That is not the case here. In fact, Huawei's own admission that the parties "***must*** continue litigating invalidity of the asserted patents" in this Court clearly shows that a stay would be judicially inefficient. Dkt. 82 ECF at 6. Moreover, Huawei does not seek to stay CyWee's claims against the six other accused products, and the Google Action would not decide all (or even a substantial portion) of the infringement issues in this case.

Huawei's motion is meritless and should be denied.

---

[1] "Huawei" refers collectively to Defendants Huawei Device Co. Ltd, Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.
[2] "Google Action" refers to *CyWee Grp. Ltd. v. Google LLC,* Case No. 18-571, pending in the District of Delaware.
[3] "CyWee" refers to Plaintiff CyWee Group Ltd.

## II. ARGUMENTS & AUTHORITIES

### A. The Customer-Suit Exception Does Not Apply Here.

The customer-suit exception only applies when "the manufacturer is the true defendant in the customer suit," *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990), and "the second action would resolve all charges against the customer[]," *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). The doctrine is not relevant when it is unlikely to resolve, at the very least, "the 'major issues' concerning the claims against the customer." *Id*. As with the underlying rule, the "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Id*. at 1357.

Here, Huawei makes and sells the Huawei Nexus 6P. Thus, it is a *manufacturer*, not a *customer*, and is therefore the "true defendant" here. Google[4] does not take responsibility for the accused product. Instead, both Huawei and Google insist that Google only makes the software for the device. As the product manufacturer, Huawei must possess all other relevant information and documents concerning design, production, costs, and sales. Thus, Google's witnesses would undoubtedly not be as knowledgeable about the hardware elements of the Huawei Nexus 6P, and the Google Action would likely not resolve the major issues against Huawei as to that device unless Huawei expressly concedes the hardware elements are present, which it has not done.

A stay would create multiple lawsuits and cause judicial inefficiency. Huawei's own admission demonstrates that much. *See* Dkt. 82 ECF at 6 ("CyWee and Huawei *must* continue litigating invalidity of the asserted patents in this action, as Huawei does not seek a stay of all claims before this Court.") (emphasis added). Huawei wants to proceed on its

---

[4] "Google" refers to Google LLC.

own invalidity case and does not seek a stay with regard to its other six accused devices. Thus, one trial would be required on the other six accused devices, and another trial would be needed just for the Huawei Nexus 6P. And that second trial would likely be further split into two more trials (one dealing with software and another hardware since neither Huawei nor Google wants to claim the entire device). Such a waste of judicial resources is needless and unwarranted.

**B. *In Re Google* is Distinguishable.**

Despite its heavy reliance on *In Re Google,* Huawei completely ignores that case's significant distinctions. First, in *In re Google*, the patents-in-suit were "largely directed to software functionalities implemented on a general-purpose computing device." *In re Google*, 588 Fed. App'x at 989. Here, as discussed in detail in CyWee's response (Dkt. 81), the patents-in-suit are not largely directed to software functionalities but rather disclose and claim a 3D pointing device comprised of hardware and software elements. To support its meritless motion, Huawei improperly focuses on one component of infringement (sensor fusion software) and mischaracterizes CyWee's patents, infringement theories, and infringement contentions. CyWee's infringement contentions neither ignore nor "gloss over hardware," Dkt. 82 ECF at 5, but instead are succinctly described and demonstrated.

Furthermore, in *In re Google*, Rockstar specifically amended its original complaint against Samsung in the Eastern District of Texas to include Google as a defendant, then moved to transfer or dismiss Google's declaratory action in the Northern District of California by arguing "the proceedings involve substantially the same controversy." *In re Google*, 588 Fed. App'x at 989-90. As a result, the Northern District of California held that determination of the infringement issues would likely be dispositive of all the cases since

"[t]he *vast majority* of the claims brought in the [Texas] actions appear to be *targeted specifically at Android features*." *Id.* at 989 (emphasis added).

Here, Google is not a co-defendant, CyWee has not claimed the two cases involve "substantially the same controversy," and neither the District of Delaware nor this Court have concluded that a determination of infringement issues in either case would be dispositive on both cases. CyWee's claims are directed towards Huawei products and are not targeted "specifically" toward Google's software.

### C. Unnecessary Delay Will Prejudice CyWee.

Huawei completely misrepresents CyWee's scheduling changes and litigation practice and/or strategy. Huawei attempts to chastise CyWee for not yet engaging in discovery in the Google Action, even though Huawei is perfectly aware that the parties only recently conducted a scheduling conference and filed a joint status report in that case. Although CyWee has filed other lawsuits asserting the patents-in-suit in multiple jurisdictions (and some schedules in those cases have been amended for good cause shown), none of those cases will take as long to reach trial as the Google Action. The unnecessary delay that Huawei seeks here will unquestionably prejudice CyWee.[5]

### III.  CONCLUSION

Given the circumstances, the principles of judicial efficiency and economy are best served by allowing CyWee's claims against the Huawei Nexus 6P to proceed. Accordingly, the Court should deny Huawei's motion.

---

[5] Conspicuously absent from Huawei's motion and reply is any actual facts to support a stay would not unduly prejudice CyWee or simplify this case. Huawei's conclusory statements are insufficient. Furthermore, Huawei's cited authority confirms that a plaintiff's interest in timely enforcement of its patent rights is entitled to weight. *NFC Tech. LLC v. HTC Am., Inc.,* 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

Date: July 31, 2018                                   Respectfully submitted,

                                                                      */s/ William D. Ellerman*
Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 31, 2018.

                                                                       */s/ William D. Ellerman*
                                                                       William D. Ellerman