IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> HUAWEI DEVICE CO. LTD., HUAWEI § <br> DEVICE (DONGGUAN) CO. LTD., and § <br> HUAWEI DEVICE USA, INC., § <br> § <br> *Defendants*. § | Case No. 2:17-CV-495-WCB |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Huawei's Motion to Dismiss CyWee's Third Amended Complaint, Dkt. No. 65. The motion is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiff CyWee Group Ltd. is the owner of U.S. Patent No. 8,441,438, entitled "3D pointing device and method for compensating movement thereof," and U.S. Patent No. 8,552,978, entitled "3D pointing device and method for compensating rotations of the 3D pointing device thereof." On June 9, 2017, CyWee filed this action alleging that defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc. (collectively "Huawei") directly and indirectly infringe CyWee's patents. Dkt. No. ¶¶ 26, 107. CyWee has filed three amended complaints, filed either by right or by agreement of the parties. *See* Dkt. Nos. 7, 10, 53, 62. The third amended complaint was filed on May 11, 2018. It accuses Huawei of direct and indirect infringement by "making, using, selling, offering to sell, and/or importing" seven products: the Huawei Nexus 6P, the Huawei Mate 9, the Huawei MediaPad M2 10.0, the Huawei Honor 8, the Mate 10, the Mate 10 Pro, and the Mate 10 Porsche. Dkt. No. 62 ¶¶ 26, 162.

1

Huawei moves to dismiss CyWee's allegations of indirect infringement on two grounds. First, Huawei argues that CyWee's third amended complaint contains no allegations regarding the Mate 10, Mate 10 Porsche, MediaPad, or Nexus 6P sufficient to show that Huawei specifically intended its customers to infringe the asserted patents. Dkt. No. 65, at 7–9. Second, Huawei argues that CyWee has failed to adequately allege indirect infringement for any of the seven accused devices because CyWee has (1) failed to establish any pre-suit knowledge of the asserted patents; (2) failed to plead specific intent to induce infringement; and (3) failed to sufficiently allege infringement by any third party. Dkt. No. 65, at 9–13.

## II. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question to be resolved on a Rule 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Upon viewing the facts most favorably to the plaintiff, the court must decide whether those facts state a claim for relief that is plausible on its face. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012). "A claim is plausible if 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, the standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "The factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

The Court first addresses Huawei's arguments regarding pre-suit knowledge and third party infringement.

### A. Pre-Suit Knowledge

Huawei argues that CyWee has failed to establish induced infringement because the third amended complaint fails to establish any pre-suit knowledge of the asserted patents. Dkt. No. 65, at 10. The complaint alleges that Huawei is aware of the asserted patents "at least as a result of the filing of this action." Dkt. No. 62 ¶¶ 28, 164. This is fatal to the allegations of induced infringement, according to Huawei, because the alleged specific acts of inducement—such as the user guides for the Honor 8 and the Mate 9—both predate the filing of this action. Huawei also notes that the Nexus 6P was discontinued before this action commenced. Dkt. No. 65, at 10. CyWee responds that it is not alleging pre-suit induced infringement, but that Huawei's continued publication and distribution of the user guides is sufficient to establish inducement. Dkt. No. 71, at 11.

The Court agrees with CyWee. The third amended complaint alleges that "Huawei provides manuals and instructions . . . and/or provides instructional and support materials on its website that teach and instruct its customers to operate those products in ways that practice the claimed invention." Dkt. No. 62 ¶¶ 149, 222 (emphasis added). The use of the present tense—"provides"—indicates that Huawei, with knowledge of infringement no later than the time of the filing of the complaint, continues to provide those instructions. Even if Huawei did not have knowledge of the asserted patents before this action was filed, that knowledge and Huawei's continued distribution of the instructions is sufficient to establish post-suit infringement. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2016 WL 1643315, at *4–5 & n.4 (E.D. Tex. Apr. 26, 2016); *see also Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011).

