## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. |
| vs. | § | 2:17-CV-00495-WCB-RSP |
| | § | |
| HUAWEI DEVICE CO. LTD., | § | |
| HUAWEI DEVICE (DONGGUAN) CO. | § | |
| LTD., AND HUAWEI DEVICE | § | |
| USA, INC., | § | JURY TRIAL REQUESTED |
| | § | |
| Defendants. | § | |
| | § | |

### HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc. (collectively, "Defendants" or "Huawei") hereby file their answer, defenses, and counterclaims to CyWee Group Ltd.'s ("CyWee" or "Plaintiff") Third Amended Complaint ("TAC") filed on May 11, 2018. Each of the paragraphs below corresponds to the same-numbered paragraph in the TAC. Huawei denies all allegations in the TAC, whether express or implied, that are not specifically admitted below, including all allegations in any titles or unnumbered paragraphs. Huawei further denies that CyWee is entitled to any of the requested relief or any other relief.

### ANSWER TO TAC

1.      Huawei admits CyWee filed a TAC, but does not admit that the TAC properly states any claims against Huawei.

2.      Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies them.

3.      Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies them.

4.      Huawei admits that Defendant Huawei Device Co., Ltd. ("Huawei Device") is a Chinese company with a principal place of business in Shenzhen, China.  Huawei admits that Huawei Device is involved in the design, manufacture, and sale of mobile devices, including smartphones that operate on cellular networks.  Huawei denies any and all remaining allegations in this paragraph.  Huawei admits that Defendant Huawei Device USA, Inc. ("Huawei USA") is a subsidiary of Huawei Device.

5.      Huawei admits that Defendant Huawei Device (Dongguan) Co. Ltd. ("Huawei Dongguan") is a Chinese company with a principal place of business in Shenzhen, China. Huawei admits that Huawei Dongguan is involved in the design, manufacture, and sale of mobile devices, including smartphones that operate on cellular networks.  Huawei denies any and all remaining allegations in this paragraph.

6.      Huawei admits that Huawei USA is a Texas corporation with its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, TX 75024.  Huawei admits that Huawei USA distributes, markets, and sells mobile devices, including smartphones that operate on cellular networks in the United States.  Huawei denies any and all remaining allegations in this paragraph.

7.      Huawei admits that Huawei USA is doing business in the United States and, more particularly, in the State of Texas and the Eastern District of Texas.  Huawei denies any and all remaining allegations in this paragraph.

8.     Admitted.

9.     Huawei admits that this action purports to arise under the patent laws of the United States, Title 35, U.S.C. § 1 *et seq*. Huawei admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Huawei denies any and all remaining allegations in this paragraph.

10.     Huawei does not challenge that this Court has personal jurisdiction over Huawei in this action.  Huawei denies any and all remaining allegations in this paragraph.

11.     Huawei states that the allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

12.     For the purpose of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei does not contest that venue properly lies in this district pursuant to 28 U.S.C. § 1400(b); however, Huawei denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei denies that it has committed in this district (or otherwise) the acts of infringement alleged by CyWee.  Huawei denies any and all remaining allegations in this paragraph.

13.     For the purpose of this action, and without waiving any defense of improper venue in connection with any other cause of action or claim, Huawei does not contest that venue properly lies in this district pursuant to 28 U.S.C. § 1391(c)(3); however, Huawei denies that this district is the most appropriate or convenient forum to exercise jurisdiction over this case. Huawei denies any and all remaining allegations in this paragraph.

14.     Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

15.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

16.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

17.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

18.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei lacks knowledge or information sufficient to form a belief about the truth of the facts alleged in this paragraph, and therefore denies the same.

19.     Huawei restates and incorporates by reference its answers to paragraphs 1 through 18 as if fully set forth herein.

20.     Huawei admits that, on its face, U.S. Patent No. 8,441,438 ("the '438 Patent") is entitled "3D Pointing Device and Method for Compensating Movement Thereof."   Huawei admits that, on its face, the '438 Patent lists an issue date of May 14, 2013.  Huawei admits that, on its face, Zhou Ye, Chin-Lung Li, and Shun-Nan Liou are listed as inventors of the '438 Patent.  Huawei admits that, on its face, the '438 Patent lists CyWee Group Ltd. as an assignee of

the '438 Patent.  Huawei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

21.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

22.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

23.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

24.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

25.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

26.     The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

27.     Huawei admits that this paragraph defines the term "'438 Accused Products" to mean the "Huawei Nexus 6P," the "Huawei Mate 9," the "Huawei MediaPad M2 10.0," the

"Huawei Honor 8," the "Mate 10," the "Mate 10 Pro," and the "Mate 10 Porsche design." Huawei denies any and all remaining allegations in this paragraph.

