UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> vs. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | No. 2:17-cv-00495-WCB-RSP <br><br><br> Jury Trial Requested |

**HUAWEI'S OPPOSITION TO CYWEE'S EMERGENCY MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF JOSEPH J. LAVIOLA, JR, PH.D.**

## I. INTRODUCTION

CyWee refuses to permit Huawei to depose CyWee's claim construction expert in person and without artificial restrictions on the scope of questioning. Specifically, CyWee argues that, in view of other cases not involving Huawei, an in-person deposition of Dr. LaViola in which Huawei could ask him about the full range of his claim construction opinions would violate Federal Rule of Civil Procedure 26(b)(2)(C) by being "unreasonably cumulative or duplicative" or by seeking discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Motion at p. 3. But neither is true.

Huawei was not involved in any of CyWee's earlier cases, and thus should be permitted to fully examine Dr. LaViola on his opinions and analyses regarding claim construction. Moreover, if Huawei believes the examination conducted at prior depositions was incomplete or insufficient, it should be permitted to revisit those topics. CyWee argues that because Dr.

LaViola has been deposed once in another case regarding his opinions on the construction of these claims (at a deposition in which Huawei had no involvement and for which, contrary to CyWee's claims, Huawei does not yet have the transcript despite multiple requests) he need never be deposed on claim construction again.[1]  That is wrong as a matter of due process and common sense.  It was not Huawei's decision that CyWee retain Dr. LaViola in multiple cases, and thus that fact should not prevent him from being fully and fairly deposed.

Moreover, the fact that this Court reached claim construction decisions in an earlier litigation does not limit Huawei's right to be heard.  That is true even as to the claim terms the Court already has construed, but particularly true here because in this litigation there are claim terms, proposed constructions, arguments, and evidence (including Huawei's expert's claim construction opinions and analyses) that differ from those the Court considered in the *Samsung* litigation.  CyWee recognized this: it did not rest on its briefing from the *Samsung* case.  It submitted new briefing, a new expert declaration in support of that briefing, and insisted on its right to submit a second supplemental declaration in support of its forthcoming reply brief (due September 6).  Nor did CyWee forego deposing Huawei's expert, Dr. Welch.  Instead, it vehemently asserted its right to a seven-hour deposition and used most of that time.

CyWee begs the Court to protect CyWee from the consequences of its own decision to hire the same expert in two cases.  But CyWee should not be allowed to limit Huawei's ability to defend itself to accommodate CyWee's litigation tactics.  Nothing compelled CyWee to file multiple lawsuits against multiple defendants, at disparate times and in different fora.  CyWee chose to do so, just as it also chose to use the same expert in most of the cases.  To the extent managing multiple parallel lawsuits is a problem, it is a problem of CyWee's own making.

Lastly, CyWee brings its Motion despite extended correspondence with Huawei about the schedule for claim construction briefing, during which Huawei and CyWee **agreed** to

---

[1] CyWee wrongly asserts that Huawei has the transcript of Samsung's deposition of Dr. LaViola. CyWee has not provided that transcript to Huawei, nor has anyone else. (Declaration of Benjamin M. Kleinman ("Kleinman Decl.") ¶ 2.)

depose each other's claim construction experts after that expert had submitted a claim construction declaration and before the deposing party had to submit its final claim construction brief.  (Kleinman Decl. ¶ 3.)  This agreement was reflected in a stipulation filed with the Court. (*Id.*; Dkt. No. 70.)  The Court, in turn, adopted that stipulation when it modified the Docket Control Order.  (Dkt. No. 74.)  In this context it is unfair, to say the least, for CyWee to refuse to make Dr. LaViola available for a full deposition, especially after it took a fulsome and lengthy deposition of Dr. Welch.

