# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD., <br><br> Plaintiff, <br><br> vs. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § | No. 2:17-cv-00495-WCB-RSP <br><br> Jury Trial Requested |

**DECLARATION OF BENJAMIN M. KLEINMAN IN SUPPORT OF HUAWEI'S OPPOSITION TO CYWEE'S EMERGENCY MOTION FOR PROTECTIVE ORDER RE DEPOSITION OF JOSEPH J. LAVIOLA, JR, PH.D.**

I, Benjamin M. Kleinman, declare as follows:

1.  I am an attorney at Kilpatrick Townsend & Stockton LLP and counsel of record for Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc. (collectively, "Huawei") in the above-captioned matter. I am over the age of 21, and competent to make this declaration. All the statements set forth herein are true and correct and are based upon my personal knowledge or a reasonable investigation sufficient to reach the conclusions presented.

2.  I understand that Samsung has deposed CyWee's claim construction expert, Dr. LaViola, in *CyWee Group Ltd. v. Samsung Electronics Co., Ltd. et al.*, No. 2:17-cv-00140 (E.D. Tex.) ("the *Samsung* case"). Huawei did not participate in, attend, or help plan for Samsung's

(or anyone else's) deposition of Dr. LaViola.  Huawei has not received a copy of the transcript of that deposition of Dr. LaViola.  CyWee does not even purport to have produced to Huawei a transcript or video of any deposition by Samsung of Dr. LaViola.

3. Starting on or about the beginning of June 2018, Huawei and CyWee engaged in telephonic and electronic communication to resolve a dispute about the timing of expert claim construction declarations, depositions of those experts, and claim construction briefing.  A true and correct copy of a portion of that electronic communication is attached as Exhibit 1.  The parties resolved the dispute by agreeing, *inter alia*, that each party could: submit two briefs, include an expert declaration with each brief, and depose the other side's expert before submitting its second brief.  This agreement was reflected in the joint stipulation filed with the Court as Docket No. 70.  At no point during these discussions did CyWee suggest any limitations on the scope or form of Dr. LaViola's deposition, even though CyWee knew it was using him as its expert in both this case and in the *Samsung* case.

4. CyWee never formally noticed the claim construction deposition of Huawei's expert, Dr. Welch.  Huawei nonetheless offered to make Dr. Welch available on Tuesday, August 28, at CyWee's request.  Dr. Welch lives in Florida and flew to San Francisco from there for the deposition.  Texas-based counsel for CyWee informed me that he also flew to San Francisco to take the deposition and that he had booked his return flight for early in the evening of August 28.  At the request of that counsel, and presumably to accommodate his flight schedule, Huawei made Dr. Welch available at 8:00 a.m. instead of the usual 9:00 a.m.

5. On the morning of August 28, Dr. Welch and counsel for Huawei presented themselves for the deposition at 7:45 a.m., but CyWee had failed to secure a court reporter or videographer.  After more than an hour had passed, CyWee requested Huawei's assistance in

obtaining a reporter and Huawei agreed, reaching out to local contacts to try and secure a court reporter. This is reflected in Exhibit 2, a true and correct copy of correspondence between counsel for Huawei and the counsel for CyWee who had arrived in San Francisco to take the deposition.

6. Just after 9:00 a.m. (California time), Huawei informed CyWee that Dr. Welch could not continue past 5:00 p.m. that evening (more than enough time for a 7 hour deposition if that deposition had started as scheduled, at 8:00 a.m.). This is reflected in Exhibit 2. At no point did Huawei threaten to deny CyWee the opportunity for a full and fair deposition of Dr. Welch. Despite this, 5 minutes after CyWee's deposing counsel cordially acknowledged that email at 9:07 a.m. and informed Huawei that a reporter had been procured and was on the way, lead counsel for CyWee accused Huawei of trying to avoid the deposition and insisted that "CyWee will take Professor Welch's deposition for the 7 hours allowed by the rules, if necessary." A true and correct copy of that correspondence is attached as Exhibit 3.

7. CyWee's deposition of Dr. Welch finally began on or about 10:20 a.m. and concluded on or about 4:34 p.m.

8. On August 20, I had asked CyWee for Dr. LaViola's availability for deposition. Receiving no reply, I asked again on August 23. A few minutes later, one of CyWee's attorneys replied, saying "[w]e don't have dates yet, and hope to propose dates next week." A true and correct copy of this correspondence at attached as Exhibit 4.

9. Shortly after I received that reply from CyWee's attorney, that attorney's partner, lead counsel for CyWee, replied with a comment possibly directed at his partner, saying "[w]e are not producing Dr. LaViola…" This is reflected in Exhibit 4. Lead counsel for CyWee then addressed me, asserting that Dr. LaViola "has been deposed repeatedly." I replied the next day,

August 24, reminding CyWee of its obligations under the agreements discussed above. At that time, Huawei also served CyWee with a formal deposition notice for Dr. LaViola. Counsel for CyWee then agreed to make Dr. LaViola available but only subject to restrictions similar to those it now requests in its Motion for Protective Order. On August 28, I informed CyWee that Huawei did not agree to those restrictions. CyWee responded by requesting a meet and confer so that it could seek a protective order. A true and correct copy of that correspondence is attached as Exhibit 5.

10. The parties met and conferred regarding the dispute on August 29, 2018. They remained at an impasse.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of September 2018 at San Francisco, California.

BENJAMIN M. KLEINMAN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 4, 2018.

/s/ Steven D. Moore
Steven D. Moore