# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CYWEE GROUP LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> HUAWEI DEVICE CO. LTD., HUAWEI DEVICE (DONGGUAN) CO. LTD., AND HUAWEI DEVICE USA, INC., <br><br> *Defendants.* | CASE NO. 2:17-cv-00495-WCB-RSP <br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DR. LAVIOLA

Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
Attorneys for Plaintiff CyWee Group Ltd.

## I. POINT BY POINT REPLY

The Huawei response (Dkt. 94) contains multiple assertions that require a response or correction.

First, the LaViola Deposition in the Samsung case, the *CyWee v. Apple* claims construction brief, and all of the material related to the *CyWee v. Apple* litigation are loaded onto an FTP site (including the *Markman* presentations in both the *CyWee v. Apple* and *CyWee v. Samsung* cases). Access to that FTP site is available right now, and has always been available, to Huawei and its counsel.[1]

Second, CyWee is willing and has repeatedly offered to allow the deposition of Dr. LaViola on any new topics not covered in the prior Samsung deposition and to the content of Dr. LaViola's declarations in this case. What CyWee has not agreed to do is subject Dr. LaViola to a seven hour rehash of what was already covered in prior depositions, multiple declarations, three hearings, and three Orders addressing the six almost identical claims construction arguments made by Samsung and/or Apple that Huawei largely repeats. CyWee thinks that can be done remotely in a two hour telephonic deposition, but has already stated that if the two hours proved insufficient, CyWee will allow the deposition to continue. There has been no effort or plan to create a "run out the clock" scenario and CyWee made that very clear in its opening brief. *See* Dkt. 92 at 7, n.8. Apple saw no need to depose any expert at all to make its *Markman* arguments.

Third, there is no rule that mandates any expert be deposed at all on any topic. As stated by sister courts, "These rules [of civil procedure] do not establish an absolute right to depose the experts because the Court always has the authority to, indeed 'must limit the frequency or extent

---

[1] The same material that was made available to Huawei in January 2018 remains on the site available today with Dr. LaViola's *CyWee v. Samsung* deposition transcript and the *CyWee v. Samsung Markman* presentation and the *CyWee v Apple Markman* presentation added.

of discovery otherwise allowed' by the rules 'if the discovery sought is unreasonably cumulative or duplicative, *or can be obtained from some other source that is more convenient, less burdensome or less expensive*. When any person has been deposed over and over again on the same subject in *other look-alike cases*, the prospect of another deposition in the case at hand presents an occasion to consider this limitation." *Chambers v. Novartis Pharmaceuticals Corp.*, 2014 WL 11532185 *1 (S.D. Iowa August 14, 2014) (emphasis added).

Huawei does not even attempt to argue that much of what it wants to know about Dr. LaViola's opinions is not available from other sources less expensive, less burdensome and more convenient than forcing him to appear in person for a seven hour deposition. Huawei, or its counsel simply wants to retread the old ground, a tactic that the Court is supposed to control and limit for the benefit of both parties, not just Defendants. As the *Chambers* court and the *Pecover* courts before it, this Court should limit the time and subjects to those not already raised in the prior deposition and declarations of Dr. LaViola.[2]

Fourth, CyWee is not reneging on any agreement to make Dr. LaViola available for deposition. The offers to make him available on non-cumulative topics where the information is not available from an alternative source that is less expensive and more convenient remain open. A deposition by telephone is offered and enough time to cover the one (of seven) claims construction opinions not already addressed. If that proves insufficient, CyWee made clear it would extend the telephone deposition until the new ground was well-plowed. Dkt. 92, at 7, n. 8.

---

[2] Huawei still has the right to seek to exclude any of Dr. LaViola's testimony in the prior case and to object to his opinions and conclusions. *See Hinton v. Outboard Marine Corp.*, 828 F.Supp. 366, 370-371 (D. Maine 2011) (failure to depose an expert does not affect the right to object to his opinions or testimony at trial).

Fifth and finally, the deposition of Dr. Welch is a red herring and irrelevant to whether Dr. LaViola should be re-deposed on topics where the information is already available from more convenient, less expensive and burdensome sources. Dr. Welch is a new witness for a new party that has never before been deposed on any *Markman* topic. There is no other source for CyWee to consult to obtain the same information.

## II. CONCLUSION

For the foregoing reasons, CyWee respectfully requests that the Court enter a protective order limiting the topics for Dr. LaViola's deposition to those not previously addressed in the *Samsung Case*. CyWee further requests that Dr. LaViola's deposition be taken by remote means to protect against undue burden on Dr. LaViola and that the deposition be limited to two hours in length.[3] In the alternative, CyWee welcomes whatever measures the Court finds appropriate to protect against undue burden, expense, and duplicative discovery, consistent with Fed. R. Civ. P. 26(b)(2)(C) and 26(c).

---

[3] Again, if after two hours the deposition is not covering ground already addressed in the *Samsung Case*, counsel for CyWee will of course agree to allow it to continue.

**PLAINTIFF'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION
FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DR. LAVIOLA**         **PAGE 3**

Date: September 4, 2018                                        Respectfully submitted,


                                                */s/ Michael W. Shore*
                                                Michael W. Shore
Texas State Bar No. 18294915
mshore@shorechan.com
Alfonso Garcia Chan
Texas State Bar No. 24012408
achan@shorechan.com
Christopher L. Evans
Texas State Bar No. 24058901
cevans@shorechan.com
Ari B. Rafilson
Texas State Bar No. 24060456
arafilson@shorechan.com
William D. Ellerman
Texas State Bar No. 24007151
wellerman@shorechan.com
Paul T. Beeler
Texas State Bar No. 24095432
pbeeler@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

Attorneys for Plaintiff
CyWee Group Ltd.

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 4, 2018.

                                                          */s/ Michael W. Shore*
                                                             Michael W. Shore