**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| CYWEE GROUP LTD., | § § § | CASE NO. 2:17-cv-00495-WCB-RSP |
| Plaintiff, | § § | |
| vs. | § § | |
| HUAWEI DEVICE CO. LTD., | § § | JURY TRIAL REQUESTED |
| HUAWEI DEVICE (DONGGUAN) CO. | § | |
| LTD., AND HUAWEI DEVICE | § | |
| USA, INC., | § § | |
| Defendants. | § § | |

**DEFENDANTS' OBJECTIONS TO CLAIM CONSTRUCTION**
**MEMORANDUM OPINION AND ORDER**

## I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule CV-72(b), Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc. (collectively, "Huawei") respectfully objects to the December 6, 2018 Memorandum Opinion and Order ("Opinion," Dkt. No. 113) as "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## II.   OBJECTIONS

### A.   "six-axis motion sensor module"  ('438 patent, claims 1, 5, 14, 15, 16, 17, 19)

CyWee made a critical representation regarding claim 1 of the '438 Patent to overcome a double-patenting rejection during prosecution: the "claimed subject matter of a six-axis motion sensor module" performs its task "**without having and using measured magnetisms and predicted magnetisms**." (Dkt. No. 85 at 4-11.)  Huawei's proposed construction captures this representation verbatim.  (*Id.* at 4-6.)

CyWee's representation was "without having and using" certain magnetisms. "Without" means something necessarily is absent.  If you order a burger without cheese, you don't want cheese.  The Opinion rewrites the representation to mean "perhaps having and using measured magnetisms and predicted magnetisms, or perhaps not."  This is incorrect.

Citing the "rationale" from an order in an earlier case, the Opinion supports this error with the observation that "[n]o disclaimer would have been required to avoid the double patenting issue raised by the examiner." (Dkt. 113 at 11.)  But that is irrelevant under the law. As the Federal Circuit instructs:

> [P]atentees may surrender more than necessary. When this happens, we hold patentees to the actual arguments made, not the arguments that could have been made. The question is what a person of ordinary skill would understand the patentee to have disclaimed during prosecution, not what a person of ordinary skill would think the patentee needed to disclaim during prosecution.

*Tech. Properties Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1359 (Fed. Cir. 2017).

"[T]he interested public has the right to rely on the inventor's statements made during prosecution, without attempting to decipher whether the examiner relied on them, or how much

weight they were given." *Fenner Invs., Ltd. v. Cellco P'ship*, 778 F.3d 1320, 1325 (Fed. Cir. 2015). The inventor said this claim term operates "without having and using" certain magnetisms. Huawei has a right to rely on that statement. Huawei seeks to do so by including this exact representation in its proposed construction. It was thus incorrect for the Opinion to reject Huawei's construction.

### B.    "signal set" ('438 patent claim 1; '978 patent, claim 10)

As reflected in the Opinion, Huawei is concerned that CyWee may improperly expand the scope of the claims by reading "signal set" on something other than the output of the sensors. (Dkt. 113 at 17.) Indeed, at the deposition of Huawei's expert, CyWee's questions suggested as much. (*See* Dkt. 103 at 4 (citing questioning conflating processing done by the sensor before it creates the signal sets with claimed processing of the outputted signal set).) Nonetheless, the Opinion does not provide a construction to address this risk, concluding that "as to the other corrections and processing of the claims, the claims describe the signal sets as being used in such processing, thus clarifying any confusion that Huawei contends could result regarding the correction limitations explicitly recited in the claims." (Dkt. 113 at 17.)

This is not sufficient: district courts must "resolve a dispute about claim scope that has been raised by the parties" and not leave it for a jury to resolve. *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (cert. denied 2017). The Court therefore should construe "signal set" to limit the term to sensor output—exclusive of data generated or calculated by anything else (*e.g.*, by the processor or other claimed components).

### C.    "global reference frame associated with Earth" ('978 patent, claim 10)

The claimed "global reference frame associated with Earth" must both be a "global reference frame" and be "associated with Earth." First, to serve its claimed purpose, the "global reference frame" must be immobile relative to the pointing device whose absolute orientation is being determined. This is what it means for a reference frame to be global as opposed to local. It is also necessary for the operability of the claims. As a result, neither the

origin nor the axes of the "global reference frame" can move when the pointing device moves.[1] This was confirmed by both experts.  (Dkt. 103 at 5-6 (citing relevant deposition testimony).)

Second, in addition to being immobile, the claim recites that the "global reference frame" is "associated with Earth"; otherwise, both the axes and the origin of the global reference frame could be defined arbitrarily.  The Opinion does not dispute that for a "global reference frame" to be "associated with Earth," at least one of the origin or the axes must be defined relative to the Earth.  But the Opinion errs in selecting the axes instead of the origin in its construction.  CyWee's own expert admitted that the *axes* can be defined in terms of the initial position of the device and not "associated with Earth." (Dkt. 103 at 9 (citing relevant testimony).)  That means that the *origin* must be defined in terms of the Earth.

Huawei's proposal captures both requirements—immobility and an Earth-defined origin: "a reference frame whose origin and axes do not move when the device moves and whose origin is defined relative to Earth."  The construction adopted in the Opinion does not, and is therefore incorrect.

Huawei respectfully submits that if the Court adopts the Opinion's analysis, the Court should conclude the term is indefinite.  The Opinion found CyWee's arguments to be "more persuasive" and "more correct" but it did not find Huawei's arguments to be unreasonable or wrong.  (Dkt. 113 at 22, 23).  If a person of ordinary skill in the art could have two different but reasonable beliefs as to the meaning of the term, the term is indefinite.

