IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYWEE GROUP LTD, | § § § | |
| Plaintiff, | § § | Case No. 2:17-CV-0495-WCB-RSP |
| v. | § § | JURY TRIAL DEMANDED |
| HUAWEI TECHNOLOGIES Co., Inc., ET AL., | § § § § | |
| Defendant. | § | |

**JOINT STATUS REPORT**

Under the Court's Order of February 8, 2023, Docket No. 126, plaintiff CyWee Group Ltd. ("CyWee") and defendants Huawei Device Co Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc. (collectively "Huawei") respectfully submit the following joint status report.

**I.   The effect on this case of the decisions of the Federal Circuit in *CyWee Group Ltd. v. Google LLC*, No. 2020-1565 et al. (Fed. Cir. Feb. 8, 2023), and *CyWee Group Ltd. v. Google LLC*, 847 F. App'x 910 (Fed. Cir. 2021)**

**A.   Procedural History**

In June 2018, Google filed IPR 2018-01257, challenging claims 10 and 12 of U.S. Patent No. 8,552,978 ("the '978 patent"), and IPR 2018-01258, challenging claims 1 and 3-5 of U.S. Patent No. 8,441,438 ("the '438 patent"). On January 9, 2020, the Patent Trial and Appeal Board ("the Board") issued final written decisions finding all challenged claims unpatentable. CyWee appealed the Board's final written decisions, but on March 16, 2021, the Federal Circuit affirmed. *CyWee Grp. Ltd. v. Google LLC*, 847 F. App'x 910, 913 (Fed. Cir. 2021). On April 4,

2021, CyWee sought *en banc* review. On June 3, 2021, the Federal Circuit denied the petitions, and on June 10, 2021, issued mandates reflecting these denials.

On June 21, 2021, the Supreme Court decided *United States v. Arthrex, Inc.*, holding that "the unreviewable authority wielded by APJs during inter partes review is incompatible with their appointment by the Secretary to an inferior office." 141 S. Ct. 1970, 1985-86 (2021). In view of *Arthrex*, on August 30, 2021, CyWee filed a motion requesting that the Federal Circuit withdraw its mandates and remand to the Patent & Trademark Office ("the PTO") for further proceedings consistent with *Arthrex*. On September 23, 2021, the Federal Circuit granted CyWee's motion in part, withdrawing its mandates and remanding to the PTO "for the limited purpose of allowing CyWee the opportunity to request Director rehearing of the final written decisions."

On remand, CyWee requested Director rehearing in both IPRs; on January 7, 2022, Commissioner Hirshfeld, acting as head of the agency, denied these requests. On February 11, 2022, CyWee filed amended notices of appeal. Google moved to stay the appeals pending the Federal Circuit's resolution of *Arthrex, Inc. v. Smith & Nephew, Inc.*, Case No. 18-2140, and the Federal Circuit granted the stay on May 9, 2022. On September 7, 2022, the Federal Circuit lifted the stay and requested supplemental briefing. On February 8, 2023, the Federal Circuit again affirmed the PTO's rulings. *CyWee Group Ltd. v. Google LLC*, — F.4th —, 2023 WL 1807473 (Fed. Cir. 2023).

B.  **Potential Effect on This Action**

In this action, CyWee alleges that Huawei infringes claims 1, 3-5, 14-17, and 19 of the '438 patent and claims 10 and 12 of the '978 patent. If the Federal Circuit's decision in *CyWee*

*Group Ltd. v. Google LLC*, — F.4th —, 2023 WL 1807473 (Fed. Cir. 2023) stands, it would remove from this action claims 1 and 3-5 of the '438 patent, and claims 10 and 12 of the '978 patent. Asserted claims 14-17 and 19 of the '438 patent would remain.

II. **What effect a decision by the Federal Circuit in CyWee Group Ltd. v. ZTE (USA), Inc., No. 2021-1855 (Fed. Cir.), will have on this case, depending on the result of the appeal from the Patent Trial and Appeal Board in that case**

    A.    **Procedural History**

On October 31, 2018, ZTE Corporation filed IPR 2019-00143 challenging claims 1, 4, 5, 14-17 and 19 of the '438 patent. On June 15, 2019, LG Electronics, Inc. filed IPR 2019-01203 and a motion for joinder with ZTE, which the Board granted. On February 17, 2021, the Board held all challenged claims invalid.

On April 8, 2021, CyWee appealed the Board's final written decision. On June 21, 2021, the Supreme Court decided *Arthrex*. On June 30, 2021, CyWee filed a motion requesting the Federal Circuit dismiss its appeal and remand to the Board for further proceedings in light of *Arthrex*. On September 24, 2021, the Federal Circuit remanded to allow CyWee the opportunity to request Director rehearing.

On remand, CyWee filed a request for *de novo* review by the Director, and on January 7, 2022, Commissioner Hirshfeld, acting as head of the agency, denied this request. On April 4, 2022, CyWee filed an amended notice of appeal to the Federal Circuit. On July 15, 2022, CyWee filed its opening brief, and on September 23, ZTE filed its responsive brief. On November 14, 2022, CyWee filed its reply brief. This appeal is fully briefed and awaiting oral argument at the Federal Circuit.