Because CyWee disclaims any allegations of pre-suit induced infringement, Huawei's motion to dismiss is granted with respect to pre-suit induced infringement and denied with respect to post-suit induced infringement.

### B. Third Party Infringement

Next, Huawei argues that CyWee's allegations of induced infringement fail because CyWee has not identified "which (if any) specific 'motion gestures' it believes infringe which claims or even which patents, instead pointing to a list of generic motion gestures that users may or may not perform." Dkt. No. 65, at 12 (citing Dkt. No. 62 ¶ 149). Huawei contends that "[b]ecause CyWee does not identify any specific allegedly infringing Huawei features or explain how Huawei's user guides instruct consumers to perform gestures in an infringing manner, its allegations of indirect infringement also fail for this reason." *Id.* CyWee responds that a complaint is not required to identify a specific direct infringer or plead how a third party infringes in order to

state a claim for induced infringement. Dkt. No. 71, at 5–6. CyWee points to the exemplary claim chart for each asserted patent that was attached to the complaint, which describes how one of the accused products infringes at least one claim of each of the asserted patents. Dkt. No. 71, at 6 (citing Dkt. Nos. 62-1, 62-2).

The law supports CyWee's position. As the Federal Circuit has stated: "Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more. To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).

Case law from this district is to the same effect. In *Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325, 2016 WL 9275395 (E.D. Tex. Oct. 19, 2016), Judge Gilstrap ruled that general allegations that "customers . . . directly infringe the [asserted patent] by using, importing, marketing, selling, or offering for sale the accused products" is sufficient to state a claim for induced infringement. *Id.* at *3 (citing No. 2:16-CV-325, Dkt. No. 1 ¶¶ 16, 19).[1] Similarly, in *ZiiLabs Inc. v. Samsung Electronics Co. Ltd.*, No. 2:14-CV-203, 2015 WL 1456540 (E.D. Tex. Mar. 30, 2015), Judge Gilstrap ruled that an allegation that the defendants "have induced, caused, urged, encouraged, aided, and abetted their direct and indirect customers to make,

---

[1] The paragraphs cited by Judge Gilstrap stated, in relevant part: "Specifically, by way of example only, Power Integrations provides Accused Products to be incorporated into consumer electronic products and used within the United States. Power Integrations also provides Accused Products to distributors such as Mouser for sale and offer for sale within the United States," No. 2:16-CV-325, Dkt. No. 1 ¶ 16; and "Mouser, without authority, consent, right, or license, and in direct infringement of the '623 Patent, uses, imports, has imported, markets, sells, or offers for sale the Accused Products. Mouser is a distributor of Power Integrations' Accused Products. Mouser imports, sells, and/or offers for sale, the Accused Products in the United States that directly infringe at least Claim 1 the '623 Patent," *id.* ¶ 19.

use, sell, offer for sale, and/or import products which infringe the [asserted patent] and use methods that infringe the [asserted patent]" was sufficient to adequately allege direct infringement by the defendants' customers. *Id.* at \*3; *see also, e.g.*, *Pers. Audio, LLC v. Google, Inc.*, No. 1:15-CV-350, 2017 WL 4837853, at \*7 (E.D. Tex. May 15, 2017) ("Identifying 'customers' and 'manufacturers' behind the indirect infringement claims is sufficient at the pleading stage.").

CyWee's complaint adequately alleges that Huawei's customers will directly infringe. The complaint alleges that Huawei's infringing products "have been and continue to be purchased by consumers," Dkt. No. 62 ¶ 11, and that Huawei has instructed "end-users of [its accused products] to operate those products in ways that practice the claimed invention," *id.* ¶¶ 151, 224. In addition, CyWee alleges that Huawei's manuals, instructions, and support materials for the accused products "teach and instruct its customers to operate those products in ways that practice the claimed invention." *Id.* ¶¶ 149, 222. CyWee's exemplary claim chart also describes in detail how one accused product satisfies all the limitations of at least one claim of each asserted patent. Dkt. Nos. 62-1, 62-2. As the Federal Circuit has made clear, in the context of induced infringement a plaintiff is not required to "plead facts establishing that each element of an asserted claim is met" and "need not even identify which claims it asserts are being infringed." *In re Bill of Lading*, 681 F.3d at 1335. CyWee's allegations that customers operate Huawei's products in a manner that practices the claimed invention is all that is required. *See id.* at 1334; *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 n.3 (Fed. Cir. 2018); *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Accordingly, Huawei's motion on this issue is denied.