28.     By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."   The remaining allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

29.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

30.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

31.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

32.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

33.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

34.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

35.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

36.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

37.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

38.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

39.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

40.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

41.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

42.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

43.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

44.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

45.     The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

46.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph

47.     The allegation in this paragraph represents a legal conclusion that requires no answer.

48.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph

49.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

50.     The allegation in this paragraph represents a legal conclusion that requires no answer.

51.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

52.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

53.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

54.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

55.     Huawei admits that the Mate 9 runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

56.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

57.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

58.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

59.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

60.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

61.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

62.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

63.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

64.     The allegation in this paragraph represents a legal conclusion that requires no answer.

65.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

66.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

67.     The allegation in this paragraph represents a legal conclusion that requires no answer.

68.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

69.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

70.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

71.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

72.     Huawei admits that the Honor 8 runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

73.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

74.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

75.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

76.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

77.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

78.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

79.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

80.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

81.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

82.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

83.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

84.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

85.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

86.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

87.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

88.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

89.     Huawei admits that the Huawei MediaPad M2 10.0 runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

90.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

91.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

92.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

93.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

94.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

95.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

96.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

97.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

98.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

99.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

100.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

101.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

102.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

103.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

104.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

105.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

106.    Huawei admits that the Huawei Mate 10 runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

107.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

108.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

109.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

110.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

111.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

112.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

113.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

114.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

115.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

116.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

117.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

118.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

119.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

120.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

121.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

122.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

123.    Huawei admits that the Huawei Mate 10 Pro runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

124.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

125.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

126.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

127.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

128.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

129.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

130.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

131.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

132.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

133.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

134.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

135.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

136.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

137.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

138.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

139.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

140.    Huawei admits that the Huawei Mate 10 Porsche runs an operating system based on the Android platform, but has been modified by at least Huawei.  Huawei denies any and all remaining allegations in this paragraph.

141.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

142.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

143.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

144.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

145.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

146.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

147.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '438 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

148.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  The remaining allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

149.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  The remaining allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is

required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

150.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."   The remaining allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

151.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."   Huawei denies the remaining allegation in the first sentence of this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.   Huawei lacks knowledge or information sufficient to form a belief about the truth of the second sentence in this paragraph, and therefore denies it.

152.    Huawei admits that what purports to be a "claim chart" for claim 14 of the '438 Patent is attached to the TAC as Exhibit A.   Huawei denies that Exhibit A satisfies any requirements this Court may have for claim charts or infringement contentions.   Huawei denies any and all remaining allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

153.    The allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

154.     The allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '438 patent, either directly or through inducement.

155.     Huawei restates and incorporates by reference its answers to paragraphs 1 through 154 as if fully set forth herein.

156.     Huawei admits that, on its face, U.S. Patent No. 8,552,978 ("the '978 Patent") is entitled "3D Pointing Device and Method for Compensating Rotations of the 3D Pointing Device Thereof." Huawei admits that, on its face, the '978 Patent lists an issue date of October 8, 2013. Huawei admits that, on its face, the '978 Patent lists Zhou Ye, Chin-Lung Li, and Shun-Nan Liou as the inventors of the '978 Patent.  Huawei admits that, on its face, the '978 Patent lists CyWee Group Ltd. as an assignee.  Huawei lacks sufficient information to admit or deny the remaining allegations and, therefore, denies them.

157.     Huawei is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

158.     The allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

159.     The allegations in this paragraph represent legal conclusions that require no answer.   To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

160.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

161.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

162.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

163.    Huawei admits that this paragraph defines the term "'978 Accused Products" to mean the "Huawei Nexus 6P," the "Huawei Mate 9," the "Huawei MediaPad M2 10.0," and the Huawei Honor 8."  Huawei denies any and all remaining allegations in this paragraph.

164.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

165.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

166.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

167.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

168.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

169.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

170.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

171.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

172.    The Court has stayed the claims against the Google Nexus 6P.  (Dkt. No. 88.) Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

173.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

174.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

175.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

176.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

177.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

178.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

179.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

180.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

181.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

182.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

183.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

184.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

185.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

186.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

187.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

188.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

189.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

190.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

191.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

192.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

193.     The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

194.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

195.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

196.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

197.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

198.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

199.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

200.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

201.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

202.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

203.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

204.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

205.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

206.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

207.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

208.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

209.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

210.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

211.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

212.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

213.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

214.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

215.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

216.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

217.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

218.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

219.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

220.    The allegations in this paragraph represent legal conclusions and depend on the construction of terms in the claims of the '978 Patent.  Therefore, no answer is required.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

221.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

222.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph.

223.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

224.    By Order dated August 10, 2018, the Court dismissed all claims and allegations by CyWee "with respect to pre-suit induced infringement."  Huawei denies the allegation in the first sentence of this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.  Huawei lacks knowledge or information sufficient to form a belief about the truth of the second sentence in this paragraph, and therefore denies it.