## II.  FACTUAL BACKGROUND

The parties originally proposed a docket control order that required a joint claim construction statement to be filed May 25 and set a claim construction hearing for August 10.  (Dkt. No. 38.)  As the deadline for the joint claim construction statement approached, the parties disagreed over the timing and content of expert disclosures and declarations.  As the parties worked to resolve the disagreement, they requested and received four continuances of the deadline for filing the joint claim construction statement.  (Dkt. Nos. 56, 63, 68, and 69.)  The parties resolved their dispute and codified their agreement in a joint stipulation filed with the Court on June 14.  (Dkt. No. 70.)  They filed the Joint Claim Construction Statement the next day.  (Dkt. No. 72.)

As set forth in the joint stipulation, "the parties wish to ensure that … each party has an adequate opportunity to depose the other party's expert on that party's expert's claim construction declaration(s) before its final brief is due."  (Dkt. No. 70.)  Accordingly, the parties stipulated that CyWee would be able to submit an opening brief and a reply brief and that Huawei would be able to submit a responsive brief and a sur-reply brief.  (*Id.* at ¶ 2, 3, 5, and 7.)  Each party would be able to submit an expert claim construction declaration with its first claim construction brief and a supplemental expert claim construction declaration with its second claim construction brief.  (*Id.*)  Huawei agreed to make its expert, Dr. Welch, available for deposition at least one week before the deadline for CyWee to file its reply brief (*id*. at ¶ 4), and CyWee agreed to make Dr. LaViola available for deposition at least one week before the

deadline for Huawei to file its sur-reply. (*Id.*, ¶ 6.) The parties requested that the Court amend the Docket Control Order to accommodate the stipulation. (*Id.*) The Court did so, making CyWee's opening claim construction brief due July 12, Huawei's responsive brief due August 9, CyWee's reply due September 6, and Huawei's sur-reply due September 27. (Dkt. No. 74.) The claim construction hearing was reset for November 2, 2018. (*Id.*)

On July 12, 2018, with its opening claim construction brief, CyWee served the opening declaration of Dr. LaViola. (Dkt. No. 79.) On August 9, 2018, with its responsive claim construction brief, Huawei served the opening declaration of Dr. Welch. (Dkt. No. 85.) At CyWee's request, Huawei made him available for deposition on Tuesday, August 28. (Kleinman Decl. ¶ 4.) Dr. Welch flew to San Francisco (from Florida), as did Counsel for CyWee (based in Texas). (*Id.*) Accommodating a request from CyWee, Huawei made Dr. Welch available at 8 a.m. so that CyWee could have up to seven hours on the record and deposing counsel could fly back to Texas that evening. (*Id.*)

Meanwhile, even as Huawei helped CyWee with the logistics of CyWee's deposition[2], CyWee was refusing to make Dr. LaViola available for an in-person deposition. (*Id.*, ¶¶ 5, 7-9, Exs. 2, 4-5.) The parties set a meet-and-confer for the next day, August 29. (*Id.*, ¶ 10.) At that meet-and-confer, and again in its Motion, CyWee presented an argument based on false and irrelevant assumptions. For example, CyWee represents as "fact" that Huawei has a transcript of Dr. LaViola's deposition in the *Samsung* case. Huawei does not. Nor does Huawei have the transcripts or videos of the deposition of CyWee's claim construction expert in the Apple litigation. Although Huawei has requested both multiple times, and hereby reiterates that request, whether or not Huawei has those transcripts is irrelevant because, as explained below,

---

[2] CyWee failed to arrange for a reporter or videographer. (Kleinman Decl. ¶ 5.) Dr. Welch and counsel for Huawei, sensitive to the travel schedules of all involved, assisted CyWee in finding an emergency reporter. (*Id.*) Huawei also informed CyWee that the deposition could not continue past 5 p.m. Tuesday evening. (*Id.*, ¶ 6.) In response, CyWee emphasized its right to a full 7-hour deposition. (*Id.*, ¶ 6, Ex. 3.) That deposition finally began at 10:20 a.m. and adjourned just after 4:30 p.m. (*Id.*, ¶ 7.)