---

[1] The Opinion cites Huawei's purported acknowledgement that a different global reference could be used in different performances of the method as support for its erroneous construction. (Dkt. 113 at 23.)  Huawei merely acknowledged, however, that while there are myriad potential "global reference frames associated with Earth," any discrete iteration of the claimed method will only use one.  (*See id.*)  This does not imply or suggest that either the origin or axes of the global reference frame, once chosen, can move with the device.

**D.    "using the orientation output and the rotation output to generate a transformed output associated with a fixed reference frame associated with a display device" ('978 patent, claim 10)**

Both parties and the Opinion agree that the correct construction should be taken from a particular disclosure in the specification of the '978 patent—a disclosure that teaches that "[t]he transformed output <dx, dy> represents a *2-dimensional* movement in a display plane in the fixed reference frame." '978 patent at 31:51–32:3 (emphasis added).  Yet the Opinion removes the word "2-dimensional" to avoid tying the interpretation to a particular embodiment. (Dkt. 113 at 26.)  But the principle invoked in doing so has a limit: there must be written description support.  *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998) ("[C]laims may be no broader than the supporting disclosure."). There is no written description support in the '978 patent for a "transformed output" representing any type of movement other than two-dimensional.  (*See* Dkt. No. 85 at 19-21.)  Therefore, the Opinion's omission of the word "two-dimensional" from the construction is incorrect.

**E.    Indefinite Terms**

**1.    "utilizing a comparison to compare the first signal set with the second signal set" ('438 patent, claim 1)**

The Opinion's attempt to distinguish the *Dow Chemical* decision is contrary to law. (Dkt. 113 at 29-30.)  In *Dow Chemical*, a claim reciting a "slope" was found indefinite because there were multiple ways to measure "slope," and the measured value would vary depending on the way selected.  *Dow Chem. Co. v. Nova Chems. Corp.*, 803 F.3d 620, 633-34 (Fed. Cir. 2015).  Rather than find the claim agnostic as to method of measurement, the Federal Circuit held the claim indefinite because it left the claim's scope open—"even though . . . someone skilled in the art could determine which method was the most appropriate."  *Id.* at 634-35.

For claim 1 of the '438 patent, which requires an unspecified operation "to compare" the relevant values, it is not even clear that someone of skill could determine the most appropriate method.  But even if that were the case, because there are multiple different operations that could be used with disparate results, the claim—like the claim in *Dow*

4

*Chemical*—is indefinite.

> **2.      "comparing the second quaternion ["A"] . . . at current time T" ('438 patent, claims 14, 19)**

For the reasons set forth in the briefing (Dkt. 85 at 24-25; Dkt. 103 at 11-13), this term is indefinite and the Opinion erred as a matter of law in concluding otherwise.  CyWee's own expert could not articulate which among various interpretations of this claim were correct.  (*See* Dkt. 103 at 12.)  Therefore, because one of ordinary skill in the art would not have reasonable certainty as to the meaning of this term, the Opinion erred in not finding this term indefinite.

That said, at a minimum the Court should also confirm the Opinion's conclusion that the term "means comparing 'A with B and C' or 'A with B' and 'A with C,'" and that CyWee should not be allowed to argue to the jury that the limitation merely requires comparing the measured axial acceleration [B] to the predicted axial acceleration [C].  (Dkt. 113 at 35.)

> **3.      "generating the orientation output based on the first signal set, the second signal set and the rotation output or based on the first signal set and the second signal set" ('978 patent claim 10)**

For the reasons set forth in Huawei's Sur-Reply (Dkt. 103 at 13-14), this term is indefinite.  In particular, a person of ordinary skill in the art would lack reasonable certainty about the scope of what is claimed because the language is amenable, as a matter of English, to multiple interpretations.  Again, CyWee's own expert could not even answer at deposition whether the term requires "the use of the first signal set, the second signal set, and the rotation output, if all three of those things are available."  (Dkt. 103 at 14.)  As such, one of ordinary skill could not be expected to have reasonable certainty as to the meaning of this term.  Therefore, the Opinion erred in not finding the term indefinite.

## III.    CONCLUSION

Defendants respectfully request that the Court sustain Huawei's objections and adopt Huawei's proposed constructions on the disputed terms.  (Dkt. 85 at 4-27.)

DATED:  December 20, 2018          Respectfully submitted,


By: */s/ Steven D. Moore*
    J. Mark Mann (TX Bar No. 12926150)
    mark@themannfirm.com
    G. Blake Thompson (TX Bar No. 24042033)
    blake@themannfirm.com
    MANN TINDEL THOMPSON
    300 West Main Street
    Henderson, Texas, 75652
    (903) 657-8540 Telephone
    (903) 657-6003 Facsimile

    Steven D. Moore, Lead Counsel (CA Bar No. 290875)
    Kristopher L. Reed (CA Bar No. 235518)
    Benjamin M. Kleinman (CA Bar No. 261846)
    KILPATRICK TOWNSEND & STOCKTON LLP
    Two Embarcadero Center, Suite 1900
    San Francisco, California, 94111
    (415) 576-0200 Telephone
    (415) 576-0300 Facsimile
    huaweicywee@kilpatricktownsend.com

    Matthew S. Warren (CA Bar No. 230565)
    Elaine Y. Chow (admitted pro hac vice)
    WARREN LEX LLP
    2261 Market Street, No. 606
    San Francisco, California, 94114
    (415) 895-2940 Telephone
    (415) 895-2964 Facsimile
    17-495@cases.warrenlex.com

    *Attorneys for Defendants Huawei Device Co. Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 20, 2018.

*/s/ Steven D. Moore*
Steven D. Moore