### B. Potential Effect on This Action

In this action, CyWee alleges that Huawei infringes claims 1, 3-5, 14-17, and 19 of the '438 patent and claim 10 of the '978 patent. If the Federal Circuit's decision in *CyWee Group Ltd. v. Google LLC*, — F.4th —, 2023 WL 1807473 (Fed. Cir. 2023) stands, then only asserted claims 14-17 and 19 of the '438 patent would remain in this action. *See supra* § I.

A decision by the Federal Circuit in *CyWee Group Ltd. v. ZTE (USA), Inc.*, No. 2021-1855 (Fed. Cir.) could affect the validity of claims 1, 4, 5, 14-17, and 19 of the '438 patent, including asserted claims 14-17 and 19 of the '438 patent, the only claims that would remain if the Federal Circuit's decision stands in *CyWee Group Ltd. v. Google LLC*, — F.4th —, 2023 WL 1807473 (Fed. Cir. 2023). In its final written decision on ZTE's IPR, the Board concluded that claims 14-17 and 19 of the '438 patent were unpatentable; if the Federal Circuit finally affirms the Board's final written decision, no asserted claims will remain in this action.

### III. Whether there are any other administrative or judicial proceedings that could have an effect on this case and, if so, what effect any such proceedings could have on the disposition of this case

#### A. *CyWee Group Ltd. v. Google LLC*, Case No. 18-571 (D. Del.)

*CyWee Group Ltd. v. Google LLC*, Case No. 18-571 (D. Del.) is stayed pending the resolution of CyWee's appeal of the ZTE IPR. *Id.*, Docket No. 45. The Delaware action could affect this action in two ways. First, a finding of invalidity there could be res judicata against CyWee in this action. Second, a finding there regarding alleged infringement by the Nexus 6P device will control here. Huawei has "agreed to be bound by the infringement determination in the Delaware action" regarding the Nexus 6P device, and "once the Delaware action is resolved,

there presumably will be nothing left for this Court to adjudicate as to whether the Nexus 6P infringes the '438 and '978 patents." Docket No. 88 at 6.

### B.   *CyWee Group Ltd. v. LG Electronics, Inc.*, Case No. 17-1102 (S.D. Cal.)

*CyWee Group Ltd. v. LG Electronics, Inc.*, Case No. 17-1102 (S.D. Cal.) is stayed "pending the final resolution, including any appeal, of inter partes review ('IPR') of the patents-in-suit." *Id.*, Docket No. 94.  A finding of invalidity there could be res judicata against CyWee here.

### C.   *CyWee Group Ltd. v. HTC Corporation,* Case No. 17-932 (W.D. Wash.)

*CyWee Group Ltd. v. HTC Corporation*, Case No. 17-932 (W.D. Wash.) is stayed "pending the IPR proceedings." *Id.*, Docket No. 146.  A finding of invalidity there could be res judicata against CyWee here.

### D.   *CyWee Group Ltd. v. Samsung Electronics Co.*, Case No. 17-140 (E.D. Tex.)

*CyWee Group Ltd v. Samsung Electronics Co.*, Case No. 17-140 (E.D. Tex.) is stayed pending resolution of the pending IPRs. *Id.*, Docket No. 331.  A finding of invalidity there could be res judicata against CyWee here.

Date:   February 14, 2023                                    Respectfully submitted,

| */s/ Michael W. Shore* | */s/ G. Blake Thompson* |
|---|---|
| Michael W. Shore (Texas Bar No. 18294915) | J. Mark Mann (Texas 12926150) |
| mshore@shorefirm.com | Mark@TheMannFirm.com |
| Halima Shukri Ndai (Texas Bar No. 24105486) | G. Blake Thompson (Texas 24042033) |
| hndai@shorefirm.com | Blake@TheMannFirm.com |
| THE SHORE FIRM | MANN TINDEL THOMPSON |
| 901 Main Street, Suite 3300 | 112 E. Line Street, Suite 304 |
| Dallas, Texas 75202 | Tyler, Texas 75702 |
| Telephone: 214-593-9110 | Telephone: (903) 657-8540 |
| Fax: 214-593-9111 | Facsimile: (903) 657-6003 |

*Attorneys for Plaintiff CyWee Group Ltd.*

>Steven M. Geiszler
>steven.geiszler@futurewei.com
>Texas Bar No. 24032227
>Futurewei Technologies, Inc.
>15851 Dallas Parkway, Suite 650
>Addison, Texas, 75001
>Telephone:  (469) 277-5763
>
>Matthew S. Warren
>Erika H. Warren
>WARREN LEX LLP
>2261 Market Street, No. 606
>San Francisco, California 94114
>+1 (415) 895-2940
>+1 (415) 895-2964 facsimile
>
>17-495@cases.warrenlex.com
>
>*Attorneys for Defendants Huawei Device USA, Inc., Huawei Device Co Ltd., Huawei Device (Dongguan) Co. Ltd., and Huawei Device USA, Inc.*

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for all parties have met and conferred regarding this Joint Status Report, and all parties have joined in this filing.

>*/s/ G. Blake Thompson*
>**G. Blake Thompson**

### CERTIFICATE OF SERVICE

The undersigned certifies that on February 14, 2023, I filed the foregoing Joint Status Report under Local Rule CV-5 and served it on counsel of record through the Court's electronic filing system.

>*/s/ G. Blake Thompson*
>**G. Blake Thompson**