C. Specific Intent

Huawei argues that the allegations regarding the Honor 8, the Mate 9, and the Mate 10 Pro "do not support a reasonable inference that Huawei possessed the required specific intent." Dkt. No. 65, at 10–12. In addition, Huawei argues that CyWee has failed to sufficiently plead specific intent to induce infringement regard to the Mate 10, the Mate 10 Porsche, the MediaPad, and the Nexus 6P because the third amended complaint cites user guides for the Honor 8, the Mate 9, and the Mate 10 Pro, and a keynote presentation regarding the Mate 10 Pro, but does not do so for the remaining four products. Dkt. No. 65, at 5–7. The Court holds that the allegations in the third amended complaint are sufficient to plead specific intent to induce infringement for all seven devices.

**1.** With respect to the Honor 8, the Mate 9, and the Mate 10 Pro, CyWee's complaint alleges that the user manuals for those devices "teach and instruct [Huawei's] customers to operate those products in ways that practice the claimed invention" by teaching various motion gestures and other features that use the gyroscope and accelerator sensors in the devices. Dkt. No. 62 ¶¶ 149, 222.

Huawei argues that those allegations are insufficient to prove intent to cause infringement "because, as CyWee acknowledges, users and devices can perform motion gestures in a non-infringing manner." Dkt. No. 65, at 11 (quoting Dkt. No. 62 ¶¶ 23, 159). Huawei's argument is unpersuasive. The portion of the complaint that Huawei cites explains that there are "alternative methods to determining orientation within a special reference frame, such as systems and methods utilizing computer vision algorithms and/or cameras." Dkt. No. 62 ¶¶ 23, 159. However, the complaint is clear, particularly in the attached exemplary infringement charts, that CyWee is accusing the use of the accelerometers, gyroscopes, and magnetometers that CyWee alleges

infringes its asserted patents. It is not accusing methods that use computer vision or cameras. *See* Dkt. Nos. 62-1, 62-2.

The Court is satisfied that the third amended complaint sufficiently alleges specific intent with regard to the Honor 8, the Mate 9, and the Mate 10 Pro. CyWee's third amended complaint alleges that Huawei is "creating and disseminating the . . . Accused Products and product manuals, instructions, promotional and marketing materials, and/or technical materials to distributors, resellers, and end users—encouraging others to infringe the [patents] with the specific intent to induce such infringement." Dkt. No. 62 ¶¶ 148, 221; *see also id.* ¶¶ 28, 164. To illustrate such activities, CyWee describes three user manuals that teach allegedly infringing behavior, and attaches each to the third amended complaint. *Id.* ¶¶ 149, 222. And the complaint describes exemplary allegations of direct infringement in great detail. Dkt. Nos. 62-1, 62-2. CyWee's allegations, illuminated by the exemplary user manuals and the allegations of direct infringement, are sufficient to raise an inference that Huawei specifically intended to induce infringement of the asserted patents. *See, e.g.*, *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-52, 2017 WL 1129951, at *3 (E.D. Tex. Feb. 21, 2017) (allegations that defendant "takes 'active steps to induce infringement of . . . [the asserted claims] by others, including its customers, network users, and authorized resellers," combined with allegations that the defendant and its customers benefit from the infringement held to be sufficient to plead induced infringement), *report and recommendation adopted*, 2017 WL 1109875 (E.D. Tex. Mar. 24, 2017); *Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016).