225.    Huawei admits that what purports to be a "claim chart" for claim 10 of the '978 Patent is attached to the TAC as Exhibit B.  Huawei denies that Exhibit B satisfies any requirements this Court may have for claim charts or infringement contentions.  Huawei denies any and all remaining allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

226.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

227.    The allegations in this paragraph represent legal conclusions that require no answer.  To the extent an answer is required, Huawei denies any and all allegations in this paragraph, and Huawei specifically denies that it infringes the '978 patent, either directly or through inducement.

## AFFIRMATIVE DEFENSES

228.    Huawei alleges and asserts the following defenses in response to the allegations of the TAC, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Huawei reserves the right to amend its Answer, including asserting additional defenses and counterclaims as the litigation progresses.  In addition, Huawei alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

229.    Huawei does not and has not infringed, literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any valid and enforceable claim of United States Patents No. 8,441,438 and 8,552,978 (collectively, the "Asserted Patents"), willfully or otherwise.  Further, to the extent CyWee asserts that Huawei indirectly infringes, either by contributory infringement or inducement of infringement, Huawei is not liable to CyWee for the acts alleged to have been performed before Huawei allegedly knew that its actions would cause indirect infringement of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

230.    Upon information and belief, one or more claims of the Asserted Patents are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C.

§ 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

231.   CyWee is estopped from construing the claims of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by Huawei or methods used by Huawei because of admissions or statements to the United States Patent and Trademark Office (USPTO) during prosecution of the applications leading to the issuance of the Asserted Patents or applications related thereto, because of disclosures or language in the specification of the Asserted Patents, and/or because of limitations in the claims of the Asserted Patents.

### FOURTH AFFIRMATIVE DEFENSE

### (Limitations on Recovery)

232.   CyWee's claims for damages are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### FIFTH AFFIRMATIVE DEFENSE

### (Barring of Claims for Injunctive Relief)

233.   CyWee is not entitled to injunctive relief against Huawei because CyWee has an adequate remedy at law.  On information and belief, CyWee does not compete with Huawei and does not practice the alleged inventions of the Asserted Patents.

### SIXTH AFFIRMATIVE DEFENSE

### (License and/or Exhaustion)

234.   To the extent that CyWee's accusations of infringement relate to products or services that were provided by or for any licensee of the Asserted Patents and/or provided to

Huawei by or through a licensee of the Asserted Patents or under a covenant not to sue, CyWee's claims are barred, in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

### (Government Sales)

235.    To the extent that Huawei's products have been made for, used by, sold or licensed to, or offered for sale or license to, the United States government, CyWee is precluded from any remedy in this action and may seek relief only by action against the United States under 26 U.S.C. § 1498.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

236.    CyWee has admitted that it has not marked its own products or ensured that its licensees marked their products.

237.    By statute, "in the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice."  35 U.S.C. § 287.

238.    The Asserted Patents contain both method and apparatus claims.

239.    To the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions in the marking statute.

240.    CyWee's claims for damages are therefore limited to, at most, damages for any post-suit infringement it is able to establish.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

241.    CyWee's attempted enforcement of the asserted patents against Huawei is barred, in whole or in part, under the equitable doctrines of estoppel, waiver, and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

242.    Huawei reserves the right to add any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case, including doctrine of acquiescence, patent misuse, inequitable conduct, and/or other applicable equitable doctrines.

## COUNTERCLAIM

243.    Defendants-Counterclaimants Huawei Device Co. Ltd. ("Huawei Device"), Huawei Dongguan Co. Ltd. ("Huawei Dongguan"), and Huawei Device USA, Inc. ("Huawei USA") (collectively, "Huawei") allege as follows:

## NATURE OF ACTION

244.    This is an action seeking declaratory judgments of non-infringement and invalidity of U.S. Patent No. 8,441,438 ("the '438 Patent") and U.S. Patent No. 8,552,978 ("the '978 Patent").

## PARTIES

245.    Huawei Device is a Chinese company with a principal place of business in Shenzhen, China; Huawei Dongguan is a Chinese company with a principal place of business in Shenzhen, China; and Huawei USA is a Texas corporation with a principal place of business in Plano, Texas.

246.     In its Third Amended Complaint, Plaintiff avers that CyWee Group Ltd. ("CyWee") is a corporation existing under the laws of the British Virgin Islands with a principal place of business at 3F, No.28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462.  CyWee has submitted to personal jurisdiction in this Court through the filing of its Complaints against Huawei.

247.     To the extent venue is proper in the underlying patent infringement action, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391(b)–(c) and 28 U.S.C. § 1400(b).  However, Huawei reserves the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## FIRST COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '438 PATENT)

248.     Huawei realleges and reincorporates herein by reference the allegations in Paragraphs 243-247.

249.     In its Third Amended Complaint, CyWee alleges that Huawei infringes the '438 Patent.

250.     Huawei does not infringe and has not infringed any claims of the '438 Patent under any theory of infringement.

251.     Accordingly, there exists an actual and justiciable controversy between CyWee and Huawei with respect to infringement of the '438 Patent.

252.     Huawei hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '438 Patent.

## SECOND COUNTERCLAIM

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '978 PATENT)

253.    Huawei realleges and reincorporates herein by reference the allegations in Paragraphs 243-252.

254.    In its Third Amended Complaint, CyWee alleges that Huawei infringes the '978 Patent.

255.    Huawei does not infringe and has not infringed any claims of the '978 Patent under any theory of infringement.

256.    Accordingly, there exists an actual and justiciable controversy between CyWee and Huawei with respect to infringement of the '978 Patent.

257.    Huawei hereby seeks entry of a declaratory judgment that it does not infringe any claim of the '978 Patent.

## THIRD COUNTERCLAIM

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '438 PATENT)

258.    Huawei realleges and reincorporates herein by reference the allegations in Paragraphs 243-257.

259.    The claims of the '438 Patent are invalid and unenforceable for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

260.    Based on the Third Amended Complaint, an actual and justiciable controversy exists between CyWee and Huawei with respect to the alleged validity and enforceability of the '438 Patent.

261.    Huawei hereby seeks entry of a declaratory judgment that the claims of the '438 Patent are invalid and/or unenforceable.

## FOURTH COUNTERCLAIM

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '978 PATENT)

262.    Huawei realleges and reincorporates herein by reference the allegations in Paragraphs 243-261.

263.    The claims of the '978 Patent are invalid and unenforceable for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

264.    Based on the Third Amended Complaint, an actual and justiciable controversy exists between CyWee and Huawei with respect to the alleged validity and enforceability of the '978 Patent.

265.    Huawei hereby seeks entry of a declaratory judgment that the claims of the '978 Patent are invalid and/or unenforceable.

## DEMAND FOR JURY TRIAL

Huawei hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

1.    WHEREFORE, Huawei respectfully requests this this Court:

    A.    Dismiss CyWee's claims with prejudice;

    B.    Enter judgment in favor of Huawei and against CyWee;

    C.    Deny any and all of CyWee's requests for injunctive relief;

    D.    Enter judgment that Huawei has not infringed, and is not infringing, any valid and enforceable claim of the '438 Patent;

    E.    Enter judgment that the claims of the '438 Patent are invalid, unenforceable, or both;

F.      Enter judgment that Huawei has not infringed, and is not infringing, any

valid and enforceable claim of the '978 Patent;

G.      Enter judgment that the claims of the '978 Patent are invalid,

unenforceable, or both;

H.      Find this case exceptional pursuant to 35 U.S.C. § 285, and award Huawei

its costs and fees, including attorney's fees, and pre-judgment interest thereon;

I.      An order awarding Huawei its costs of suit incurred in this action; and

J.      Grant Huawei any other and further relief as the Court deems just and

proper.

DATED:  August 23, 2018       Respectfully submitted,


By:  */s/Steven D. Moore*                  
     STEVEN D. MOORE

MANN | TINDEL | THOMPSON
     J. MARK MANN (TX Bar 12926150)
     mark@themannfirm.com
     G. BLAKE THOMPSON (TX Bar 24042033)
     blake@themannfirm.com
     300 West Main Street
     Henderson, Texas 75652
     (903) 657-8540
     (903) 657-6003 (fax)

KILPATRICK TOWNSEND & STOCKTON LLP
     STEVEN D. MOORE (Lead Counsel)
     (CA Bar #290875)
     smoore@kilpatricktownsend.com
     KRISTOPHER L. REED (*pro hac pending*)
     kreed@kilpatricktownsend.com
     BENJAMIN M. KLEINMAN-GREEN
     bkleinman-green@kilpatricktownsend.com
     Two Embarcadero Center, Suite 1900
     San Francisco, CA  94111
     Telephone:    415 576 0200
     Facsimile:    415 576 0300

WARREN LEX LLP
     MATT WARREN (CA Bar #230565)
     matt@warrenlex.com
     ELAINE CHOW (CA Bar #194063)
     (admitted pro hac vice)
     elaine@warrenlex.com
     2261 Market Street, No. 606
     San Francisco, CA 94114
     Tel. (415) 895 2940
     Fax. (415) 895 2964

Attorneys for Defendants
HUAWEI DEVICE CO. LTD.,
HUAWEI DEVICE (DONGGUAN) CO. LTD., and
HUAWEI DEVICE USA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 23, 2018.

*/s/ Steven D. Moore*
Steven D. Moore