Huawei should not be required to rest on the record established by Apple or Samsung.[3] CyWee also represents as "fact" that Huawei is cooperating with other defendants in some meaningful and relevant way. Although the various entities CyWee has sued have common interests, Huawei has not, for example, participated in, attended, or even helped plan for anyone else's examination of Dr. LaViola. Regardless, the parties reached an impasse given that CyWee refused to make Dr. LaViola available in person for a full deposition on the scope of his claim construction opinions.

## III. ARGUMENT

### A. Huawei deposing Dr. LaViola is not "unreasonably cumulative or duplicative."

Dr. LaViola has voluntarily appeared as a claim construction expert for CyWee, has offered opinions on claim construction in this case, and has never been deposed by Huawei. Huawei is entitled to take his deposition. *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert. . .") and Local Patent Rules 4-3(d) (contemplating a "meaningful deposition" of claim construction experts) and 4-4 (contemplating depositions of claim construction experts).

CyWee has identified no authority to the contrary, relying only on an out-of-state case where a plaintiff was **allowed** to take a second deposition of a non-party witness it had previously deposed in the same case, because the first deposition was a 30(b)(6) on specific topics and the second was in an individual capacity. *Pecover v. Elec. Arts*, *Inc.*, No. 08-CV-02820 CW NC, 2012 WL 951255, at *1 (N.D. Cal. Mar. 20, 2012). Here, Huawei has had no earlier opportunity to depose Dr. LaViola, and he is a paid expert appearing voluntarily before the Court. Even if the circumstances were similar to those in *Pecover* and Huawei had deposed Dr. LaViola before in this case and as a fact witness, Huawei would still be allowed to take a full expert deposition of Dr. LaViola. *See Mahavisno v. Compendia Bioscience, Inc.*, No. 2:13-

---

[3] Huawei has repeatedly reminded CyWee that it must produce the transcripts and informed CyWee that Huawei does not have them. CyWee has refused to produce them or to check its production to identify the Bates Numbers under which it claims it already produced them.

CV-12207 SFC MAR, 2015 WL 5698519, at *3 (E.D. Mich. Sept. 29, 2015) (finding that a 30(b)(6) and fact-witness deposition of an expert did not satisfy plaintiff's Rule 26 right to obtain expert's "testimony in his role as an expert witness" because "a deposition of a fact witness is very different from the deposition of an expert witness" even if the witness is the same.) Thus, it certainly is entitled to depose him fully since it has not done so before.

Until August 23, Huawei's right to take an unfettered in-person deposition of Dr. LaViola was not in dispute. Indeed, in early June 2018, the parties negotiated at length over the claim construction briefing and deposition schedule. (Kleinman Decl. ¶ 3.) At no point did CyWee suggest any limitations on the scope or form of Dr. LaViola's deposition, even though CyWee knew it was using him as its expert here as it did in the *Samsung* case. (*Id.*) The negotiations resulted in a joint stipulation that contemplated an unrestricted deposition of Dr. Laviola. (Dkt. No. 70 ("If Plaintiff submits an expert declaration or declarations, Plaintiff shall make Dr. Joseph LaViola available for a deposition at a mutually agreed time at least one week before the deadline for Defendants to file their Sur-Reply Claim Construction Brief.")) Thus, Huawei has an independent right, under the rules and as confirmed by the stipulation of the parties, to explore the opinions of Dr. LaViola as relevant to the claim construction disputes in this case.

CyWee still has the right to submit an additional declaration from Dr. LaViola with its Reply due September 6; thus, Huawei does not yet know the full scope of his opinions. Nonetheless, Huawei expects the focus of the deposition will be on the opinions Dr. LaViola expresses regarding (1) Huawei's proposed constructions, (2) Dr. Welch's opinions and analyses, and (3) arguments and positions CyWee has taken in this case that are different from the positions it took in the *Samsung* case. But Huawei should not be limited to these topics by a protective order. Indeed, Huawei may have good reason to revisit topics that CyWee believes were previously addressed. Huawei should not be limited to the record established by Samsung's counsel if, for example, Huawei thinks that a previously expressed opinion was not adequately examined at an earlier deposition or if further follow-up appears useful. Also,

Huawei may need to ask questions similar to those Dr. LaViola has already answered to remind him of his earlier opinions and to set the context for new lines of questioning.

A protective order of the type CyWee requests is an invitation for CyWee's counsel to obstruct in an effort to interfere with the examination, coach the witness, or "run out the clock." The deposition should not be interrupted by repeated objections of "asked and answered in previous deposition," "outside the scope," or similar. The witness should never be directed not to answer a question or allowed to refuse to answer a question based on any such objection, as doing so might require repeated calls to the Court for resolution of a dispute as to whether a question is within a certain scope already covered by the deposition in the *Samsung* case. A protective order that allowed CyWee's counsel to engage in such conduct would substantively affect Huawei's ability to conduct a full and fair examination.

**B. Dr. LaViola agreed to serve as CyWee's paid expert and cannot claim inconvenience.**

Dr. LaViola's travel schedule and other commitments are not relevant to whether he should be deposed in person. Busy as he may be, he is CyWee's paid expert in this case. CyWee cannot shield Dr. LaViola from deposition in this case on the basis that it also hired him for other cases; nor can it use the fact that it hired a Florida-based expert to avoid its discovery obligations. *See HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-CV-00882 JF HRL, 2010 WL 4973628, at *2 (N.D. Cal. Dec. 1, 2010) ("If an expert's foreign location alone were sufficient, parties could avoid their discovery obligations with respect to claim construction expert witnesses simply by retaining an expert at a distant location."). CyWee admits that Dr. LaViola can be made available if necessary, and Huawei is amenable to any reasonable and mutually agreeable time and place for the deposition.

In fact, until disagreements among CyWee's other counsel disrupted them, Huawei and CyWee were in the midst of finalizing such a time and place. (Kleinman Decl. ¶¶ 8-9, Exs. 4-5. (CyWee's lead counsel cutting short correspondence as to Dr. LaViola's availability by raising objections not raised by CyWee's other counsel.)) Huawei served a formal notice of

deposition only after CyWee threatened to renege on its earlier commitments and avoid its obligations. (*Id.*) But Huawei is not insisting on that particular time and place; rather, Huawei is amenable to a mutually agreeable time and place, so long as it preserves Huawei's ability to account for that deposition in its sur-reply claim construction brief, currently due September 27.

## IV.  CONCLUSION

For the foregoing reasons, Huawei respectfully requests that the Court deny CyWee's Motion.

September 4, 2018

Respectfully submitted by

/s/ *Steven D. Moore*
Steven D. Moore (CA 290875)
smoore@kilpatricktownsend.com
Benjamin M. Kleinman (CA 261846)
bkleinman@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone : (415) 576-0200
Facsimile : (415) 576-0300

J. Mark Mann (Texas 12926150)
mark@themannfirm.com
G. Blake Thompson (Texas 24042033)
blake@themannfirm.com
MANN TINDEL THOMPSON
300 West Main
Henderson, TX 75652
Telephone : (903) 657-8540
Facsimile : (903) 657-6003

Kristopher L. Reed (CO 36991)
kreed@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Steet, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 265-9618

        Matthew Warren (CA 230565)
        Elaine Y. Chow (CA 194063)
        WARREN LEX LLP
        2261 Market Street, Suite 606
        San Francisco, CA 94114
        Telephone: (415) 895-2940
        Facsimile: (415) 895-2964
        17-495@cases.warrenlex.com

        ***Counsel for Defendants Huawei Device Co., Ltd., Huawei Device (Dongguan) Co., Ltd., and Huawei Device USA, Inc.***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 4, 2018.

                                        */s/ Steven D. Moore*
                                          Steven D. Moore