This is not a case in which the complaint merely cites conclusory allegations that mirror the legal standard. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *see also CyWee Grp. Ltd. v. HTC Corp.*, No. C17-932, 2018 WL 1137068, at

8

*4–6 (W.D. Wash. 2018). Nor is this a case similar to *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015), upon which Huawei relies. CyWee, unlike Core Wireless, has alleged "facts identifying, . . . at a basic level, which functionalities of the accused products are at issue, [and] how the instructions direct customers to use those products in an infringing manner." *Id.* at *4; *see also Corydoras Techs., LLC*, 2016 WL 9242435, at *2 (references to certain features that infringe is sufficient to survive a motion to dismiss). Here, CyWee has provided specific exemplary allegations for two of the asserted claims, has alleged that the use of at least some of the motion gestures in the accused devices infringe the asserted patent, and has alleged that Huawei specifically intends its customers to use those motion gestures to infringe. Dkt. No. 62 ¶¶ 148, 149, 221, 222; Dkt. Nos. 62-1, 62-2. Nothing more is required. Huawei's motion to dismiss the induced infringement claims with respect to the Honor 8, the Mate 9, and the Mate 10 Pro is therefore denied.

**2.** Finally, Huawei argues that the third amended complaint cannot sufficiently allege specific intent to infringe because the complaint does not recite any specific actions taken by Huawei with respect to the remaining four accused products: the Mate 10, the Mate 10 Porsche, the MediaPad, and the Nexus 6P. Huawei's argument is based entirely on the Federal Circuit's decision in *In re Bill of Lading*. In particular, Huawei cites the passage from *In re Bill of Lading* that states that a complaint "must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe." *Id.* at 1339.

Huawei does not cite any case that supports its proposition that a plaintiff must plead specific acts of induced infringement on a product-by-product basis, nor is the Court aware of any case law that supports such a proposition. Nothing in *In re Bill of Lading*, the only case that Huawei cites for this argument, supports Huawei's proposed requirement. Rather, *In re Bill of*

9

*Lading* made clear that a plaintiff need not "prove its case at the pleading stage," 681 F.3d at 1339 (citing *Skinner*, 562 U.S. at 529–30), as "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met," *id.* at 1335; *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) ("The plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 556)).

Indeed, *In re Bill of Lading* rejected the same argument that Huawei makes here. The district court dismissed the complaint in that case because the plaintiff had "not provided statements from [a defendant] which specifically instruct [that defendant's] customers to perform all of the steps of the patented method." 681 F.3d at 1341. The Federal Circuit emphasized that, at the pleading stage, a plaintiff is not required to "allege facts that prove all aspects of its claims, or at the very least make those claims probable." *Id.* Rather, allegations that the defendant advertised that the product and its benefits are sufficient to give rise to a reasonable inference of an intention to induce infringement. *Id.* at 1341–42; *see also id.* at 1343–46.

The Court must draw all reasonable inferences in favor of Cywee. *Id.* at 1339–40. Here, as all seven of the accused products contain a 3-axis accelerometer, a 3-axis gyroscope, and run the same Android operating system, Dkt. No. 62 ¶¶ 31, 32, 38, 48, 49, 55, 65, 66, 72, 82, 83, 89, 99, 100, 106, 116, 117, 123, 133, 134, 140, the allegations permit the Court to reasonably infer that, if any of the seven accused devices infringe, then all of them infringe in the same manner. Moreover, the existence of specific acts of inducement as to three of the seven products raises, to at least a plausible level, an expectation that discovery will reveal other evidence demonstrating specific intent as to the remaining four. *In re Bill of Lading*, 681 F.3d at 1341 (quoting *Twombly*, 550 U.S.

at 556). Huawei's arguments to the contrary would require CyWee "to prove all aspects of its claims" in its complaint, which is not required at the pleading stage. *Id.* Accordingly, the motion to dismiss is denied, except as to pre-suit induced infringement.

IT IS SO ORDERED.

SIGNED this 10th day of August, 2018.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE